# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 1:19-cv-03469-RM-MEH

MELISSA HODGKINS, et al.

        Plaintiffs,

v.

FRONTIER AIRLINES, INC.

        Defendant.

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

As argued in Frontier's Motion, and largely unrefuted in Plaintiffs' Opposition, Plaintiffs' claims should be dismissed because Plaintiffs have not proved their standing to proceed, established the jurisdiction of the Court over their preempted state-law claims, or pled facially plausible, timely claims for relief for themselves or the classes they seek to represent. Rather than point to facts alleged in their Complaint or applicable legal authority to meet these challenges, Plaintiffs instead seek refuge in inflated rhetoric and arguments of counsel. But Plaintiffs cannot overcome the fact that they are not currently pregnant or breastfeeding, have no imminent intention to do so, and suffered no adverse action to make them "aggrieved" with the meaning of the applicable statues. They also have not alleged facts supporting any timely ways they were treated differently from others similar in their ability or inability to work, other than a request for paid leave that is not for the courts, but for the U.S. Congress, the Colorado General Assembly, or Colorado voters to provide (who themselves spoke on November 3, 2020 in approving paid family leave via Proposition 118). For the following reasons, Plaintiffs' Complaint should be dismissed.

## I.   PLAINTIFFS HAVE FAILED TO ESTABLISH THE COURT'S JURISDICTION.

### A.   Plaintiffs Have Not Demonstrated a Redressable Personal Injury.

Plaintiffs must **prove** that they have standing. *Colo. Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 548 (10th Cir. 2016); *Colo. Envtl. Coal. v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004). The elements of standing "are not mere pleading requirements but rather an indispensable part of the plaintiff's case." *Cunningham v. Birch*, 2017 WL 1243020, at *2 (D. Colo. Feb. 17, 2017). Courts "are duty bound to examine facts and law in every lawsuit before them to ensure that they possess subject matter jurisdiction." *Andrews v. Eaton Metal Prod., LLC*, 2020 WL 5821611, at *2–3 (D. Colo. Sept. 8, 2020). Plaintiffs have not proven their standing with respect to any relief sought. Instead, they amalgamate all relief for all claims. *See* Opp'n 3-6. But standing is claim- and party-specific, and standing for one plaintiff or one claim does **not** establish standing for **all** plaintiffs for **all** claims. *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996); *Grider v. City & Cty. of Denver*, 958 F. Supp. 2d 1262, 1266–67 (D. Colo. 2013). A "federal court can't 'assume' a plaintiff has demonstrated Article III standing." *Andrews*, 2020 WL 5821611, at *2–3.

#### 1.   Plaintiffs have not proven their standing to seek prospective relief.

As unrefuted, **none** of the Plaintiffs is currently pregnant or lactating, and **none** of the Plaintiffs asserts an imminent intent to become pregnant. Instead, Plaintiffs argue the doctrine of "capable of repetition yet evading review." Opp'n 5-6. But that "doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality." *City of L.A. v. Lyons*, 461 U.S. 95, 109 (1983); *see also Jordan v. Sosa*, 654 F.3d 1012, 1034–36 (10th Cir. 2011); *Chihuahuan Grasslands All. v. Kempthorne*, 545 F.3d 884, 893–94 (10th Cir. 2008). If Plaintiffs cannot truthfully allege that they intend to become pregnant again, **which they have not done**, then the

"capable-of-repetition" doctrine does not apply. Plaintiffs therefore lack standing.[1] *See ACLU v. Trinity Health Corp.*, 178 F. Supp. 3d 614, 619-620 (E.D. Mich. 2016) ("[E]ven assuming that the complaint contains sufficient factual matter to establish past actual harm . . . the allegations of past exposure to Defendants' illegal conduct is not sufficient to create standing").[2]

### 2. Plaintiffs have not proven their standing to seek retrospective relief.

Plaintiffs blithely state retrospective relief is a merits discussion that should be deferred. Opp'n 3. But Plaintiffs must **prove** an injury in fact legally redressable. *Colo. Outfitters*, 823 F.3d at 543. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547–48 (2016). For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way." *Id*. For an injury to be "concrete," it "must actually exist," because "concrete" means "'real, and not 'abstract.'" *Id*. Thus, Plaintiffs must prove that an injury is concrete **and** particularized. *See id*.

To have a concrete and particularized injury, however, Plaintiffs must be "aggrieved," which cannot be without adverse action 42 U.S.C. § 2000e-5(f)(1); *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 177–78 (2011). Congress's "role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right." *Spokeo, Inc.*, 136 S. Ct. at 1549. Rather, "Article III

---

[1] The offhand argument that "Plaintiffs Hodgkins and Crowe, who have each given birth and breastfed again since the EEOC charges were first filed, are a case in point," without any citation to an allegation in the Complaint, is insufficient without any indication that they are currently pregnant, lactating, or plan to become pregnant. Opp'n 6.

[2] Plaintiffs also proclaim that Frontier's authority is inapposite with respect to the Dependability Policy because "none involved dismissal for lack of standing, but instead address "*summary judgment on the merits*." Opp'n 4. Not so. In *Grider*, for example, the Court dismissed a complaint under Rule 12(b)(1) because "[t]o seek prospective relief, the plaintiff must suffer a continuing injury or be under a real and immediate threat of being injured in the future," and the "threatened injury must be 'certainly impending' and not merely speculative." 958 F. Supp. 2d at 1266; Mot. 4.

standing requires a concrete injury even in the context of a statutory violation," such that a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm." *Id*. A bare violation of a statute "may result in no harm," and a plaintiff thus lacks standing. *See id*. at 1550.

That is precisely Frontier's (unrefuted) challenge: **these four Plaintiffs allege no concrete or particularized injury**. Mot. 6-10. Under Plaintiffs' own citation, "[i]f, for instance, the person alleging injury is remote from the zone of interests a statute protects, whether there is a legal injury at all . . . can involve similar inquiries." *Bond v. United States*, 564 U.S. 211, 218–19 (2011). Here, Plaintiffs are not "aggrieved" because they have not suffered adverse employment actions. For the pregnancy discrimination claims, the only assertion of adverse action is Plaintiff Crowe's threadbare conclusion that "Crowe's points led to disciplinary action." Opp'n 5, n.4; Compl. ¶¶ 128-129. Plaintiffs fail to plead any non-conclusory facts about what such discipline was or its impact. A "written warning or reprimand generally does not rise to the level of adverse action," especially when "the disciplinary notices were issued automatically when an employee's allocation of attendance points had depleted." *Wimbish v. Nextel W. Corp.*, 174 F. Supp. 3d 1275, 1281–82 (D. Colo. 2016).[3] An argument that "attendance points . . . are punishment," is unavailing when the "accumulation of points occurred long after . . . [the] EEOC complaint." *Johnson v. United Airlines, Inc.*, 2013 WL 3990789, at *6 (E.D. Va. Aug. 2, 2013); Compl. ¶¶ 128-129.

Likewise, with respect to pregnancy accommodation, **Plaintiffs do not refute that they were each provided accommodations through additional time off.** Compl. ¶¶ 77, 87, 88, 95-97, 105, 126-128. Plaintiffs acknowledge that there are no allegations specific to any plaintiff of

---

[3] *See also Gibbs v. Kelly Servs.*, 3:14-cv-650-DPJ-FKB, 2016 WL 868873, at *3 (S.D. Miss. Mar. 4, 2016); *Adams v. ExpressJet Airlines, Inc.*, 2006 WL 3791308, at *7 (W.D. Ky. Dec. 31, 2006) (assessment of attendance points); *Cole v. Chi. Tribune Co.*, 2000 WL 656644, *11 (N.D. Ill. Mar. 20, 2000) (warning for attendance problems).

failure to accommodate beyond the reference to Plaintiff Hodgkins taking leave instead of a requested ground assignment for an unexhausted claim. *See* Opp'n 3 (citing Compl. ¶¶ 96-97); *see also, infra,* § II.D. "Title VII . . . does not require employers to accommodate . . . an employee in exactly the way the employee would like." *Pinsker v. Joint Dist. No. 28J of Adams & Arapahoe Ctys.*, 735 F.2d 388, 390–91 (10th Cir. 1984); *E.E.O.C. v. Delta Airlines, Inc.*, 2002 WL 1447582, at \*7 (E.D.N.Y. June 26, 2002). The only "harm" was receiving an accommodation of leave instead of a ground assignment, and the assertion that the leave should have been paid, **which is not legally cognizable**. *See* Mot. 2, 8-9. Plaintiffs lack standing to pursue any pregnancy-based relief.

Plaintiffs' lactation claims also fail. Plaintiffs' allegations make clear that no adverse action occurred. *See* Opp'n 4 ("Schwartzkopf **feared** losing her job too much to even request accommodation."). Again, **Plaintiffs Schwartzkopf and Hodgkins each specifically acknowledge that they <u>did not seek, nor were they denied</u>, any lactation-related accommodation**. Compl. ¶¶ 94, 98, 100, 118. Similarly, when Plaintiff Rewitzer requested a list of approved lactation rooms, it was provided to her, and when she requested a ground assignment that was not available, she was provided job-protected leave. *Id.* ¶¶ 79-82, 84. Plaintiff Crowe was also provided leave, and pumped in the lavatory without requesting any accommodation, raising any issue with Frontier, or suffering any consequence. *Id.* ¶¶ 124, 128, 130. Thus, Plaintiffs cannot demonstrate the denial of any requested accommodation or show that any similarly situated employee was treated more favorably to be "aggrieved" by any "unfair employment practice." *Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 135 S. Ct. 1338, 1354 (2015); *E.E.O.C. v. Ackerman, Hood & McQueen, Inc.*, 956 F.2d 944, 948 (10th Cir. 1992); *see also, infra,* § II.A. Absent a refusal to accommodate while accommodating others similar in their ability or inability to work, Plaintiffs' claims cannot state a legally cognizable injury.

### B. Plaintiffs' State Law Claims Are Preempted by Federal Airline Regulations.

Plaintiffs' state law claims are preempted. Compl. ¶¶ 53-75, 221-227, 260-286; *id.* "Prayer for Relief" ¶¶ B.i.-ii. Contrary to Plaintiffs' assertions, **Frontier did not argue preemption for off-aircraft activities**. *Cf.* Resp. 19-20 (citing Compl. ¶¶ 3, 82-83, 99, 110, 128). Plaintiffs undeniably must establish "an accommodation [that] appears 'reasonable on its face.'" *Jacobsen v. Dillon Cos.*, 2012 WL 638122, at *5 (D. Colo. Feb. 28, 2012). Even under WANMA, Plaintiffs must demonstrate "reasonable unpaid break time" and the lack of "reasonable efforts to provide a room or other location." Colo. Rev. Stat. § 8-13.5-104(1)-(2); § 24-34-402.3(1). To avoid preemption, Plaintiffs must demonstrate a reasonable accommodation within an aircraft.

#### 1. Plaintiffs' State-Law Claims Are Preempted by the FAAct.

Tenth Circuit law is clear "that federal regulation occupies the field of aviation safety." *US Airways, Inc. v. O'Donnell*, 627 F.3d 1318, 1326 (10th Cir. 2010). Plaintiffs' Complaint itself invokes "safety"-related concerns. Compl. ¶¶ 83, 99, 115. Plaintiffs have **not** pled where, exactly, flight attendants could privately, and safely, pump on the aircraft outside a lavatory, notwithstanding their stance that "Plaintiffs are seeking a private location to pump *other than* a restroom." Opp'n 20. The only other private location would be the flight deck, access to which is heavily regulated. 14 C.F.R. § 121.547(c). On-aircraft pumping in the flightdeck would certainly be federally regulated, and "federal law preempts state law claims that encroach upon, supplement, or alter the federally occupied field of aviation safety." *Ventress v. Japan Airlines*, 747 F.3d 716, 722–23 (9th Cir. 2014); *see also Frank v. Delta Airlines Inc.*, 314 F.3d 195, 202–03 (5th Cir. 2002). Plaintiffs' state-law claims should be dismissed.

#### 2. Plaintiffs' State-Law Claims Are Preempted by the ADA.

Plaintiffs' state-law claims are also preempted by the ADA, which clearly states that "a

6

State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart." 49 U.S.C. § 41713(b)(1); *see also Altria Grp., Inc. v. Good*, 555 U.S. 70, 85 (2008). A "service" has been defined broadly as an "anticipated provision of labor from one party to another," "such as ticketing, boarding, providing food and drink and handling baggage." *Covino v. Spirit Airlines, Inc.*, 406 F. Supp. 3d 147, 150-151 (D. Mass. 2019). Extended occupancy of a lavatory by a flight attendant certainly qualifies, as it displaces the service for passengers who themselves may have a medical need to access the lavatory. *See id*. Courts have held that similar regulations with respect to accommodations "are part of a broad, complex regulatory scheme regarding disability non-discrimination in air travel" such that "Congress intended to displace state law in this area." *Foley v. JetBlue Airways, Corp.*, 2011 WL 3359730, at *13 (N.D. Cal. Aug. 3, 2011). Plaintiffs' state-law claims are preempted for this additional reason.[4]

## II. PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM.

Plaintiffs have not met Frontier's Rule 12(b)(6) challenges. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Spencer v. Cumulus Broad., LLC*, 2008 WL 4724272, at *1 (D. Colo. Oct. 24, 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiffs "may not overcome pleading deficiencies with arguments that extend beyond the allegations contained in the complaint." *Bauchman v. W. High Sch.*, 132 F.3d 542, 550 (10th Cir. 1997).

### A. Plaintiffs' Have Not Pled Facially Plausible Disparate Treatment Claims.

To "state a claim for disparate treatment on the basis of [sex] under Title VII, [a plaintiff]

---

[4] Based on notices provided on December 23, 2020, only **after** Frontier's Motion was filed, Frontier withdraws its jurisdictional challenge to the CADA and PFWA claims arising from the failure to receive a notice of right to sue.

must allege (1) she belongs to a protected class; (2) she suffered an adverse employment action; and (3) 'disparate treatment among similarly situated employees.'" *Carney v. City & Cty. of Denver,* 534 F.3d 1269, 1273 (10th Cir. 2008). Because Plaintiffs remain employed in good standing, their claims arise solely from an alleged failure to accommodate. In that regard, a "plaintiff alleging . . . disparate treatment . . . may make out a prima facie case by showing . . . that she sought accommodation, that the employer did not accommodate her, and that the employer did accommodate others 'similar in their ability or inability to work.'" *Young*, 575 U.S. at 206.

Plaintiffs argue, rather than allege, direct evidence of discrimination because "Frontier's maternity policy grounding flight attendants during pregnancy without alternatives facially applies to pregnancy and pregnancy alone." Opp'n 8. Yet they cite no allegations in support of this statement, have provided no such policy, and **none** of the paragraphs referenced alludes to one. Opp'n 9 (citing Compl. ¶¶ 5, 83, 179, 191, 271, 282). The Dependability Policy contains no such statement. Compl. ¶¶ 6.a., 39, 41-44, 85, 88, 95, 102, 120, 126, 129, 132. In fact, the only allegation related to "maternity" is that Frontier "did not have any policy providing for a specified period of paid or unpaid maternity leave or parental leave for flight attendants after giving birth, outside of what may have been available under the FMLA." *Id.* ¶ 53. Thus, if any "policy" "facially treats employees differently because of sex," Plaintiffs have not alleged it. *See* Opp'n 9.

Plaintiffs also cannot state viable claims without alleging that Frontier accommodated others similar in their ability or inability to work. *Young*, 575 U.S. at 206; 29 C.F.R. § 1604.10(b); 42 U.S.C. § 2000e(k). This Court, in dismissing similar claims under Rule 12(b)(6), has reasoned that when "Plaintiff makes no mention of any similar others or that [the employer] accommodated such individuals when they did not accommodate her," the "allegations regarding her lack of accommodation fail[] to state a claim." *Andrews*, 2020 WL 5821611, at *10.

8

Plaintiffs' referenced allegations are threadbare and conclusory. Compl. ¶¶ 6, 167, 182, 237. They do vaguely allude to "temporary ground assignments to flight attendants." *Id.* ¶¶ 50-52. But they fail to indicate **how such flight attendants were similar in their ability or inability to work** (*e.g.*, the condition at issue, the duration of the condition, and the work restrictions resulting from the condition). Here, Plaintiffs point to no others outside of their protected class requiring 20-minute breaks every two to three hours. They have not met their pleading burden. *Widjaja v. Nicholson*, 2009 WL 321875, at *4 (D. Colo. Feb. 9, 2009) ("[A] Plaintiff must still allege sufficient facts to state a claim for relief that is plausible on its face.").

Courts **routinely** grant Rule 12(b)(6) motions in similar PDA cases. *LaCount v. S. Lewis SHOPCO, LLC*, 2017 WL 1826696, at *5 (N.D. Okla. May 5, 2017) (no allegations suggesting that plaintiff was treated differently than other similarly situated employees); *Veale v. Fla. Dep't of Health*, 2013 WL 5703577, at *4 (M.D. Fla. July 29, 2013); *Carroll v. Gradient Fin. Grp., LLC*, 2013 WL 3328695, at *6 (D. Kan. July 2, 2013) (plaintiffs named two non-pregnant employees who "had absences, but were not criticized or terminated"; but the plaintiffs had still "fail[ed] to state whether [they] were similarly situated"); *Paul v. KleenTech, Inc.*, 2009 WL 4499118, at *3 (W.D. La. Dec. 3, 2009); *Taylor v. Jotun Paints, Inc.*, 2009 WL 2488038, at *2 (E.D. La. Aug. 12, 2009) (plaintiff had "not pled [similarly-situated employees] with the requisite particularity").

### B. Plaintiffs Have Not Pled Facially Plausible Disparate Impact Claims.

Plaintiffs' disparate impact claims fare no better, again alleging only legal conclusions. Compl. ¶ 44 ("The Dependability Policy also made it nearly impossible for pregnant flight attendants to achieve perfect attendance records."); *see also id.* ¶¶ 208-210, 300-01. Plaintiffs **never** cite the applicable section of the Dependability Policy that they believe is discriminatory or that they contend had a disparate impact. Regardless, Plaintiffs' failure to allege any statistically

9

significant impact is fatal. *Drake v. City of Fort Collins*, 927 F.2d 1156, 1161 (10th Cir. 1991). Their blithe argument that "these practices impact *100%* of pregnant flight attendants and *virtually all* flight attendants who are breastfeeding . . . while *zero* flight attendants who are not pregnant or breastfeeding are subject to and harmed by them," cannot suffice. Opp'n 11-12. The very case Plaintiffs cite states that "[f]or all its heft, the . . . complaint alludes to disparate impact in wholly conclusory terms," when the court should "expect to see some factual content in the complaint tending to show . . . a relevant and statistically significant disparity . . . ." *Adams v. City of Indianapolis*, 742 F.3d 720, 733 (7th Cir. 2014); *see* Opp'n 11.

Plaintiffs cannot escape that they must prove causation in the context of an "employment practice that was the cause of the disparity." *Garcia v. Woman's Hosp. of Texas*, 97 F.3d 810, 813 (5th Cir. 1996). Bare allegations that a "policy had a disparate impact" are insufficient, because plaintiffs must include "allegations tending to show a causal link between the challenged . . . [policy] and a statistically significant . . . imbalance' in the number of employees denied [a requested accommodation] because of pregnancy rather than another condition." *Anfeldt v. United Parcel Serv., Inc.*, 2016 WL 1056670, at *2 (N.D. Ill. Mar. 17, 2016); *Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1051–53 (10th Cir. 2020). Plaintiffs' claims fail.

### C. Plaintiffs Have Not Pled Facially Plausible WANMA Claims.

Plaintiffs state that the Court should disregard the extraterritorial challenge because it is a defense, yet cite no authority in support. Opp'n 13-14. The Supreme Court has affirmed dismissal based on a statute's lack of extraterritorial application. *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 254 (2010); *Marshall v. Exelis Sys. Corp.*, 2014 WL 1213473, at *10 (D. Colo. Mar. 24, 2014). Regardless, Plaintiffs' lactation allegations appear to relate only to a location on the aircraft, or the notion that that "they lacked *any* access to a lactation room at most airports to which Frontier

flies." Opp'n 13. Plaintiffs' own citations show no extraterritorial application. "Absent language in the statute evidencing a contrary intent, Colorado courts presume that a statute[] does not have extraterritorial effect." *Airquip, Inc. v. HomeAdvisor, Inc.*, 2017 WL 4222618, at *6 (D. Colo. Sept. 21, 2017) (cited by Plaintiffs); *Frontier Airlines, Inc. v. Dep't of Revenue*, 571 P.2d 1088, 1089 (Colo. 1977); *cf. Tulips Invs., LLC v. State ex rel. Suthers*, 2015 CO 1, ¶ 29; *Hathaway Lighting, Inc. v. Indus. Claim Appeals Office*, 143 P.3d 1187, 1192 (Colo. App. 2006) (statutorily created benefits "exist only to the extent provided by the applicable statutes").

Plaintiffs also have not alleged facts supporting the lack of "reasonable unpaid break time" or the lack of "reasonable efforts to provide a room or other location in close proximity to the work area, other than a toilet stall, where an employee can express breast milk in privacy." Colo. Rev. Stat. § 8-13.5-104(1)-(2); *id.* § 24-34-402.3(1). Plaintiffs fail to indicate how Frontier could provide a private area on an airplane that was not a lavatory, or how it was obligated to ensure a space at an outstation airport outside its control. *Jordan v. Panorama Orthopedics & Spine Ctr.*, 2013 COA 87, ¶ 23 (an entity cannot be liable for premises it did not control).[5]

### D.  Plaintiffs Have Not Established the Timeliness of the Claims Challenged.

Plaintiffs argue that their FMLA claims are timely under the three-year statute of limitations, and that their untimely Title VII and CADA claims are salvaged by the "piggybacking" or "continuing violations" doctrines. *See* Opp'n 14-17. Not so. The FMLA contains a two-year statute of limitations absent facts demonstrating that Frontier "knew or showed reckless disregard' for whether its conduct was prohibited." 29 U.S.C. § 2617(c)(1)-(2); *Bass v. Potter*, 522 F.3d 1098, 1102, 1104 (10th Cir. 2008). Plaintiffs have not pled any such facts. Rather, they point to two cases

---

[5] Plaintiffs' argument that "Frontier's flat-out denial of all requests for breaks and a location to pump hardly constitute 'reasonable efforts'" contradicts their own allegations. Opp'n 13; *cf.* Compl. ¶ 80.

brought against Frontier, **omitting the fact that both were dismissed**. Opp'n 17 (citing *Packard v. Cont'l Airlines, Inc.*, 24 F. App'x 960, 961 (10th Cir. 2001); *Velyov v. Frontier Airlines Inc.*, 2015 WL 3397700, at *6 (E.D. Wis. May 26, 2015)). With the single exception of Plaintiff Crowe's request for leave in 2018, Plaintiffs' FMLA claims are time-barred. Compl. ¶ 128.[6]

Plaintiffs' Title VII and CADA claims are also time-barred to the extent stated in Frontier's Motion. Mot. 18-20. Tacitly acknowledging this fact, Plaintiffs instead argue that the "cutoff dates" are incorrect because, as Plaintiffs state, they "ignore[] the 'single filing' or 'piggy-backing' rule," under which one "plaintiff's timely EEOC charge tolls the statute of limitations for all co-plaintiffs and putative class members with claims arising out of similar discriminatory treatment." Opp'n 15. Plaintiffs maintain that the claim of every Plaintiff and every possible class member was tolled as of May 16, 2017, when Plaintiff Rewitzer filed her Charge. *Id*.

Not so. The "exception . . . permit[s] plaintiffs who did not file timely EEOC charges to 'piggyback' onto another party's timely filed charge so long as they could have filed charges at the time the other party filed his or her charge." *Britton v. Car Toys, Inc.*, 2006 WL 3487686, at *3 (D. Colo. Nov. 30, 2006) (citing *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1197 (10th Cir. 2004)). **As a result, "piggybacking" does nothing to salvage the claims of Plaintiffs and others who actually filed Charges.** A "plaintiff who filed an individual charge may not invoke the single-filing rule," because that "plaintiff should be required to rely upon his or her own . . . charge and cannot reasonably rely upon [an]other claimant's charge." *O'Neal v. Thompson*, 54 F. App'x 301, 303–04 (10th Cir. 2002); *see also E.E.O.C. v. JBS USA, LLC*, 794 F. Supp. 2d 1188, 1205 (D. Colo. 2011) ("[T]he single filing rule is not applicable to individuals who actually filed charges

---

[6] The same is true of any claims not covered by the tolling agreement. Colo. Rev. Stat. §§ 8-13.5-101, 13-80-102(1)(i).

but whose charges were untimely"); *Aguilar v. Schiff Nutrition Int'l, Inc.*, 2008 WL 4526051, at *9 (D. Utah Sept. 29, 2008); *Williams v. Sprint/United Mgmt. Co.*, 2006 WL 279041, at *2 (D. Kan. Feb. 3, 2006).[7] "[P]iggybacking" simply does not apply to the timeliness of Plaintiffs' claims.

The same is true of the continuing violation theory. "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges," because "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). "[P]laintiffs are now expressly precluded from establishing a continuing violation exception for alleged discrete acts of discrimination occurring prior to the limitations period." *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1185 (10th Cir. 2003).[8]

Likewise with discrete acts occurring **after** the Charge was filed. *Jesuale v. Oracle Am., Inc.*, 2013 WL 6858683, at *5 (D. Colo. Dec. 30, 2013) ("[T]he continuing violation doctrine does not apply to discrete acts occurring after an EEOC charge is filed."); *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007) ("[A]ny adverse employment actions occurring after [plaintiff] submitted his administrative charge . . . would not fall within the scope of his charge."); *Martinez v. Potter,* 347 F.3d 1208, 1210 (10th Cir. 2003). Tenth Circuit law is clear that "where discrete incidents of discrimination occur after an employee files an initial EEOC charge, the employee must file an additional or amended charge with the EEOC to satisfy the exhaustion requirement." *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1181 (10th Cir. 2018). Courts have specifically applied

---

[7] Plaintiffs cite no authority indicating that Colorado permits the "piggy-backing" exception for CADA exhaustion, which diverges from federal law in having shorter exhaustion periods and remaining a jurisdictional prerequisite. *Lasser v. Charter Commc'ns, Inc.*, 2020 WL 2309506, at *5 (D. Colo. Feb. 10, 2020).

[8] Of course, *Hamer v. City of Trinidad*, 924 F.3d 1093, 1100 (10th Cir.), *cert. denied sub nom. City of Trinidad, Colo. v. Hamer*, 140 S. Ct. 644 (2019), is inapposite because it addressed Title II of the ADA relating to public accommodations, and thus did not address the EEOC's exhaustion requirements. *Cf.* Opp'n 16.

these precepts to alleged failures to accommodate. *See Hock v. Mesa Cty. Valley Sch. Dist. 51*, 2019 WL 2085354, at *5–6 (D. Colo. May 13, 2019). Neither the "piggybacking" nor the "continuing violation" doctrine applies. Mot. 18-20.[9]

### E. Plaintiffs' Overbroad Class Definitions Should Be Stricken or Dismissed.

With respect to their class-based allegations, Plaintiffs decry a "premature" attack or assert their own *ipse dixit*. Under Rule 23(d)(1)(D), however, the Court may "require that the pleadings be amended to eliminate allegations about representation of absent persons." This District's law is unequivocal and oft-invoked: "[A]n essential prerequisite to an action under Rule 23 is that there must be a class," such that "**before** [the Court] addresses each prerequisite of Rule 23(a), [it] must first address the adequacy of Plaintiff's proposed class." *Edwards v. Zenimax Media Inc.*, 2012 WL 4378219, at *4-5 (D. Colo. Sept. 25, 2012); *Lary v. Biodesix, Inc.*, 2020 WL 5513408, at *1 (D. Colo. Sept. 14, 2020); *Lindsay v. Cutters Wireline Serv., Inc.*, 2020 WL 1158268, at *2 (D. Colo. Mar. 10, 2020); *Rivera v. Exeter Fin. Corp.*, 2019 WL 6176069, at *3 (D. Colo. Mar. 31, 2019); *Friedman v. Dollar Thrifty Auto. Grp., Inc.*, 304 F.R.D. 601, 606–07 (D. Colo. 2015); *Warnick v. Dish Network LLC*, 301 F.R.D. 551, 556 (D. Colo. 2014).

Plaintiffs' failure to allege an ascertainable class is fatal. A class **cannot** include those who have not suffered an injury. *Ramsay v. Frontier, Inc.*, 2020 WL 4557545, at *24–27 (D. Colo. July 30, 2020); *Gilbert v. United States Olympic Comm.*, 423 F. Supp. 3d 1112, 1155 (D. Colo. 2019); *Friedman*, 304 F.R.D. at 606–07; *Edwards*, 2012 WL 4378219, at *5. In *Edwards*, a video game defect class was stricken when it included buyers of the game "regardless of whether he or she was

---

[9] Plaintiffs also argue that they have stated claims under the FMLA and PWFA, but such claims were not separately challenged beyond the standing, lack of similarly situated employee allegations, and timeliness issues. Opp'n 6-7. In any event, Frontier provided **years** of leave to Plaintiffs; it simply was not **paid**. consistent with both statutes. U.S. Dep't of Labor, Op. Letter, FMLA-85, 1996 WL 1044782, at *2 (Nov. 18, 1996); Colo. Rev. Stat. § 24-34-402.3(6)(b).

ever injured by or even experienced the alleged [d]efect." 2012 WL 4378219, at *5.

That is **exactly** the issue Frontier raised in listing at least 12 categories of flight attendants within the class definitions who could not have suffered injury—**which Plaintiffs fail to address in their Opposition**. Mot. 21; *cf.* Opp'n 22-25. Class claims related to individual accommodations are often "untenable" because the Court "would have . . . to conduct individualized inquiries to determine whether a potential class member met the statutory definition" for disability purposes. *Davoll v. Webb*, 194 F.3d 1116, 1146 (10th Cir. 1999). "If the court must undertake individualized inquiries . . . the class is not appropriate." *Warnick*, 301 F.R.D. at 556.

A recent decision underscores the fatal defects with Plaintiffs' class allegations. *Ramsay*, 2020 WL 4557545, at *3. In *Ramsay*, the plaintiffs alleged claims arising from sexual assault on behalf of "a nationwide class of 'all passengers who flew on Frontier flights between December 16, 2017 and the present," which included "not just Frontier passengers who may claim to have been sexually assaulted, but **all** Frontier passengers." *Id*. It "would make no sense for the millions of other Frontier passengers who could not claim to have been sexually assaulted . . . to be part of an action . . . brought by these two plaintiffs based on these two discrete incidents." *Id*. A "class which includes all Frontier passengers . . . is wildly overbroad." *Id*. Plaintiffs' "wildly overbroad" class here should be similarly stricken or dismissed.

Dated this 21st day of January, 2021.                    Respectfully submitted,

                                                   *s/Stephen E. Baumann II*
                                                 Stephen E. Baumann II
                                                 1900 Sixteenth Street, Suite 800
                                                 Denver, CO 80202
                                                 Telephone: 303.629.6200
                                                 Facsimile: 303.629.0200
                                                 Email: sbaumann@littler.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of January, 2021, I electronically filed the foregoing **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Galen L. Sherwin, Esq.
ACLU Women's Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
gsherwin@aclu.org

*Attorneys for Plaintiffs*

Jayme Jonat, Esq.
Karen Sebaski, Esq.
Vincent G. Levy, Esq.
Holwell, Shuster & Goldberg, LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
jjonat@hsgllp.com
ksebaski@hsgllp.com
Vlevy@hsgllp.com

*Attorneys for Plaintiffs*

Mark Silverstein, Esq.
Sara R. Neel, Esq.
American Civil Liberties Union-Denver
303 East 17th Street, Suite 350
Denver, CO 80203
msilverstein@aclu-co.org
sneel@aclu-co.org

*Attorneys for Plaintiffs*

*s/Arlene Aguilar*
Arlene Aguilar