IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:19-cv-03469-RM-MEH

MELISSA HODGKINS, et al.

    Plaintiffs,

v.

FRONTIER AIRLINES, INC.

    Defendant.

## JOINT MOTION FOR PROTECTIVE ORDER

Pursuant to Paragraph 8.d. of the Court's Scheduling Order dated November 16, 2020 [ECF No. 46], the parties, by and through their respective undersigned counsel, jointly move the Court to enter the parties' proposed Protective Order, attached as Exhibit A, as an Order of the Court, to protect the discovery and dissemination of personal, confidential, proprietary, or "Sensitive Security Information." In support of this Joint Motion, the parties state as follow:

1.     Plaintiffs' Complaint alleges generally that Frontier discriminated against them and other flight attendants by failing to accommodate their medical needs related to pregnancy and lactation. *See generally* Compl. [ECF No. 1]. Defendant generally denies that Plaintiffs have standing to bring their claims given the details of their pregnancies and choices with respect to lactation, denies that they have stated claims for relief, and states that their state law claims are preempted by the Federal Aviation Act (the "FAAct"), 49 U.S.C. § 40103, *et seq.*, and the Airline

Deregulation Act ("ADA"). *See generally* Def. Frontier Airlines, Inc.'s Mot. to Dismiss [ECF No. 49].

2. The parties agree that a protective order is necessary to protect personal, confidential, and proprietary information.

3. Given the nature of the case, there is good cause to believe that discovery will involve the disclosure of confidential information, all of which normally is required to be maintained confidentially. Because Plaintiffs' Complaint arises from allegations of discrimination through an alleged failure to accommodate medical needs related to pregnancy and lactation, the medical records of Plaintiffs and other putative class members will be at issue, as well as sensitive information related to their pregnancies and lactation choices. The parties further believe that the employment information for Plaintiffs and other putative class members will be at issue. Furthermore, given that Defendant operates in a heavily regulated, safety-sensitive industry, the parties anticipate that Defendant's "Sensitive Security Information" related to flight operations will be at issue, which is protected by Federal Regulation 49 C.F.R. Part 1520. As a result, a blanket protective order therefore is appropriate in this case, and a document-by-document showing is not required. *See Gillard v. Boulder Valley Sch. Dist. Re-2*, 196 F.R.D. 382, 386 (D. Colo. 2000).

**WHEREFORE**, the parties respectfully request that this Court enter the stipulated Protective Order as an Order of the Court.

Respectfully submitted this 2nd day of March, 2021.

| | |
|---|---|
| *s/Jayme Jonat* | *s/Stephen E. Baumann II* |
| Jayme Jonat | Erin A. Webber |
| Karen A. Sebaski | Danielle L. Kitson |
| Vincent Gregory Levy | Stephen E. Baumann II |
| Holwell Shuster & Goldberg LLP | Carolyn B. Theis |
| 425 Lexington Avenue, 14th Floor | 1900 Sixteenth Street, Suite 800 |
| New York, NY 10017 | Denver, CO 80202 |
| 646-837-5151 | Telephone: 303.629.6200 |
| | Facsimile: 303.629.0200 |
| Galen Leigh Sherwin | Email: ewebber@littler.com; |
| ACLU Women's Rights Project | dkitson@littler.com; |
| 125 Broad Street, 18th Floor | sbaumann@littler.com; catheis@littler.com |
| New York, NY 10004 | |
| 212-519-7819 | **Attorneys for Defendant Frontier Airlines, Inc.** |
| Mark Silverstein | |
| Sara R. Neel | |
| American Civil Liberties Union-Denver | |
| 303 East 17th Street, Suite 350 | |
| Denver, CO 80203 | |
| 303-777-5482 | |
| **Attorneys for Plaintiffs** | |

3