**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:19-cv-03469-RM-MEH

MELISSA HODGKINS, et al.

      Plaintiffs,

v.

FRONTIER AIRLINES, INC.

      Defendant.

---

**[PROPOSED] PROTECTIVE ORDER**

---

Under Federal Rule of Civil Procedure 26, and subject to the approval of the Court under Federal Rules of Civil Procedure 26(c) and 26(c)(1)(G), upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of personal, confidential, and proprietary information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, the following Protective Order ("Protective Order") shall govern the handling of discovery documents and information, which shall consist of documents (as defined in Federal Rule of Civil Procedure 34(a)(1)), including electronically stored information, depositions, deposition exhibits, interrogatory responses, admissions, and any other materials produced, given, or exchanged by and among the parties and any non-parties in connection with discovery in this action (collectively "Information"), and it is hereby ordered that:

# EXHIBIT A

1.      Information designated as "Confidential" or "Sensitive Security Information" shall be used solely for purposes of preparation and trial of this action before the United States District Court for the District of Colorado (Case No. 1:19-cv-03469-RM-MEH), and the accompanying action by the same counsel for Plaintiffs pending before the United States District Court for the District of Colorado in *Freyer et al. v. Frontier Airlines, Inc.* (Case No. 1:19-cv-03468-CMA-SKC) (inclusive of appellate proceedings) (the "Litigation") and for no other purpose, including without limitation any commercial or business purpose, absent the prior written consent of the Producing Party (which may be withheld in the Producing Party's sole and absolute discretion), or leave of the Court.

2.      The term "Producing Party" shall mean any party or non-party who produces or discloses Information in the Litigation. The term "Receiving Party" shall mean any person to whom Information is produced or disclosed in the Litigation.

3.      Information may be designated "Confidential" by any party's counsel, or any unrepresented party, if there is a good-faith basis to believe the Information constitutes, contains, and/or reveals (i) confidential trade secrets, proprietary business information, competitively sensitive information, or other confidential or proprietary research, development, or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G) or applicable state law; or (ii) personal information that is not generally known or publicly available concerning individuals or other entities and which the Producing Party would not normally make publicly available, including, but not limited to, Social Security numbers, home telephone numbers and addresses, tax returns, photographs, and medical information.

4. Information that qualifies for designation as "Confidential" Information may be designated by a party's counsel as "Sensitive Security Information" if the Producing Party in good-faith deems the Information to be particularly sensitive, so that even its limited disclosure beyond those specified herein would be detrimental to transportation security as defined by Federal Regulation 49 C.F.R. Part 1520, including applicable Flight Operations Manuals and Flight Attendant Manuals.

5. All documents, electronically stored information, and tangible items designated "Confidential" or "Sensitive Security Information" shall include a conspicuous stamp on each page or separate item by the Producing Party of "Confidential" or "Sensitive Security Information" in a manner that will not interfere with legibility or audibility. The designation shall be made at the time of delivery of the Information to the Receiving Party or as provided in paragraph 16. When a Receiving Party believes that Information not designated as "Confidential" or "Sensitive Security Information" should be designated as such, the Receiving Party will notify the other parties to the Litigation within fourteen (14) days of receiving the documents. In that instance, the Producing Party will within fourteen (14) days of that notice re-produce replacement pages of the designated documents with the appropriate confidentiality stamp.

6. "Confidential" or "Sensitive Security Information" designations shall be limited to specific Information that qualifies under the appropriate standards.

7. "Confidential" Information, including any summaries or reproductions of the Information, shall be inspected by or disclosed to only the following persons:

    a. The parties' outside counsel, as well as employees of said outside counsel who are assisting in the conduct of the litigation;

      b.      The parties;

      c.      Experts retained to testify at trial or consultants retained or engaged by the parties in preparation for trial (collectively "Consultants") and persons in their employ who are assisting in the conduct of this Litigation; provided that the Consultant and such persons in their employ being provided Confidential Information first signs the "Agreement to Be Bound by Protective Order" (Exhibit A) (the "Undertaking") on behalf of him/herself and/or his/her organization and ensures that all others within the organization working on the project comply with the terms of this Order;

      d.      The Court, including any appellate court, its support personnel, and court reporters;

      e.      Stenographers or video operators engaged by a party for purposes of the Litigation who shall be informed of the terms of the Order and agree on the record to comply with same;

      f.      Outside photocopying, translation, document management, and exhibit preparation, trial services, or other professional vendors the parties engage for purposes of the Litigation, provided that an officer or duly authorized representative of the person or entity providing such services first signs the Undertaking on behalf of him/herself and/or his/her organization and ensures that all others within the organization working on the project comply with the terms of this Order;

      g.      Any witness who is noticed for deposition or subpoenaed for deposition, hearing, or trial, provided such persons have first executed the Undertaking;

   h. As to any document, its author, its addressee, and any other person (such as a copy recipient) indicated on the face of the document as having received a copy, provided such persons have first executed the Undertaking;

   i. Persons who either prepared or previously received or had lawful access to the Information, provided that preparation or previous receipt of the Information is indicated on the Information or is otherwise established in discovery; and

   j. Any other person agreed to by the Parties.

8. "Sensitive Security Information," including any summaries or reproductions of the Information, shall be inspected or disclosed solely as follows:

   a. The parties' outside counsel and employees of said outside counsel who are assisting in the conduct of the litigation;

   b. Current employees of Frontier who hold a pilot or flight attendant certification;

   c. Consultants whose testimony or expertise relates to airline safety and persons in their employ who are assisting in the conduct of this Litigation; provided that the Consultant and such persons in their employ being provided Sensitive Security Information first execute the Undertaking on behalf of him/herself and/or his/her organization, reviews the attached Sensitive Security Information Best Practices guide and acknowledges receipt and review of the Sensitive Security Information Best Practices guide before receipt of the "Sensitive Security Information," and ensures that all others within the organization working on the project comply with the terms of this Order;

   d. The Court and its personnel, including any appellate court; and

e.  Others for whom Frontier provides express written permission to view the Sensitive Security Information who agree to be bound by the Undertaking.

9.  Prior to disclosing any "Confidential" Information to any person referred to in subparagraphs 7(c), 7(e), 7(f), 7(g), 7(h), 7(i), or 7(j) above, and prior to disclosing any "Sensitive Security Information" to any person referred to in subparagraphs 8(b), 8(c) and 8(e), counsel shall provide such person with a copy of this Protective Order and obtain from such person a signed Undertaking stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such signed copies of the Undertaking shall be retained by counsel or any unrepresented party for the duration of this Litigation and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by the party alleging a breach of the Protective Order.

10. Notwithstanding the foregoing, this Protective Order shall not (a) prevent any party from using or disclosing its own "Confidential" Information as it deems appropriate, so long as disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the Information, and does not result in the Information becoming public knowledge; (b) preclude any party from showing an employee, officer, or Consultant ("Deposition Witness") of a designating party at a deposition of that employee, officer, or Consultant any information provided by the Producing Party; or (c) preclude or limit any party from the lawful use of any Information lawfully obtained from a source other than the Producing Party.

11. Before any Information is designated "Confidential" or "Sensitive Security Information," counsel of record for the Producing Party must make a determination, in good faith, that the documents, information, and/or other materials are confidential and entitled to protection

pursuant to the foregoing, or otherwise entitled to protection under Federal Rule of Civil Procedure 26(c) or applicable state law. Designating the information as "Confidential" represents the attorney's or unrepresented party's certification of this determination.

12. Whenever a deposition involves "Confidential" Information or "Sensitive Security Information," the deposition exhibits or portions of deposition transcripts may be designated as "Confidential" or "Sensitive Security Information" either by: (a) indicating on the record during the deposition that question calls for Confidential Information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Sensitive Security Information Governed by Protective Order" or (b) designating portions of depositions as "Confidential" or "Sensitive Security Information" after transcription, provided that written notice of the designation is given to all counsel of record and to any unrepresented party within fourteen (14) days after notice by the court reporter of the completion of the transcript, during which period of time the transcription shall be treated as "Confidential".

13. Should the parties desire to submit to the Court any "Confidential" Information or "Sensitive Security Information," the filing party must promptly advise the Producing Party of the intended filing. The Producing Party will advise the requesting party whether it will waive the designation within two (2) business days of the filing party's request, or within such other time as agreed to by the parties. If the Producing Party will not waive the designation, and the filing party still wishes to use the "Confidential" Information or "Sensitive Security Information" in a court filing, the filing party may file a motion to restrict, in accordance with D.C.COLO.LCivR 7.2 or

any other rules promulgated by the United States District Court for the District of Colorado in effect at the time the documents are filed.

14. Any party may object to the designation of particular "Confidential" Information or "Sensitive Security Information" by giving written notice to the Producing Party within twenty-one (21) days of the receipt of the designated Information. The written notice shall specifically identify the Information to which the objection is made. If the parties cannot resolve the objection within fourteen (14) days after notice is received, the Producing Party may invoke Practice Standard III.C. and request a conference with the Court by submitting an email, copied to all parties, to hegarty_chambers@cod.uscourts.gov, requesting that the Court determine whether the disputed Information should be subject to the terms of this Protective Order. The Court will determine at the conference whether to grant the Producing Party leave to.file an appropriate motion. The burden in such an application to the Court is on the Producing Party to demonstrate good cause why the Information is properly designated as "Confidential" or "Sensitive Security Information." If such a motion is filed, the disputed Information shall be treated as "Confidential" or "Sensitive Security Information" under the terms of this Protective Order until the Court rules on the motion. If the non-Producing Party(s) fails to file such a motion, the disputed Information shall retain its designation as "Confidential" or "Sensitive Security Information" and shall be treated as "Confidential" in accordance with this Protective Order.

15. If at any time prior to the trial of this action a party realizes that Information should be designated as "Confidential" or "Sensitive Security Information" but was not, the party may so designate by advising all other parties in writing. The designated Information will thereafter be treated as "Confidential" or "Sensitive Security Information" pursuant to this Protective Order.

Upon receipt of such designation in writing, each party shall take reasonable and appropriate action to notify any and all recipients of such Information regarding its protected status, and shall retrieve the newly designated Information from any person who is not permitted by this Protective Order to have such Information.

16. Pursuant to Federal Rule of Evidence 502(d) and (e), which are incorporated by reference, if any party or non-party inadvertently produces or provides Information that it believes is subject to a claim of attorney-client communication, attorney work product, or any other legally recognized privilege, the Producing Party may give written notice to the Receiving Party(s) that the Information is subject to a claim of privilege and request that the Information be returned to the Producing Party. The Receiving Party(s) shall return the Information to the Producing Party, and/or confirm in writing destruction (or, for outside counsel, removing the Information from further review or use in the litigation) of all electronic or paper copies of the Information, within seven (7) days. The return of the Information by the Receiving Party(s) shall not constitute an admission or concession, or permit any inference, that the Information is properly subject to a claim of privilege. If the Receiving Party(s) returning such Information do not agree with the privilege designation, counsel for the Receiving Party(s) may retain one copy of such inadvertently privileged document for the sole purpose of challenging the assertion of privilege by the Producing Party, in which case the Receiving Party must notify the Producing Party in writing within seven (7) days of returning the Information to the Producing Party, setting forth the reason for its belief that the Information is not privileged, and the parties shall meet and confer regarding the dispute within three (3) days of the notification. If the dispute cannot be resolved between the parties, the Producing Party shall move the Court, within fourteen (14) days of the completion of such meet-

and-confer efforts, to rule on the Information's status and shall produce a copy of the Information to the Court for *in camera* inspection. No waiver shall be deemed to have occurred pending the Court's ruling on the Receiving Party's motion. Absent an order from the Court, no inadvertently produced privileged document shall be disclosed to any person other than the parties' outside counsel, as well as employees of said outside counsel who are assisting in the conduct of the litigation, nor shall any inadvertently produced privileged document used for any purpose other than for challenging an assertion of privilege in accordance with the terms of this Paragraph.

17. If "Confidential" Information is disclosed to any person other than in a manner authorized by this Protective Order, the party or person responsible for the disclosure shall, upon discovery, immediately inform the Producing Party, and shall work in good faith to retrieve the Information. This paragraph shall not limit the rights and remedies of the Producing Party.

18. This Protective Order shall not prevent any Producing Party or Receiving Party from applying to the Court for further or other protective orders, or for modification of this Protective Order, or from agreeing to modification of this Protective Order, provided, however, that the modification will not harm the rights and interests of Producing Parties and will not be made merely to accommodate an intervenor's or putative class member's desire to inspect protected documents or testimony or Information. Any agreed to modification shall be in writing, and signed by counsel on behalf of the parties, or by any unrepresented party.

19. In the event additional parties join or are joined in this action, or any additional or different counsel enter an appearance, they shall not have access to "Confidential" Information or "Sensitive Security Information" until they execute an agreement to be bound by the terms of this Protective Order.

20. Within fifty-six (56) days after the final termination of the Litigation, including all appeals, unless other arrangements are agreed upon, each document and all copies thereof that have been designated as "Confidential" or "Sensitive Security Information" shall be returned to the party that designated it as such, or the parties may elect to destroy "Confidential" or "Sensitive Security Information" documents. When the parties agree to destroy "Confidential" Information or "Sensitive Security Information," the Receiving Party destroying such Information shall provide the Producing Party with an affidavit confirming the destruction. However, each law firm representing a party or a deponent may retain one copy of all court pleadings and briefs containing "Confidential" Information, one copy of all deposition, hearing, and/or trial transcripts containing the Information, and copies of documents incorporating or referring to the Information which are inextricably intermingled with the work product of that party's counsel. All documents retained by counsel shall remain subject to this Protective Order. The Court shall retain jurisdiction to enforce this Protective Order after the termination of the Litigation.

21. Nothing in this Order will prevent any Party from producing any "Confidential" Information in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to counsel for the Producing Party, or the producing party himself if unrepresented, as soon as possible, but no later than seven (7) days before any disclosure, identifying the Information sought. In no event, absent Court order, shall production or disclosure be made (a) within seven (7) days after providing the required notice, or (b) if the designating party seeks relief from the Court (including, without limitation, by filing a motion for protective order or motion to quash) within seven (7) days after receiving the notice. This Protective Order shall not

be construed as requiring the non-designating party to seek relief from the subpoena or to challenge or appeal any order of a court of competent jurisdiction requiring production of the Information at issue.

22. Nothing contained in this Order will be construed as (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

23. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Information is produced or disclosed.

DATED: _____, 2021.

                      BY THE COURT

                      Michael E. Hegarty
                      U.S. District Court Magistrate Judge

# EXHIBIT A
# UNDERTAKING

STATE OF _____ )
                              ) ss.
COUNTY OF _____ )

     I, _____, being first duly sworn, state that:

1.    My present address is: _____.

2.    My present employer is: _____.
The address of my present employer is: _____.

3.    My present occupation or job description is: _____.

4.    I have received a copy of the Protective Order in this case (Case No. 1:19-cv-03469-RM-MEH), signed by the U.S. District Court.

5.    I have carefully read and understand the provisions of the Protective Order, will comply with all of its provisions, will hold in confidence and not disclose to anyone not qualified under the Protective Order any designated information or any words, substances, summaries, abstracts, or indices of designated information disclosed to me, and will return all designated information and summaries, abstracts, or indices thereof, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the Party by whom I am retained, or by any unrepresented party by whom I am retained.

                                             _____
                                                           NAME

STATE OF _____ )
                              ) ss.
COUNTY OF _____ )

Subscribed and sworn to me this ____ day of _____, 20__, by _____.

                                             _____
                                             Notary Public

My Commission expires: _____.

# Sensitive Security Information
## Best Practices Guide for Non-DHS Employees and Contractors

The purpose of this hand-out is to provide *transportation security stakeholders and non-DHS government employees and contractors* with best practices for handling SSI. Best practices are not to be construed as legally binding requirements of, or official implementing guidance for, the SSI regulation.

## What is SSI?

Sensitive Security Information (SSI) is information that, if publicly released, would be *detrimental to transportation security*, as defined by Federal regulation 49 C.F.R. part 1520.

Although SSI is not classified information, there are specific procedures for recognizing, marking, protecting, safely sharing, and destroying SSI. As persons receiving SSI in order to carry out responsibilities related to transportation security, you are considered "covered persons" under the SSI regulation and have special obligations to protect this information from unauthorized disclosure.

## SSI Requirements

The SSI regulation mandates specific and general requirements for handling and protecting SSI.

**You Must – Lock Up All SSI:** Store SSI in a secure container such as a locked file cabinet or drawer (as defined by Federal regulation 49 C.F.R. part 1520.9 (a)(1)).

**You Must – When No Longer Needed, Destroy SSI:** Destruction of SSI must be complete to preclude recognition or reconstruction of the information (as defined by Federal regulation 49 C.F.R. part 1520.19).

**You Must – Mark SSI:** The regulation requires that even when only a small portion of a paper document contains SSI, every page of the document must be marked with the SSI header and footer shown at left (as defined by Federal regulation 49 C.F.R. part 1520.13). Alteration of the footer is not authorized.

WARNING: This record contains Sensitive Security Information that is controlled under 49 CFR parts 15 and 1520. No part of this record may be disclosed to persons without a "need to know," as defined in 49 CFR parts 15 and 1520, except with the written permission of the Administrator of the Transportation Security Administration or the Secretary of Transportation. Unauthorized release may result in civil penalty or other action. For U.S. government agencies, public disclosure is governed by 5 USC 552 and 49 CFR parts 15 and 1520.

## Best Practices Guide

Reasonable steps must be taken to safeguard SSI. While the regulation does not define reasonable steps, the TSA SSI Branch offers these best practices as examples of reasonable steps:

★ Use an SSI cover sheet on all SSI materials.

★ Electronic presentations (e.g., PowerPoint) should be marked with the SSI header on all pages and the SSI footer on the first and last pages of the presentation.

★ Spreadsheets should be marked with the SSI header on every page and the SSI footer on every page or at the end of the document.

★ Video and audio should be marked with the SSI header and footer on the protective cover when able and the header and footer should be shown and/or read at the beginning and end of the program.

★ CDs/DVDs should be encrypted or password-protected and the header and footer should be affixed to the CD/DVD.

★ Portable drives including "flash" or "thumb" drives should not themselves be marked, but the drive itself should be encrypted or all SSI documents stored on it should be password protected.

★ When leaving your computer or desk you must lock up all SSI and you should lock or turn off your computer.

★ Taking SSI home is not recommended. If necessary, get permission from a supervisor and lock up all SSI at home.

★ Don't handle SSI on computers that have peer-to-peer software installed on them or on your home computer.

★ Transmit SSI via email only in a password protected attachment, not in the body of the email. Send the password without identifying information in a separate email or by phone.

★ Passwords for SSI documents should contain at least eight characters, have at least one uppercase and one lowercase letter, contain at least one number, one special character and not be a word in the dictionary.

★ Faxing of SSI should be done by first verifying the fax number and that the intended recipient will be available promptly to retrieve the SSI.

★ SSI should be mailed by U.S. First Class mail or other traceable delivery service using an opaque envelope or wrapping. The outside wrapping (i.e. box or envelope) should not be marked as SSI.

★ Interoffice mail should be sent using an unmarked, opaque, sealed envelope so that the SSI cannot be read through the envelope.

★ SSI stored in network folders should either require a password to open or the network should limit access to the folder to only those with a need to know.

★ Properly destroy SSI using a cross-cut shredder or by cutting manually into less than ½ inch squares.

★ Properly destroy electronic records using any method that will preclude recognition or reconstruction.


Transportation Security Administration

Phone: (571) 227-3513 • Fax: (571) 227-2945

Safely Sharing Information
SSI@dhs.gov