## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No. 1:19-cv-03469-RM-MEH

MELISSA HODGKINS, et al.,

        Plaintiffs,

v.

FRONTIER AIRLINES, INC.,

        Defendant.

---

## DEFENDANT'S ANSWER AND DEFENSES TO
## PLAINTIFFS' COMPLAINT AND JURY DEMAND

---

Defendant Frontier Airlines, Inc. ("Frontier" or "Defendant"), by and through its undersigned counsel, respectfully submits its Answer and Defenses to Plaintiffs' Complaint and Jury Demand ("Complaint") [ECF #1]. Defendant denies all allegations not expressly admitted herein and further answers as follows:

### INTRODUCTION

1.     Named Plaintiffs in this case are female flight attendants at Frontier Airlines, with several decades of flying experience between them, who had children and breastfed their babies during their employment with Frontier. They chose their careers as flight attendants because of their love of travel, their joy in meeting new people and learning about different places, and their dedication to helping others. Like most expectant parents, when it came time to start their families, they were overjoyed to start this exciting new chapter of their lives. At the same time, they were dedicated to the careers they loved and assumed they would be able to continue working while raising their children—after all, the right to keep your job during pregnancy and after having a baby has been

the law for more than 40 years, since the enactment of the Pregnancy Discrimination Act ("PDA"). Yet Plaintiffs found themselves faced with mounting obstacles once they became pregnant that forced them to make impossible choices between their families and their livelihood—precisely the type of choices that the PDA was intended to prevent.

**ANSWER:   Defendant admits Plaintiffs are female and flight attendants employed by Defendant. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 1 of Plaintiffs' Complaint and therefore, denies them.**

2.      Frontier's failure to account for Plaintiffs' needs related to pregnancy and breastfeeding caused them to suffer serious penalties, both at and outside of work, simply because they had children. Plaintiffs faced discipline for absences related to pregnancy, and were eventually forced onto unpaid leave weeks or months before their due dates with no alternatives, depriving them of critical income when they needed it the most. With no paid parental leave and only the short unpaid leave required by federal law under the Family and Medical Leave Act ("FMLA")—if any remained to them— Plaintiffs were all still breastfeeding their newborns when it came time for them to return to work. Yet Frontier refused to make it possible for them to pump breast milk on the job, which they needed to do to be able to continue nursing. This left Plaintiffs with the Hobson's choice of continuing to breastfeed or earning a paycheck. Plaintiffs paid a steep price as a result of these policies, including being forced onto unpaid leave, forced to give up breastfeeding—along with the many associated benefits for themselves and their babies—and forced to work under conditions that have caused them physical pain and emotional distress and have put their health at risk.

**ANSWER:    The allegations set forth in Paragraph 2 of Plaintiffs' Complaint state a legal conclusion to which no response is required**

3.      For example, after Frontier refused to honor her requests for accommodations, such as schedule modifications that would enable her to pump between flights or temporary reassignment to a ground position, Plaintiff Stacy Rewitzer was forced off the job during the entire duration of the period she was breastfeeding. Plaintiff Renee Schwartzkopf was afraid to request accommodations at all for fear of losing her income, and was left with no choice but to pump breast milk for her child in an unsanitary airplane lavatory, fearing daily the loss of her job. Plaintiff Melissa Hodgkins made the heartbreaking decision to give up breastfeeding in order to return to work following the birth of both of her babies due to the lack of available or appropriate accommodations. Plaintiff Heather Crowe was faced with the same painful decision earlier this year when Frontier ignored her requests for a temporary ground position so she could continue to breastfeed her newborn.

**ANSWER:      Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 3 of Plaintiffs' Complaint and therefore, denies them.**

4.      Frontier's policies and practices challenged here are a legacy of the long and unfortunate history of sex discrimination in the airline industry as a whole. Most airlines at one time had explicit policies forcing female flight attendants off the job when they got married or became pregnant, subjecting them to discriminatory requirements related to their weight and appearance, and imposing blatant gender stereotypes. One infamous ad contained the tagline, "I'm Cheryl, fly me!" Although many of these more overt practices have been abandoned in the face of lawsuits and public outcry, more subtle forms of discrimination persist, many of which have the same effect of forcing women off the job, especially when they become pregnant or have children.

**ANSWER:     The allegations set forth in Paragraph 4 of the Complaint state a legal**

**conclusion to which no response is required.**

5.      Frontier's policies and practices have had precisely that effect. Plaintiffs allege on behalf of themselves and a class of all similarly situated workers that Frontier has systematically discriminated against pregnant and breastfeeding flight attendants by penalizing them for pregnancy-related absences protected under the FMLA, singling out pregnancy and breastfeeding for worse treatment than other conditions, and failing to comply with Colorado laws that require employers to accommodate pregnancy and related medical conditions and specifically mandate the provision of break time and a private, sanitary location to pump. Plaintiffs seek commonsense policy changes that would enable pregnant and breastfeeding flight attendants to continue working and eliminate the many disadvantages they suffer, compensation for themselves and other women who have been similarly harmed, as well as a declaration that Frontier's policies and practices were unlawful.

**ANSWER:      The allegations set forth in Paragraph 5 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

6.      The principal policies and practices challenged in this case include:

a.      Penalization of Pregnancy Under the Dependability Policy: Like all pregnant workers, Plaintiffs required regular prenatal care, and several developed medical conditions such as fatigue, pain, swelling, or nausea that required them to take time off from work. Yet under its strict "dependability policy," Frontier penalized them and other pregnant flight attendants for certain absences related to pregnancy. This practice discriminated against Plaintiffs by treating pregnancy-related absences worse than other types of absences, including non-pregnancy-related absences under the FMLA and absences resulting from disabilities, and deterred Plaintiffs from using their legally

protected rights to pregnancy-related FMLA leave.

b.      Forced Unpaid Leave and Refusal to Accommodate Pregnancy: As is true for all pregnant flight attendants, particularly in the third trimester, Plaintiffs also eventually developed restrictions during the course of their pregnancies that rendered them unable to continue flying. As a result, Plaintiffs and other pregnant flight attendants found themselves grounded, often months before they had their babies, and forced to go on unpaid leave. Yet Frontier provided no options for flight attendants that would have enabled them to continue working during the period when they were grounded. Frontier has ignored or outright denied requests for temporary job reassignment from Plaintiffs and other pregnant flight attendants who have sought such an accommodation, while providing flight attendants with similar restrictions for reasons other than pregnancy the option to seek a temporary alternative assignment in a ground position.

c.      Refusal to Accommodate Breastfeeding and Ban on Pumping on Duty: Because Frontier offered flight attendants neither paid time off for recovery from childbirth nor any parental leave, and because many flight attendants used a significant portion of or exhausted their available leave under the FMLA due to being forced off the job at a certain point during their pregnancies, they were often expected to return to work within mere weeks of giving birth. Although many flight attendants, including Plaintiffs, were still breastfeeding when they returned to work, Frontier had no policy to address flight attendants' needs for accommodations related to breastfeeding. Frontier provided neither breaks to express breast milk nor accessible, sanitary facilities for flight attendants to use for pumping while they were working. And Frontier has systematically refused to respond

to Plaintiffs' requests for accommodations related to breastfeeding and to provide any such accommodations. Instead, Frontier has categorically denied all requested accommodations that would allow flight attendants who are breastfeeding to remain on the job, and informed them they would not be permitted to return to work until they were cleared of any restrictions, including that they no longer needed accommodations to pump. Frontier has gone so far as to prohibit flight attendants from pumping at all while on the job, even during breaks from their duties. Because flight attendants commonly work eight- to twelve- hour days, this effectively amounts to a ban on continuing to breastfeed after returning to work.

**ANSWER:     The allegations set forth in Paragraph 6 of Plaintiffs' Complaint, including its subparts, state a legal conclusion to which no response is required.**

7.      Plaintiffs allege, on behalf of themselves and the Classes they seek to represent, that Frontier's treatment of flight attendants who are pregnant or breastfeeding has violated and continues to violate state and federal law, including: Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e, et seq. ("Title VII"); the Family and Medical Leave Act, 5 U.S.C. § 6381 et seq. ("the FMLA"); the Colorado Law on Reasonable Accommodations for Pregnancy, Childbirth, and Related Conditions, Colo. Rev. Stat. Ann. § 24-34-402.3; the Colorado Workplace Accommodations for Nursing Mothers Act, Colo. Rev. Stat. § 13-1-124(1) ("WANMA"); and the Colorado Anti-discrimination Act, Colo. Rev. Stat. § 24-34-401 et seq. ("CADA"). They seek declaratory and injunctive relief and monetary damages to redress the effects of Frontier's systemic, pervasive and discriminatory employment policies and practices.

**ANSWER:     The allegations set forth in Paragraph 7 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

## JURISDICTION AND VENUE

8.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiffs are asserting federal claims under Title VII and the FMLA, as well as Colorado state law.

**ANSWER:    Paragraph 8 of Plaintiffs' Complaint states a legal conclusion to which no response is required.**

9.      This Court also has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

**ANSWER:    Paragraph 9 of Plaintiffs' Complaint states a legal conclusion to which no response is required.**

10.      Personal jurisdiction over Frontier Airlines is proper because Frontier does business in the state of Colorado, including operating its principle place of business in Denver County, Colorado, and a principle airline hub at Denver International Airport; because a substantial part of the events giving rise to the action occurred in Denver, Colorado; and because the employment records relevant to the challenged employment practices are maintained and administered in this District.

**ANSWER:    Paragraph 10 of Plaintiffs' Complaint states a legal conclusion to which no response is required.**

11.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the employment practices alleged to be unlawful were committed in and around Denver, Colorado.

**ANSWER:    Paragraph 11 of Plaintiffs' Complaint states a legal conclusion to which no response is required.**

12.      This Court has pendent jurisdiction over Plaintiffs' Colorado state law claims brought under the Colorado Law on Reasonable Accommodations for Pregnancy and Related

Conditions, CADA, and WANMA, as those claims arise from the same nucleus of operative facts as Plaintiffs' federal statutory claims.

**ANSWER:**   Paragraph 12 of Plaintiffs' Complaint states a legal conclusion to which no response is required.

## PARTIES

13.    Plaintiff Melissa Hodgkins is and has been at all relevant times a flight attendant employed by Frontier Airlines. She was at all times relevant hereto a resident of and domiciled in Littleton, Colorado. She has been based out of Denver International Airport for the majority of the relevant time period.

**ANSWER:**   Defendant admits Plaintiff Melissa Hodgkins has been a flight attendant employed by Defendant. Defendant admits, upon information and belief, the remaining allegations set forth in Paragraph 13 of Plaintiffs' Complaint.

14.    Plaintiff Stacy Rewitzer (née Schiller), is and has been at all relevant times a flight attendant employed by Frontier Airlines. She was at all times relevant hereto a resident of and domiciled in Castle Rock, Colorado. She is based out of Denver International Airport.

**ANSWER:**   Defendant admits Plaintiff Stacy Rewitzer has been a flight attendant employed by Defendant. Defendant admits, upon information and belief, the remaining allegations set forth in Paragraph 14 of Plaintiffs' Complaint.

15.    Plaintiff Heather Crowe is and has been at all relevant times a flight attendant employed by Frontier Airlines. She was based in Orlando, Florida from September 2015 through February 2016. She was at all other times relevant hereto a resident of and domiciled in Denver, Colorado. She is based out of Denver International Airport.

**ANSWER:**   Defendant admits Plaintiff Heather Crowe has been a flight attendant employed by Defendant. Defendant admits, upon information and belief, the remaining allegations set forth in Paragraph 15 of Plaintiffs' Complaint.

16.    Plaintiff Renee Schwartzkopf is and has been at all relevant times a flight attendant

employed by Frontier Airlines. She was at all times relevant hereto a resident of and domiciled in Denver, Colorado. She is based out of Denver International Airport.

**ANSWER:**   **Defendant admits Plaintiff Renee Schwartzkopf has been a flight attendant employed by Defendant. Defendant admits, upon information and belief, the remaining allegations set forth in Paragraph 16 of Plaintiffs' Complaint.**

17.   All of the Plaintiffs had worked for Defendant for over a year at the time of each of their pregnancies.

**ANSWER:**   **Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 17 of Plaintiffs' Complaint and therefore, denies them.**

18.   All of the Plaintiffs had worked at least 504 hours for the Defendant in the same year as each of their pregnancies.

**ANSWER:**   **Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 18 of Plaintiffs' Complaint and therefore, denies them.**

19.   Defendant Frontier Airlines is a corporation registered in and with a principle place of business located in Denver, Colorado.

**ANSWER:**   **Defendant admits that Frontier Airlines, Inc. is a Colorado corporation with a principal place of business located in Denver, Colorado.**

20.   Frontier Airlines had 50 or more employees within 75 miles of the locations where Plaintiffs worked.

**ANSWER:**   **Defendant admits that it has 50 or more employees within 75 miles of Denver, Colorado.**

## FACTUAL ALLEGATIONS

A.   **BACKGROUND RELEVANT TO PREGNANCY AND BREASTFEEDING**

21.   The typical duration of pregnancy is 40 weeks.

**ANSWER:**   **Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 21 of Plaintiffs' Complaint and therefore, denies them.**

22.     The condition of being pregnant does not by itself disqualify a flight attendant from flying.

**ANSWER:     Defendant admits the allegations set forth in Paragraph 22 of Plaintiffs' Complaint.**

23.     To decrease risks of negative health outcomes, pregnancy requires regular prenatal care, including regular doctors' visits that increase in frequency as a pregnancy progresses.

**ANSWER:     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 23 of Plaintiffs' Complaint and therefore, denies them.**

24.     For some individuals, pregnancy may cause physiological changes and conditions such as morning sickness, swelling, fatigue and pelvic pain. Depending on their individual health circumstances, a pregnant flight attendant's health care provider may also place restrictions on performing specific activities. These conditions or restrictions are likely to limit a pregnant flight attendant's ability to perform their job duties at a certain point during the pregnancy. The point at which that happens varies from person to person depending on individual medical circumstances along with other factors.

**ANSWER:     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 24 of Plaintiffs' Complaint and therefore, denies them.**

25.     Lactation is the production and secretion of breast milk by the mammary glands. Lactation arises following and as a direct result of pregnancy and childbirth due to hormones secreted in the body during and after birth.

**ANSWER:     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 25 of Plaintiffs' Complaint and therefore, denies them.**

26.     A broad consensus exists among medical and public health experts that breastfeeding is optimal for infants for a year or longer following birth, and that it has broad

developmental, psychological, social, economic and environmental benefits. According the United States Surgeon General, breastfeeding protects babies from illnesses like ear, skin, and respiratory infections, diarrhea, and vomiting, as well as longer-term conditions such as obesity, type 1 and 2 diabetes, and asthma. In addition, those who breastfeed their babies for the recommended duration themselves benefit from lower risks of post-partum depression, breast cancer, heart disease, and other ailments.

**ANSWER:** **Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 26 of Plaintiffs' Complaint and therefore, denies them.**

27.     All major leading medical associations, including the American Academy of Pediatrics, the American Academy of Family Physicians, the American Public Health Association, the American College of Obstetricians and Gynecologists, the American Academy of Nutrition and Dietetics, and the World Health Organization endorse breastfeeding as optimal because of the demonstrated health benefits both for those who breastfeed and their infants.

**ANSWER:** **Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 27 of Plaintiffs' Complaint and therefore, denies them.**

28.     The American Academy of Pediatrics recommends that infants be fed breast milk exclusively for the first six months following birth, and that after six months, they be fed primarily breast milk supplemented by other foods. Breastfeeding is recommended for at least a year "or as long as is mutually desired by mother and infant."

**ANSWER:** **Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 26 of Plaintiffs' Complaint and therefore, denies them.**

29.     Those who are breastfeeding and are separated from their babies must remove, or "express," breast milk from the breast, on roughly the same schedule as the baby's feeding schedule. This is usually accomplished by using a breast pump, which is a manual or electric device

for drawing milk from the breasts by suction, and the process of removing breast milk from the breasts with a pump is referred to as "pumping." Regular pumping ensures that there is a supply of milk on hand for the baby to take from a bottle regardless of whether the breastfeeding parent is physically present and helps to maintain adequate production of breast milk.

**ANSWER:   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 29 of Plaintiffs' Complaint and therefore, denies them.**

30.    While the pumping schedule varies from person to person based on numerous factors, those who are breastfeeding typically need to pump breast milk every two to three hours for the first year of their baby's life.

**ANSWER:   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 30 of Plaintiffs' Complaint and therefore, denies them.**

31.    The process of pumping typically takes between 15 and 25 minutes, depending on the individual.

**ANSWER:   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 31 of Plaintiffs' Complaint and therefore, denies them.**

32.    The process of pumping can, if necessary, be terminated at a moment's notice in roughly the same amount of time it would take to terminate a trip to the restroom for other physiological needs.

**ANSWER:   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 32 of Plaintiffs' Complaint and therefore, denies them.**

33.    Failure to remove milk from the breasts with sufficient frequency causes pain, swelling, discomfort, and leaking breast milk, and can lead to medical complications, including blocked ducts or mastitis, an infection of the breast tissue, as well as diminished milk supply, and ultimately cessation of lactation altogether.

**ANSWER:    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 33 of Plaintiffs' Complaint and therefore, denies them.**

34.    In accordance with the medical consensus in support of breastfeeding, the United States and the State of Colorado have adopted policies that support continuation of breastfeeding upon return to the workforce.

**ANSWER:    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 34 of Plaintiffs' Complaint and therefore, denies them.**

35.    Obstacles to pumping at work are associated with shorter duration of breastfeeding and are a leading reason that many workers terminate breastfeeding despite their desire to continue doing so.

**ANSWER:    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 35 of Plaintiffs' Complaint and therefore, denies them.**

36.    A restroom or lavatory is generally not considered an appropriate place to express breast milk and should be used only as a last resort. Even if a restroom is kept clean, the potential for contamination by harmful bacteria makes it risky to handle either breast pumping equipment or breast milk itself. There are also concerns related to comfort, privacy, and availability that apply to both single-user and multi-user facilities.

**ANSWER:    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 36 of Plaintiffs' Complaint and therefore, denies them.**

37.    In accordance with the strong medical consensus on the benefits of breast milk and breastfeeding, and in accordance with their doctors' recommendations, all Plaintiffs wished and intended to breastfeed their babies.

**ANSWER:    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 37 of Plaintiffs' Complaint and therefore, denies them.**

**B.    COMMON FACTUAL ALLEGATIONS AS TO FRONTIER'S POLICIES AND PRACTICES RELEVANT TO PREGNANCY AND BREASTFEEDING**

**Penalization of Pregnancy-Related Absences Under Frontier's "Dependability" Policy**

38.    At all relevant times Frontier had a policy of requiring employees to notify Frontier as soon as the employee learned they were pregnant.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 38 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the written policy to which they refer, which speaks for itself and is the best evidence of its contents.**

39.    At all relevant times Frontier maintained and continues to maintain a "Dependability Policy" under which flight attendants were assigned points for each attendance "occurrence" such as an absence or tardiness—including trips missed due to illness.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 39 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the policy to which they refer, which speaks for itself and is the best evidence of its contents.**

40.    Per the Employee Handbook in effect during the relevant time period, flight attendants received 1.5 points per occurrence even if they had a medical excuse from their doctor. Flight attendants began to face disciplinary action after accruing three to four points and were subject to termination after accruing eight points. Points would "roll off" after twelve months, but the clock for the twelve-month roll-off period would be frozen during the period of any FMLA or medical leave of absence, including time off to recover from childbirth.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 40 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the Employee Handbook to which they refer, which speaks for itself and is the best evidence of its contents.**

41.    The Dependability Policy exempted certain types of absences from accruing points, including "absences for approved leaves." Such leaves might include FMLA leaves, military leaves, and medical leaves. Excused absences did not trigger accrual of points under the policy.

The policy further permitted absences to be excused for reasons including "previous overtime, road trips, scheduled training classes, weather conditions or individual (such as a recognized disability-related situation) or facility/business conditions" upon approval by the manager of the department.

**ANSWER:** **Defendant denies the allegations set forth in Paragraph 41 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the policy to which they refer, which speaks for itself and is the best evidence of its contents.**

42.    The Dependability Policy allowed flight attendants with six months of perfect attendance to be awarded two credit points to their "bank" of available days off for twelve months, which could result in up to six hours (three hours if part-time) of bonus pay over a twelve-month period.

**ANSWER:** **Defendant denies the allegations set forth in Paragraph 41 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the policy to which they refer, which speaks for itself and is the best evidence of its contents.**

43.    Frontier's discriminatory Dependability Policy has resulted in harsh consequences for pregnant flight attendants. Although a pregnancy-related absence should qualify as an absence that would not accrue points under the Dependability Policy because it qualifies for FMLA leave, in practice, Frontier has routinely assigned points to flight attendants for absences related to pregnancy and has refused to re-code those absences after the fact in a manner that would exempt them from accruing points.

**ANSWER:** **Defendant denies the allegations set forth in Paragraph 43 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the policy to which they refer, which speaks for itself and is the best evidence of its contents. Defendant denies the remaining allegations set forth in Paragraph 43 of Plaintiffs' Complaint.**

44.    The Dependability Policy also made it nearly impossible for pregnant flight attendants to achieve perfect attendance records due to common pregnancy-related health issues

as well as the need to obtain regular prenatal care.

**ANSWER:     Defendant denies the allegations set forth in Paragraph 44 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the policy to which they refer, which speaks for itself and is the best evidence of its contents. Defendant denies the remaining allegations set forth in Paragraph 44 of Plaintiffs' Complaint.**

**Forced Unpaid Leave and Refusal to Accommodate Pregnancy**

45.     Flight attendants who lose their certification to fly during pregnancy are grounded and placed on FMLA leave if they qualify, or on medical leave if they do not.

**ANSWER:     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 45 of Plaintiffs' Complaint and therefore, denies them.**

46.     Frontier did not offer paid leave to flight attendants who were grounded due to pregnancy or related conditions. Any FMLA or medical leave taken by flight attendants who were grounded as a result of pregnancy or pregnancy-related conditions was unpaid, except to the extent that a flight attendant was able to use any accrued paid time off during the leave.

**ANSWER:     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 46 of Plaintiffs' Complaint and therefore, denies them.**

47.     Frontier has maintained a policy, pattern or practice of refusing to engage in an interactive process with or to provide reasonable accommodations, including temporary alternative job assignments, to flight attendants who are grounded due to pregnancy or related conditions. Instead Frontier has ignored or categorically denied all requests for accommodation that would enable pregnant flight attendants to continue working during the period when they are grounded.

**ANSWER:     Defendant denies the allegations set forth in Paragraph 47 of Plaintiffs' Complaint.**

48.     At all relevant times, Frontier has maintained a policy pursuant to the Americans with Disabilities Act ("ADA") under which it engages in an interactive process with and provides

reasonable accommodations to qualified individuals with disabilities, including accommodations such as job restructuring, modified work schedules, reassignment to vacant positions, and adjustment or modification of job duties.

**ANSWER:**   **The allegations set forth in Paragraph 48 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

49.     At all relevant times, Frontier has also maintained a policy or practice of providing accommodations such as temporary alternative job reassignment to flight attendants with medical conditions unrelated to pregnancy or childbirth, including flight attendants with on-the-job injuries.

**ANSWER:**   **Defendant denies the allegations set forth in Paragraph 49 of Plaintiffs' Complaint.**

50.     Upon information and belief, Frontier has provided temporary ground assignments to flight attendants recovering from on-the-job injuries resulting from incidents ranging from falling off of the employee bus, tripping on ice, having hot coffee splattered in the face, and tripping in the airplane aisle.

**ANSWER:**   **Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 50 of Plaintiffs' Complaint and therefore, denies them.**

51.     Upon information and belief, Frontier has also offered a flight attendant who suffered from a pulmonary embolism off of the job and who was not fit to fly the opportunity to work at Frontier's General Office in connection with recruiting.

**ANSWER:**   **Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 51 of Plaintiffs' Complaint and therefore, denies them.**

52.     Upon information and belief, Frontier has permitted flight attendants with medical conditions and on-the-job injuries to work at a Goodwill Industries thrift store or to do office work

while receiving a paycheck from Frontier. For example, upon information and belief, Frontier assigned at least one other flight attendant to work at a Goodwill Industries thrift store when she was injured on the job due to turbulence.

**ANSWER:   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 52 of Plaintiffs' Complaint and therefore, denies them.**

**Refusal to Accommodate Breastfeeding and Ban on Pumping While on Duty**

53.     During the relevant time period, Frontier's Collective Bargaining Agreement ("CBA") referenced "maternity leave," but did not have any policy providing for a specified period of paid or unpaid maternity leave or parental leave for flight attendants after giving birth, outside of what may have been available under the FMLA. Instead, Frontier's "maternity leave" consisted of the period of unpaid leave that commenced when the flight attendant lost clearance to fly during pregnancy.

**ANSWER:   Defendant denies the allegations set forth in Paragraph 53 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the Collective Bargaining Agreement ("CBA") to which they refer, which speaks for itself and is the best evidence of its contents.**

54.     Flight attendants who take time off after giving birth are placed on FMLA leave if they qualify, or on medical leave if they do not. Both forms of leave are unpaid. Medical leaves are intended for an employee's own illness, injury, or pregnancy, and are granted at the discretion of Frontier.

**ANSWER:   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 54 of Plaintiffs' Complaint and therefore, denies them**

55.     Many flight attendants, including several of the Plaintiffs, use or used a significant amount of the twelve weeks available under FMLA during their pregnancy and therefore were due to return to work before they had fully recovered from childbirth. Many flight attendants, including

all Plaintiffs, were still breastfeeding their babies at the time they were due to return to work.

**ANSWER:** **Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 55 of Plaintiffs' Complaint and therefore, denies them.**

56.     At all relevant times, Frontier had no written policies related to flight attendants who were breastfeeding.

**ANSWER:** **Defendant denies the allegations set forth in Paragraph 56 of Plaintiffs' Complaint.**

57.     At all relevant times, Frontier has not asked flight attendants who are preparing to return to work following childbirth whether they intend to pump at work. Unless the flight attendant specifically requested accommodations related to breastfeeding, Frontier did not discuss or provide guidance to flight attendants as to what was or was not permitted with respect to pumping on the job.

**ANSWER:** **Defendant denies the allegations set forth in Paragraph 57 of Plaintiffs' Complaint.**

58.     At all relevant times, Frontier has provided flight attendants with break time for physiological needs such as using the restroom, but it has not provided break time for the purpose of expressing breast milk for their nursing child.

**ANSWER:** **Defendant denies the allegations set forth in Paragraph 58 of Plaintiffs' Complaint.**

59.     At all relevant times, Frontier has not provided any non-bathroom locations near employees' work areas where flight attendants who are breastfeeding are able to pump breast milk while they are working.

**ANSWER:** **Defendant denies the allegations set forth in Paragraph 59 of Plaintiffs' Complaint.**

60.     At all relevant times, pumping in the lavatory was a widespread practice among

flight attendants who were breastfeeding, despite it being unsanitary, cramped, and uncomfortable.

**ANSWER:   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 60 of Plaintiffs' Complaint and therefore, denies them.**

61.     Frontier has maintained a policy, pattern, or practice of refusing to provide reasonable accommodations to flight attendants who were breastfeeding that would have enabled them to continue breastfeeding and still return to work without risking their health. Instead Frontier has ignored or categorically denied all accommodation requests related to breastfeeding.

**ANSWER:   Defendant denies the allegations set forth in Paragraph 61 of Plaintiffs' Complaint.**

62.     Frontier has maintained a policy, pattern, or practice of requiring flight attendants who request accommodations related to breastfeeding, including Plaintiffs, to be clear of all restrictions—and specifically, of restrictions related to their need to pump breast milk—in order to return to duty.

**ANSWER:   Defendant denies the allegations set forth in Paragraph 62 of Plaintiffs' Complaint.**

63.     Frontier has maintained a policy, pattern, or practice of prohibiting flight attendants who request accommodations related to breastfeeding, including Plaintiffs, from pumping while on duty.

**ANSWER:   Defendant denies the allegations set forth in Paragraph 63 of Plaintiffs' Complaint.**

64.     Flight attendants at Frontier commonly work ten to twelve hours a day, with flight times ranging from approximately one to five hours. Frequently, flight attendants have overnight trips of two to four nights in length, spanning multiple cities.

**ANSWER:   Defendant denies the allegations set forth in Paragraph 64 of Plaintiffs' Complaint.**

65.     Under Frontier's CBA, flight attendants bid for their schedules about a month prior to the schedule being issued. Bidding is based on seniority such that flight attendants with longer tenure with the company, and thus more seniority, receive priority in bidding for flights.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 65 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the CBA to which they refer, which speaks for itself and is the best evidence of its contents.**

66.     As a result of the seniority system, flight attendants who have been with the company less time have even less control over their schedules than those with more seniority. Flight attendants with lower seniority tend to be younger than those with more seniority, and many with lower seniority are at an age where they are starting and/or growing their families.

**ANSWER:    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 66 of Plaintiffs' Complaint and therefore, denies them.**

67.     It is difficult or impossible for most flight attendants who are breastfeeding to bid for and obtain a schedule that would consistently provide short enough flights and a long enough time on the ground between flights to allow them to pump regularly or at all between flights on or off the airplane, without also resorting to pumping during the flight.

**ANSWER:    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 67 of Plaintiffs' Complaint and therefore, denies them.**

68.     There is typically a period of time lasting around 45 minutes between flights; however, flight attendants are required to report to the aircraft 45 minutes before departure and have duties on board both before and after each flight.

**ANSWER:    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 68 of Plaintiffs' Complaint and therefore, denies them.**

69.     The flight attendants' duties of deplaning, cleaning, and reboarding the aircraft

frequently take up all the available time on the ground between flights such that flight attendants are generally unable to leave the plane between flights. Additionally, the period on the ground is sometimes compressed due to flight delays.

**ANSWER:   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 69 of Plaintiffs' Complaint and therefore, denies them.**

70.     Flight attendants may experience longer duty days without prior notice during periods of "Irregular Operations," which are defined as disruptions in the schedule caused by circumstances outside of Defendant's control. Shifts may last up to 16 hours a day during Irregular Operations.

**ANSWER:   Defendant denies the allegations set forth in Paragraph 70 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the document from which it quotes, which speaks for itself and is the best evidence of its contents.**

71.     Once the plane is airborne, flight attendants' duties include snack and beverage service, collecting trash, and responding to individual passenger inquiries.

**ANSWER:   Defendant admits and states that the job duties of a flight attendant are memorialized in a job description as amended from time to time, which document speaks for itself.**

72.     When these duties are complete, there are frequently substantial periods of time when flight attendants are unoccupied. During such times, it is customary for them to talk, eat, or read in the back of the plane. It is commonplace for flight attendants to take short breaks or visit the restroom during those unoccupied periods.

**ANSWER:   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 72 of Plaintiffs' Complaint and therefore, denies them.**

73.     Frontier does not prohibit or monitor in any way flight attendants' breaks or use of the restroom while on duty to take care of other personal or physical needs, such as going to the

bathroom, applying makeup, or otherwise attending to their personal appearance.

**ANSWER:**    **Defendant denies the allegations set forth in Paragraph 73 of Plaintiffs' Complaint.**

74.    Frontier flight attendants are trained to attend to emergencies, including emergencies when one or more other crewmembers are incapacitated.

**ANSWER:**    **Defendant admits the allegations set forth in Paragraph 74 of Plaintiffs' Complaint.**

75.    Despite flight attendants' freedom to use their unoccupied time more or less as they desire, Frontier has banned flight attendants who disclose that they are breastfeeding from using this time to pump breast milk while they are on duty.

**ANSWER:**    **Defendant denies the allegations set forth in Paragraph 75 of Plaintiffs' Complaint.**

C.    **INDIVIDUAL    FLIGHT    ATTENDANTS'/CLASS    REPRESENTATIVES' FACTUAL ALLEGATIONS**

**Stacy Rewitzer**

76.    Ms. Rewitzer has been employed as a flight attendant at Frontier since 2006. Ms. Rewitzer became pregnant with her son in August 2015 and worked until the 28th week of her pregnancy.

**ANSWER:**    **Defendant admits Ms. Rewitzer has been employed by Defendant as a flight attendant since 2006. Further responding, Defendant states that it lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 76 of Plaintiffs' Complaint and therefore, denies them.**

77.    Due to complications associated with her high-risk pregnancy, Ms. Rewitzer exhausted her FMLA leave during the first trimester of her pregnancy. As a result, she went on "non-FMLA medical leave" and personal leave when she was no longer able to fly. Aside from several days that were covered by accrued paid vacation leave, the leave was unpaid.

**ANSWER:   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 77 of Plaintiffs' Complaint and therefore, denies them.**

78.     Ms. Rewitzer gave birth on May 17, 2016 and was cleared by her doctor to return to work on August 9, 2016, with a restriction on lifting, pushing, pulling, or carrying more than 25 pounds.

**ANSWER:   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 78 of Plaintiffs' Complaint and therefore, denies them.**

79.     On August 23, 2016, Ms. Rewitzer spoke with Frontier's Manager in Workers Compensation & Leaves of Absence, Julie Pariseau, to inquire about breastfeeding accommodations for Ms. Rewitzer's return to work, and specifically, about Frontier providing a place other than a restroom to express breast milk every two to three hours. She also raised the possibility of a temporary ground assignment. During that conversation, Ms. Pariseau asked Ms. Rewitzer why she was not resigning due to her need for breastfeeding accommodations.

**ANSWER:   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 79 of Plaintiffs' Complaint and therefore, denies them.**

80.     Frontier provided Ms. Rewitzer with a list of approved lactation rooms at outstations but did not respond to any of her other requests or offer her any assistance modifying her schedule. Instead, Frontier suggested that Ms. Rewitzer bid for trips with adequate ground time to allow for breaks to pump on the ground before and after the flight, without identifying any such options or offering any alternatives for when there was inadequate ground time to pump. When Ms. Rewitzer conveyed that it would not be possible to continue breastfeeding without accommodations, Frontier unilaterally placed Ms. Rewitzer on a non-FMLA medical leave.

**ANSWER:   Defendant denies the allegations set forth in Paragraph 80 of Plaintiffs' Complaint.**

81.     On August 26, 2016, Ms. Rewitzer emailed Ms. Pariseau to inform her that she would be willing to continue working for Frontier in another capacity if Frontier was not able to provide accommodations that would allow her to continue performing her duties as a flight attendant. Ms. Rewitzer suggested that she could work at Frontier's General Office one or two days a week to help with hiring or fill in for someone who was on vacation. Frontier never responded to this request.

**ANSWER:     Defendant denies the allegations set forth in Paragraph 81 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the email correspondence to which they refer, which speaks for itself and is the best evidence of its contents.**

82.     Over the next several months, from September 2016 through April 2017, Ms. Rewitzer made numerous requests proposing a variety of other potential accommodations, including temporary assignment to a ground position, regular breaks, preference for shorter flights and for trips with longer times on the ground, provision of clean, private, secure, and convenient pumping locations at outstations, confirmation that she would not be disciplined for pumping on board in the galley if necessary during the flight, or an extension of her medical leave. Ms. Rewitzer also indicated that she was open to discussing any other alternatives. Frontier Human Resources personnel responded by extending Ms. Rewitzer's medical leave in 30-day increments.

**ANSWER:     Defendant denies the allegations set forth in Paragraph 82 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the written communications to which they refer, which are the best evidence of their contents and speak for themselves.**

83.     In correspondence with Ms. Rewitzer from February through April 2017, Frontier made clear that it was prohibiting her pumping at all while on duty. In February 2017, Ms. Pariseau stated that Frontier "cannot offer any accommodations to nursing flight attendants" and that there

was "no other option" than for Ms. Rewitzer to "return to work full duty without any restrictions, including nursing accommodations." In March 2017, Ms. Pariseau reminded Ms. Rewitzer that she must be released "without any restrictions or accommodation requests" before she could return to work. In April 2017, Frontier again stated that Frontier "can not [sic] accommodate any restrictions for a safety sensitive position" and that if Ms. Rewitzer needed any of the requested accommodations then she would "need to be out on medical leave until [she was] released without restrictions." Frontier never responded to her other requests.

**ANSWER:**  **Defendant denies the allegations set forth in Paragraph 83 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with the written correspondence to which they refer, which speaks for itself and is the best evidence of its contents.**

84.     Ms. Rewitzer remained on unpaid medical leave from August 2016 through June 2017, despite being willing and able to return to work with accommodations.

**ANSWER:**  **Defendant denies the allegations set forth in Paragraph 84 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with Plaintiff's personnel records, which speak for themselves and are the best evidence of their contents.**

85.     In January 2016, Ms. Rewitzer took medically necessary absences on January 2-6 and January 10-14 due to pregnancy and pregnancy-related conditions or disabilities, including insomnia, fatigue, and digestive issues. As a result, she accrued three points under the Dependability Policy, resulting in her having a total of 7.5 points, leaving her half a point away from being terminated.

**ANSWER:**  **Defendant denies the allegations set forth in Paragraph 85 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with Ms. Rewitzer's personnel records, which speak for themselves and are the best evidence of their contents.**

86.     Over the next several months, she made repeated requests to have the three points she had accrued in January for pregnancy complications re-categorized as approved FMLA

medical leave. Frontier denied each of those requests.

**ANSWER:   Defendant denies the allegations set forth in Paragraph 86 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with Ms. Rewitzer's personnel records, which speak for themselves and are the best evidence of their contents.**

87.     Ms. Rewitzer also made repeated requests for excused days off for trips on February 7-11 due to pregnancy-related health complications. Frontier denied those requests on the ground that the dates coincided with Super Bowl weekend. Ms. Rewitzer worked the trip for fear of accruing dependability points, despite her anxiety and her doctor's recommendation. She stopped working immediately after that trip and went on leave for the remainder of her pregnancy.

**ANSWER:   Defendant denies the allegations set forth in Paragraph 87 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with Ms. Rewitzer's personnel records, which speak for themselves and are the best evidence of their contents.**

88.     Frontier's Dependability Policy harmed Ms. Rewitzer by causing her to accrue points for absences related to pregnancy, deterring her from calling in sick when she was sick or needed medical care during her pregnancy for fear of jeopardizing her job, and for fear that she would have no points left after her baby was born should her baby get sick and she need to miss work.

**ANSWER:   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 88 of Plaintiffs' Complaint and therefore, denies them.**

89.     As a result of Frontier's policies relating to pregnancy and its refusal to accommodate Ms. Rewitzer's pregnancy or her medical need to express breast milk, Ms. Rewitzer has suffered economic harms, including lost income, increased out-of-pocket costs of health insurance, and loss of accrued benefits and seniority, as well as non-economic harms, including physical pain and suffering and emotional distress.

**ANSWER:   The allegations set forth in Paragraph 89 of Plaintiffs' Complaint state a legal**

conclusion to which no response is required.

90.     Ms. Rewitzer continues to be subject to Frontier's discriminatory policies and practices on an ongoing basis. These policies have impacted and continue to impact her plans with respect to her family and her personal reproductive decisions.

**ANSWER:     The allegations set forth in Paragraph 90 of Plaintiffs' Complaint concerning its policies and practices requires a legal conclusion to which no response is required.**

**Melissa Hodgkins**

91.     Ms. Hodgkins has been employed as a flight attendant at Frontier since 2007.

**ANSWER:     Defendant admits the allegations set forth in Paragraph 91 of Plaintiffs' Complaint.**

92.     Ms. Hodgkins has had two children while employed at Frontier, in 2015 and 2017.

**ANSWER:     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 92 of Plaintiffs' Complaint and therefore, denies them.**

93.     Prior to her return to work after both of her pregnancies, Frontier did not inform her of any policy regarding flight attendants who are breastfeeding or regarding pumping while on duty.

**ANSWER:     Defendant denies the allegations set forth in Paragraph 93 of Plaintiffs' Complaint.**

94.     After having her first baby, Ms. Hodgkins knew that if she were to attempt to continue breastfeeding, she would have to find a way to pump breast milk while working. She understood from speaking with other Frontier employees who had nursed their babies that it was their practice to pump in the aircraft lavatories. Ms. Hodgkins did not want to pump in the restroom because of concerns about sanitation. She also did not think she could make pumping work in light of her relatively low seniority and her unpredictable schedule. She therefore weaned her baby prior

to returning to work, despite her desire to breastfeed until her baby was at least a year old.

**ANSWER:** **Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 94 of Plaintiffs' Complaint and therefore, denies them.**

95.     Ms. Hodgkins became pregnant with her second child in April 2017. During her pregnancy, Ms. Hodgkins accrued 1.5 points under Frontier's Dependability Policy for an absence in August due to pregnancy-related fatigue.

**ANSWER:** **Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 95 of Plaintiffs' Complaint and therefore, denies them.**

96.     Ms. Hodgkins' physician informed her that she should not fly after November 16, 2017 due to a lifting restriction that would commence at that time. On October 17 and 26, 2017, Ms. Hodgkins requested a ground assignment starting on that date until the end of her pregnancy.

**ANSWER:** **Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 96 of Plaintiffs' Complaint and therefore, denies them.**

97.     On October 30, 2017, Frontier denied Ms. Hodgkins' request, stating that "Frontier does not provide temporary light duty assignments at its corporate headquarters or at the airport as an accommodation to any flight attendant for a medical condition." Frontier then placed Ms. Hodgkins on unpaid leave starting on November 8, 2017 stating that she was "not cleared to fly at this time," even though it was a week before the lifting restriction placed by her doctor was to take effect. As a result, she was grounded from her already-scheduled flights.

**ANSWER:** **Defendant denies the allegations set forth in Paragraph 97 of Plaintiffs' Complaint to the extent they mischaracterize or are otherwise inconsistent with Defendant's written communications with Ms. Hodgkins and/or Ms. Hodgkins' personnel records, which speak for themselves and are the best evidence of their contents.**

98.     After she gave birth, Ms. Hodgkins felt that in light of her past experience, her only option was to remain on unpaid medical leave for the period of time she was breastfeeding, and

then to wean her baby before returning to work.

**ANSWER:** **Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 98 of Plaintiffs' Complaint given that they concern her personally held beliefs and therefore, denies them.**

99.     Ms. Hodgkins had also become aware of the experiences of Ms. Rewitzer, as well as another flight attendant, Jo Roby, who had been forced onto unpaid leave in January 2017 after inquiring about accommodations for pumping, including requesting schedule modifications and permission to pump during flight. Upon information and belief, Ms. Roby, like Ms. Rewitzer, had been grounded as a result of her accommodation requests, and prohibited from pumping while on duty, on the ground or in flight, on the basis that it would pose safety risks to herself and to others.

**ANSWER:** **Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 99 of Plaintiffs' Complaint and therefore, denies them.**

100.     For fear of being grounded, Ms. Hodgkins weaned her baby before returning to work. She would have continued breastfeeding for significantly longer had there been any other options available.

**ANSWER:** **Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 100 of Plaintiffs' Complaint and therefore, denies them.**

101.     As a result of Frontier's policies relating to pregnancy and its refusal to accommodate Ms. Hodgkins' pregnancy or breastfeeding, Ms. Hodgkins has suffered economic harms, including lost income, increased out-of-pocket costs of health insurance, and loss of accrued benefits and seniority, as well as non-economic harms, including physical pain and suffering and emotional distress.

**ANSWER:** **Defendant denies the allegations set forth in Paragraph 101 of Plaintiffs' Complaint.**

102.     Frontier's Dependability Policy harmed Ms. Hodgkins by causing her to accrue

points for absences related to pregnancy, and deterring her from calling in sick when she was herself sick or needed medical care during her pregnancy for fear of jeopardizing her job, and for fear that she would have no points left after her babies were born should they get sick and she need to miss work.

**ANSWER:   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 102 of Plaintiffs' Complaint and therefore, denies them.**

103.   Ms. Hodgkins continues to be subject to Frontier's discriminatory policies and practices on an ongoing basis, and these policies have impacted and continue to impact her plans with respect to her family and her personal reproductive decisions.

**ANSWER:   The allegations set forth in Paragraph 103 of Plaintiffs' Complaint concerning its policies and practices requires a legal conclusion to which no response is required.**

**Renee Schwartzkopf**

104.   Ms. Schwartzkopf has been employed as a flight attendant at Frontier since 2006.

**ANSWER:   Defendant admits the allegations set forth in Paragraph 104 of Plaintiffs' Complaint.**

105.   Ms. Schwartzkopf became pregnant with her son in May 2016 and worked until approximately the 34th week of her pregnancy, in late December 2016, when she went out on leave. Aside from the four weeks that were covered by accrued paid vacation, her parental leave was unpaid.

**ANSWER:   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 105 of Plaintiffs' Complaint and therefore, denies them.**

106.   After she gave birth to her son by cesarean section on January 30, 2017, Ms. Schwarzkopf's doctor certified that she could return to work without restrictions on April 1, 2017.

**ANSWER:   Defendant denies the allegations set forth in Paragraph 106 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with Ms. Schwartzkopf's**

**medical file, which speaks for itself and is the best evidence of its contents.**

107.    Frontier required Ms. Schwartzkopf to attend a day-long recurrent training on April 21, 2017 before she could return to flying. Her son was three months old at the time and she had a medical need to express breast milk every two to three hours for about 10 to 20 minutes.

**ANSWER:    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 107 of Plaintiffs' Complaint and therefore, denies them.**

108.    Ms. Schwartzkopf informed Frontier of her medical need for breaks to express breast milk during training and submitted the required "Request for Accommodation" paperwork, which required her doctor to describe her medical "impairment." She submitted the form and was permitted breaks to pump breast milk during the training.

**ANSWER:    Defendant admits Ms. Schwartzkopf submitted paperwork related to her Request for Accommodation, which documents speak for themselves.**

109.    Although Frontier's Human Resources and Leave of Absence departments were aware that Ms. Schwartzkopf was breastfeeding due to her accommodation requests prior to the April training, the company never advised her of any policy regarding pumping in flight or told her that she was prohibited from doing so.

**ANSWER:    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 109 of Plaintiffs' Complaint and therefore, denies them.**

110.    Frontier also never provided Ms. Schwartzkopf with a list of approved locations to pump, either at Denver International Airport or at outstations.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 110 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with Ms. Schwartzkopf's personnel records, which speak for themselves and are the best evidence of their contents.**

111.    Ms. Schwartzkopf was aware that Frontier had prohibited some breastfeeding flight attendants who had requested accommodations—including Ms. Rewitzer and Ms. Roby—from

pumping breast milk while on duty, and that as a result of Frontier's refusal to provide reasonable accommodations for breastfeeding, they had been placed on unpaid medical leave.

**ANSWER:   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 111 of Plaintiffs' Complaint and therefore, denies them.**

112.   Several flight attendants who had breastfed their children told Ms. Schwartzkopf that it was common practice for employees who were nursing to pump on board the plane during quiet periods of a flight.

**ANSWER:   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 112 of Plaintiffs' Complaint and therefore, denies them.**

113.   Ms. Schwartzkopf and her family were not in a financial position to risk months without her income. She feared that she, too, would be forced onto unpaid leave if she requested additional accommodations.

**ANSWER:   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 113 of Plaintiffs' Complaint and therefore, denies them.**

114.   She bid for and was awarded a Job Share (part-time hours) for May–June 2017 and returned to a regular full-time flight schedule in July 2017. At the time she returned to work in April 2017, she was still breastfeeding.

**ANSWER:   Defendant denies the allegations set forth in Paragraph 114 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with Ms. Schwartzkopf's personnel records, which speak for themselves and are the best evidence of their contents.**

115.   It was generally not feasible for Ms. Schwartzkopf to pump on the ground in between flights because the time between flights was too short and she was typically engaged in active duties related to deplaning and boarding passengers, preparing the airplane for the next flight, and conducting the required safety checks.

**ANSWER:   Defendant lacks sufficient knowledge or information regarding the allegations**

set forth in Paragraph 115 of the Complaint and therefore, denies them.

116.    It was not possible for her to bid for a schedule that would consistently involve short enough flights and long enough time on the ground between flights to allow her to pump in the airport facilities.

**ANSWER:    Defendant lacks sufficient knowledge or information regarding the allegations set forth in Paragraph 116 of the Complaint and therefore, denies them.**

117.    Ms. Schwartzkopf had no choice but to pump in the family bathroom in Denver International Airport, or in the airplane lavatory while the plane was in flight between the times when she was actively engaged in her duties. All of these options were unsanitary.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 117 of Plaintiffs' Complaint.**

118.    Ms. Schwartzkopf did not request prior permission or inform a supervisor because she feared she might be prohibited from pumping in flight and forced onto unpaid leave, or that she might face disciplinary action that could cost her job.

**ANSWER:    Defendant lacks sufficient knowledge or information regarding the allegations set forth in Paragraph 118 of Plaintiffs' Complaint and therefore, denies them.**

119.    As a result of Frontier's policies and practices relating to pregnancy and its refusal to accommodate Ms. Schwarzkopf's pregnancy or her medical need to express breast milk, Ms. Schwartzkopf suffered non-economic harms, including physical pain and suffering and emotional distress.

**ANSWER:    The allegations set forth in Paragraph 119 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

120.    Frontier's Dependability Policy deterred Ms. Schwartzkopf from calling in sick when she was herself sick or needed medical care during her pregnancy, for fear of jeopardizing

her job, and for fear that she would have no points left after her baby was born should her baby

get sick and she need to miss work.

**ANSWER:**   **Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 120 of Plaintiffs' Complaint and therefore, denies them.**

121.   Ms. Schwartzkopf continues to be subject to Frontier's discriminatory policies and

practices on an ongoing basis, and these policies have impacted and continue to impact her plans

with respect to her family and her personal reproductive decisions.

**ANSWER:**   **The allegations set forth in Paragraph 121 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

**Heather Crowe**

122.   Ms. Crowe has had three children while employed at Frontier, in October 2013,

May 2016, and June 2018.

**ANSWER:**   **Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 122 of Plaintiffs' Complaint and therefore, denies them.**

123.   After each of her pregnancies, prior to her return to work, Frontier did not inform

her of any policy regarding flight attendants who are breastfeeding or regarding pumping while on

duty.

**ANSWER:**   **Defendant denies the allegations set forth in Paragraph 123 of Plaintiffs' Complaint.**

124.   When Ms. Crowe returned to work after each of her first two pregnancies, her

schedule did not allow her sufficient time to pump on the ground in between flights. She therefore

expressed milk in the aircraft lavatory during the times she was not actively engaged in her duties.

She often did not feel comfortable taking sufficient time to fully empty her breasts, and she

suffered from pain and engorgement on numerous occasions.

**ANSWER:**   **Defendant lacks sufficient knowledge or information to admit or deny the**

allegations set forth in Paragraph 124 of Plaintiffs' Complaint and therefore, denies them.

125.    On two separate occasions Ms. Crowe was informed by a fellow flight attendant while she was pumping in the lavatory that a passenger was having a medical emergency. Ms. Crowe immediately removed her pump and exited the lavatory to assist. On each occasion it took less than one or two minutes to stop pumping, exit, and start to assist with the passenger.

**ANSWER:    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 125 of Plaintiffs' Complaint and therefore, denies them.**

126.    During Ms. Crowe's second pregnancy, she had sinus infections that were exacerbated by her pregnancy, but she feared being absent from work because she might accrue points under the Dependability Policy. During her third pregnancy, she again suffered from a sinus infection and was unable to fly. Despite presenting Frontier with a note from her doctor, she still accrued points under the Dependability Policy for her absence.

**ANSWER:    Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 126 of Plaintiffs' Complaint and therefore, denies them.**

127.    After the birth of her second child, she sought to extend her leave beyond the time that remained to her under the FMLA in order to breastfeed. Frontier denied her request, stating that non-FMLA Medical Leave "may only be used for your own illness or injury" and that the "nature of [her] request noted does not meet the criteria of an illness or injury." Only after she was diagnosed with post-partum depression did Frontier extend her medical leave.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 127 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with Ms. Crowe's personnel records, which speak for themselves and are the best evidence of their contents.**

128.    During her third pregnancy, Ms. Crowe requested medical leave until her son had obtained seven or eight months of age, and after that, a ground position so that she could continue

to pump breast milk when she returned to work. Frontier ignored her request for a temporary ground position, but ultimately granted Ms. Crowe unpaid non-FMLA leave from August 18, 2018 through February 9, 2019.

**ANSWER:** **Defendant denies the allegations set forth in Paragraph 128 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with Ms. Crowe's personnel records, which speak for themselves and are the best evidence of their contents.**

129.    During her third pregnancy, she again suffered from a sinus infection and was unable to fly. Despite presenting Frontier with medical documentation, including a note from her obstetrician regarding her pregnancy-related condition, she still accrued points in March and April 2018 under the Dependability Policy for her pregnancy-related absences. These points remain on Ms. Crowe's record and have led to disciplinary action by Frontier.

**ANSWER:** **Defendant denies the allegations set forth in Paragraph 129 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with Ms. Crowe's personnel records, which speak for themselves and are the best evidence of their contents.**

130.    Ms. Crowe returned to work while she was still breastfeeding her third child and had no choice but to pump in the unsanitary airplane lavatory.

**ANSWER:** **Defendant lacks sufficient knowledge or information regarding the allegations set forth in Paragraph 130 of Plaintiffs' Complaint and therefore, denies them.**

131.    As a result of Frontier's policies relating to pregnancy and its refusal to accommodate Ms. Crowe's pregnancy or her medical need to express breast milk, she has suffered economic harms, including lost income, increased out-of-pocket costs of health insurance, and loss of accrued benefits and seniority, as well as non-economic harms, including physical pain and suffering and emotional distress.

**ANSWER:** **The allegations set forth in Paragraph 131 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

132.     Frontier's Dependability Policy harmed Ms. Crowe by causing her to accrue points for absences related to pregnancy, and deterring her from calling in sick when she was herself sick or needed medical care during her pregnancy for fear of jeopardizing her job, and for fear that she would have no points left after her baby was born should her baby get sick and she need to miss work.

**ANSWER:     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 132 of Plaintiffs' Complaint and therefore, denies them.**

133.     Ms. Crowe continues to be subject to Frontier's discriminatory policies and practices on an ongoing basis, and these policies have impacted and continue to impact her plans with respect to her family and her personal reproductive decisions.

**ANSWER:     The allegations set forth in Paragraph 133 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

**D.     EXHAUSTION OF ADMINISTRATIVE REMEDIES AND MEDIATION**

134.     Plaintiff Stacy Rewitzer filed an EEOC charge concerning the above-allegations on May 16, 2017.

**ANSWER:     Defendant admits Plaintiff Rewitzer filed a Charge of Discrimination, which document speaks for itself.**

135.     Plaintiffs Melissa Hodgkins and Renee Schwartzkopf filed EEOC charges concerning the above-allegations on October 6, 2017. Plaintiff Hodgkins supplemented the factual allegations in her charge on February 9, 2018.

**ANSWER:     Defendant admits Ms. Hodgkins and Ms. Schwartzkopf filed Charges of Discrimination, which documents speak for themselves.**

136.     Plaintiff Heather Crowe filed an EEOC charge concerning the above-allegations on June 15, 2018. Plaintiff Crowe supplemented the factual allegations in her charge on January 4,

2019.

**ANSWER:** **Defendant admits Ms. Crowe filed a Charge of Discrimination, which document speaks for itself.**

137.    On June 29, 2017, Plaintiffs entered an agreement with Defendant to toll the statute of limitations for Plaintiff Rewitzer (née Schiller)'s WANMA claims as of May 26, 2017 through the date of receipt of a Right to Sue letter from the EEOC. On October 18, 2019, Plaintiffs entered a supplemental agreement to toll the WANMA claims of Plaintiffs Schwartzkopf, Hodgkins, and Crowe as of August 8, 2018 through the date of receipt of a Right to Sue letter from the EEOC.

**ANSWER:** **Paragraph 137 of Plaintiffs' Complaint states a legal conclusion to which no response is required.**

138.    Since the time of the filing of their EEOC charges, Plaintiffs have made multiple mediation offers to Frontier. Frontier initially either did not respond or declined to mediate.

**ANSWER:** **Defendant denies the allegations set forth in Paragraph 138 of Plaintiffs' Complaint.**

139.    Most recently, on August 16, 2019, Plaintiffs proposed mediation and agreed to certain terms set by Frontier. Discussions regarding mediation terminated on September 24, 2019, when Frontier declined to mediate on those terms. Plaintiffs are therefore unable to resolve their claims through mediation.

**ANSWER:** **Defendant denies the allegations set forth in Paragraph 139 of Plaintiffs' Complaint.**

140.    On December 2, Plaintiffs requested a "Notice of Right to Sue" from the EEOC.

**ANSWER:** **Defendant admits upon information and belief that Plaintiffs requested a Notice of Right to Sue from the EEOC, the documents related to which speak for themselves.**

## CLASS ALLEGATIONS

141.    Ms. Hodgkins, Ms. Schwartzkopf, Ms. Rewitzer, and Ms. Crowe ("Named

Plaintiffs") incorporate by reference the allegations set forth in the above paragraphs.

**ANSWER:   Defendant incorporates by reference, as though specifically set forth herein, its responses to Paragraphs 1-140 of Plaintiffs' Complaint.**

142.    Named Plaintiffs seek to certify two Plaintiff Classes of flight attendants employed by Defendant Frontier Airlines and harmed by Defendant's policies and practices regarding pregnancy and lactation. Named Plaintiffs will seek to certify the Plaintiff Classes pursuant to Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure for both the purposes of injunctive and monetary relief. In the alternative, Named Plaintiffs will seek to certify the Plaintiff Classes pursuant to Rules 23(a), (b)(2), and (c)(4), or merely under Rules 23(a) and (b)(2).

**ANSWER:   The allegations set forth in Paragraph 142 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

143.    Named Plaintiffs seek class certification for purposes of the prosecution of all state and federal claims alleged herein. The limitations period for each federal or state law claim is the full statute of limitations period for each such claim.

**ANSWER:   The allegations set forth in Paragraph 143 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

144.    Named Plaintiffs bring this class action on behalf of the following classes ("the Classes"), defined as follows:

a.    "*Pregnancy Class*": All current and former Frontier flight attendants who became pregnant at any point during the class period.

b.    "*Breastfeeding Class*": All current and former Frontier flight attendants who breastfed, directly or by feeding their child their own expressed breast milk, while employed by Frontier, including those who breastfed while on any form of leave following the birth of a child, at any time during the class period.

**ANSWER:**   The allegations set forth in Paragraph 144 of Plaintiffs' Complaint state legal conclusions to which no response is required.

**Rule 23(a)**

145.   **Numerosity.** The members of the Classes are so numerous that joinder of all members of the Classes is impracticable. Upon information and belief, according to publicly available sources, Frontier employed approximately 1,500-1,600 flight attendants during the relevant time period, approximately 70% or more of whom (approximately 1,150) were female. More precise numbers are ascertainable through records maintained in the ordinary course of business by Defendant.

**ANSWER:**   The allegations set forth in Paragraph 145 of Plaintiffs' Complaint state a legal conclusion to which no response is required.

146.   Based on approximations drawn from average national fertility rates, between forty (40) and fifty-seven (57) flight attendants at Frontier could be expected to give birth each year during the class period. Named Plaintiffs estimate that the Pregnancy Class contains at least 100 members.

**ANSWER:**   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 146 of Plaintiffs' Complaint and therefore, denies them.

147.   Based on national statistics on breastfeeding initiation rates showing that for births in 2016, approximately 83% of women initiated breastfeeding, between thirty-three (33) and forty-seven (47) flight attendants could be expected to have breastfed each year during the class period. Named Plaintiffs estimate that the Breastfeeding Class contains at least 100 members.

**ANSWER:**   Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 147 of Plaintiffs' Complaint and therefore, denies them.

148.   **Commonality.** There are numerous questions of law or fact that are common to all

members of the Classes. The policies and practices challenged herein applied uniformly to all current Frontier flight attendants, including Named Plaintiffs and all members of the Classes. Named Plaintiffs and Plaintiff Class Members were all subjected to and injured by the same policies and practices. These policies and practices include:

     a.    *For the Pregnancy Class:*

         i.    Frontier's policy, pattern, or practice of penalizing pregnancy-related absences with accrual of points under its Dependability Policy.

         ii.    Frontier's policy, pattern, or practice of forcing pregnant flight attendants onto unpaid leave when they develop a restriction that renders them unable to fly during pregnancy and refusing to engage in an interactive process with or to provide reasonable accommodations to pregnant flight attendants during the time when they are grounded.

     b.    *For the Breastfeeding Class:*

         i.    Frontier's policy, pattern, or practice of refusing to engage in an interactive process with or to provide reasonable accommodations to flight attendants who are breastfeeding, and of requiring flight attendants who are breastfeeding to be "free of all restrictions" in order to return to work.

         ii.    Frontier's policy, pattern, or practice of prohibiting flight attendants from pumping breast milk while on duty.

         iii.    Frontier's refusal to make reasonable efforts to provide reasonable breaks and a private location for pumping, other than a lavatory, near employees' work areas.

**ANSWER:**   **The allegations set forth in Paragraph 148 of Plaintiffs' Complaint states legal conclusions to which no response is required.**

149.   There are accordingly questions of law and fact common to all members of the Classes. Common questions include, but are not limited to:

   a.   *For the Pregnancy Class:*

      i.   Whether Frontier's policy, pattern, or practice of penalizing pregnancy-related absences under its Dependability Policy (a) constitutes disparate treatment because of sex/pregnancy in violation of Title VII and/or CADA; (b) has a disparate impact because of sex/pregnancy in violation of Title VII and/or CADA; and (c) constitutes interference with rights protected by the FMLA.

      ii.   Whether Frontier's policy, pattern, or practice of forcing pregnant flight attendants onto unpaid leave when they develop a restriction that renders them unable to fly during pregnancy and refusing to engage in an interactive process with or to provide reasonable accommodations to pregnant flight attendants during the time when they are grounded (a) constitutes disparate treatment because of sex/pregnancy in violation of Title VII and/or CADA; (b) has a disparate impact because of sex/pregnancy in violation of Title VII and/or CADA; and (c) violates the Colorado Law on Reasonable Accommodations for Pregnancy, Childbirth, and Related Conditions.

   b.   *For the Breastfeeding Class:*

      i.   Whether Frontier's policy, pattern, or practice of refusing to engage in an interactive process with or provide accommodations to flight attendants who are breastfeeding (a) constitutes disparate treatment because of sex/pregnancy in

violation of Title VII and/or CADA; (b) has a disparate impact because of sex/pregnancy in violation of Title VII and/or CADA; and (c) violates the Colorado Law on Reasonable Accommodations for Pregnancy, Childbirth, and Related Conditions.

ii.      Whether Frontier's prohibition on pumping while on duty (a) constitutes disparate treatment because of sex/pregnancy in violation of Title VII and/or CADA; and (b) has a disparate impact because of sex/pregnancy in violation of Title VII and/or CADA.

iii.      Whether Frontier's refusal to make reasonable efforts to provide reasonable break time and a private location for pumping, other than a lavatory, near flight attendants' work areas violates WANMA.

c.      For both classes, the types of injunctive and/or declaratory relief that should be ordered with respect to the challenged policies and practices challenged herein.

d.      For both classes, the types of damages that should be awarded to Named Plaintiffs and the members of the Classes.

**ANSWER:**      **The allegations set forth in Paragraph 149 of Plaintiffs' Complaint state a legal conclusions to which no response is required.**

150.      Defendant is expected to raise common defenses to Named Plaintiffs' claims, including that its Dependability Policy is neutral as to pregnancy and is implemented in compliance with the FMLA, that not being pregnant or breastfeeding are bona fide occupational qualifications, that it has legitimate non-discriminatory reasons for categorically refusing to accommodate pregnancy and breastfeeding, that its refusal to accommodate pregnancy and breastfeeding is job-related and consistent with business necessity, that it does not provide

accommodations to flight attendants for any reason including disability, and/or that it did provide certain accommodations to breastfeeding flight attendants.

**ANSWER:**   **The allegations set forth in Paragraph 150 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

151.   Typicality. Named Plaintiffs' claims are typical of the claims of members of the Classes. Each of the Named Plaintiffs has been subjected to and harmed by the policies challenged herein. The claims of Named Plaintiffs and the members of the Classes arise from the same policies and practices and rely upon the same legal theories and factual allegations—namely, that the challenged policies and practices violate Title VII, the FMLA, the Colorado Law on Reasonable Accommodation of Pregnancy and Related Conditions, CADA, and WANMA. Named Plaintiffs and all other members of each Class have suffered similar injuries and detrimental effects arising out of and caused by Defendant's policies, patterns and practices as alleged herein. Specifically:

a.   With respect to the Pregnancy Class:

i.   Each of the Named Plaintiffs is a flight attendant currently employed by Frontier who worked at Frontier during one or more of their pregnancies and at the time they gave birth to one or more of their children.

ii.   Each of the Named Plaintiffs was subject to and was harmed by Frontier's policy, pattern, or practice of assigning "points" for pregnancy-related absences under its Dependability Policy, which caused accrual or fear of accrual of Dependability Points during pregnancy, denial of and deterrence from exercising their rights to use leave protected under the FMLA, loss of employment benefits, and risk of job loss.

iii.   Each of the Named Plaintiffs was subject to and harmed by

Frontier's policy, pattern, or practice of requiring pregnant flight attendants to go on unpaid leave when they develop pregnancy-related restrictions that render them unable to fly, and its refusal to engage in an interactive process or to provide pregnancy-related accommodations.

        iv.    As a result, each of the Named Plaintiffs suffered detrimental effects, injury, and damages, including, but not limited to, losses of income and employment benefits, emotional distress, and pain and suffering.

b.    With respect to the Breastfeeding Class:

        i.    Each of the Named Plaintiffs breastfed one or more of their babies while employed at Frontier.

        ii.    Each of the Named Plaintiffs was subject to and harmed by Frontier's refusal to engage in an interactive process or to provide accommodations related to breastfeeding.

        iii.    Each of the Named Plaintiffs was subject to and harmed by Frontier's prohibition on pumping breast milk while on duty.

        iv.    Each of the Named Plaintiffs was subject to and harmed by Frontier's refusal to make reasonable efforts to provide break time and a private location for pumping other than a lavatory near flight attendants' work areas.

        v.    As a result of these policies, each of the Named Plaintiffs suffered detrimental effects, injury and damages, including, but not limited to, losses of income and employment benefits, emotional distress, and pain and suffering, and increased risks to their own health.

**ANSWER:     The allegations set froth in Paragraph 151 of Plaintiffs' Complaint, including its subparts, state a legal conclusion to which no response is required.**

152.     Named Plaintiffs' claims therefore are typical of the claims that could be brought by any member of the Classes, and the relief sought is typical of the relief that could be sought by each member of the Classes in separate actions.

**ANSWER:     The allegations set forth in Paragraph 152 of Plaintiffs' Complaint state legal conclusions to which no responses are required.**

153.     **Adequacy.** Named Plaintiffs will adequately represent members of the Classes, do not have any conflicts with or interests adverse to those of other Class Members, and are represented by experienced counsel who have substantial experience in civil rights, employment discrimination, and class action litigation and who will vigorously prosecute the action on behalf of the Classes. Named Plaintiffs understand their obligations as class representatives, have already undertaken steps to fulfill them, and are prepared to continue to fulfill their duties as class representatives in this action.

**ANSWER:     The allegations set forth in Paragraph 153 of Plaintiffs' Complaint state legal conclusions to which no responses are required.**

**Rule 23(b)(2)**

154.     This action is properly maintainable as a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure by both the Pregnancy and Breastfeeding Classes with respect to their prayers for declaratory and injunctive relief.

**ANSWER:     The allegations set forth in Paragraph 154 of Plaintiffs' Complaint state legal conclusions to which no responses are required.**

155.     Defendant Frontier has acted and refused to act in a manner generally applicable to all members of the Classes, thereby making final declaratory and injunctive relief under Rule

23(b)(2) appropriate with respect to both Classes. The policies, patterns, and/or practices challenged above apply generally and uniformly to the Classes, thereby making final declaratory and injunctive relief appropriate as to the whole of each Class.

**ANSWER:**   **The allegations set forth in Paragraph 155 of Plaintiffs' Complaint state legal conclusions to which no responses are required.**

**Rule 23(b)(3)**

156.   This action is also properly maintainable as a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure as to both Classes with respect to their damages claims.

**ANSWER:**   **The allegations set forth in Paragraph 156 of Plaintiffs' Complaint state legal conclusions to which no responses are required.**

157.   **Predominance:** The questions of law and fact common to the members of the Pregnancy and Breastfeeding Classes predominate over questions affecting individual Class Members, and a class action is superior to other available methods for the fair and efficient resolution of this controversy.

**ANSWER:**   **The allegations set forth in Paragraph 157 of Plaintiffs' Complaint state legal conclusions to which no responses are required.**

158.   By resolving the common issues described above in a single class proceeding, each member of the proposed Pregnancy and Breastfeeding Classes will receive a determination of whether Frontier violated Title VII, the FMLA, the Colorado Law on Reasonable Accommodations for Pregnancy and Related Conditions, CADA, and WANMA in the same uniform manner.

**ANSWER:**   **The allegations set forth in Paragraph 158 of Plaintiffs' Complaint state legal conclusions to which no responses are required.**

159.   Members of the Pregnancy and Breastfeeding Classes do not have a significant

interest in individually controlling the prosecution of separate actions. Although the damages that the individual Plaintiff Class Members have suffered are not de minimis, their damages are modest compared to the expense and burden of individual prosecution of this litigation.

**ANSWER:     The allegations set forth in Paragraph 159 of Plaintiffs' Complaint state legal conclusions to which no responses are required.**

160.     Prosecuting the Pregnancy and Breastfeeding Classes' claims as a class action will ensure that there are not inconsistent judgments and that a single injunction and ruling on liability will apply to all employees of Frontier nationwide, no matter where they reside.

**ANSWER:     The allegations set forth in Paragraph 160 of Plaintiffs' Complaint state legal conclusions to which no responses are required.**

161.     The issues raised by the Pregnancy and Breastfeeding Classes' claims can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

**ANSWER:     The allegations set forth in Paragraph 161 of Plaintiffs' Complaint state legal conclusions to which no responses are required.**

162.     Other than this litigation, Named Plaintiffs are aware of no litigation concerning Defendant Frontier's policies and practices relating to flight attendants who become pregnant and/or those who breastfeed.

**ANSWER:     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 162 of Plaintiffs' Complaint and therefore, denies them.**

163.     This is not only an appropriate forum for these claims because jurisdiction and venue are proper, but it is the most appropriate forum because all of the unlawful employment actions took place in this District. Concentration of litigation in this forum is desirable, as this action challenges company-wide practices, and it will benefit the Plaintiff Class Members and

Defendant to have all Class Members' claims and defenses adjudicated in a single proceeding. Pursuit of this action on behalf of a class will provide the most efficient mechanism for adjudicating the claims of Named Plaintiffs and the members of the Classes.

**ANSWER:** **The allegations set forth in Paragraph 163 of Plaintiffs' Complaint state legal conclusions to which no responses are required.**

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

**Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e**
**Disparate Treatment Because of Sex (Pregnancy)**

*Forced Unpaid Leave &*
*Refusal to Accommodate Pregnancy*

**All Plaintiffs on Behalf of Themselves and the Pregnancy Class**

164.    Plaintiffs reallege and incorporate by reference, as if fully set forth herein, each and every allegation of this Complaint.

**ANSWER:** **Defendant incorporates by reference, as though specifically set forth herein, its responses to Paragraphs 1-163 of Plaintiffs' Complaint.**

165.    Frontier has maintained a policy, pattern, or practice of requiring flight attendants to cease flying and forcing them to go on unpaid leave when they develop a pregnancy-related restriction that renders them unable to fly during their pregnancies and refusing to engage in an interactive process with or to provide reasonable accommodations, such as alternative job assignments, to pregnant flight attendants. Instead Frontier has ignored or categorically denied all requests for accommodation that would enable them to continue working during the period when they are grounded.

**ANSWER:** **The allegations set forth in Paragraph 165 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

166.    Plaintiffs and members of the Pregnancy Class have been subject to Frontier's policy, pattern, or practice of requiring flight attendants to cease flying and forcing them to go on unpaid leave when they develop a pregnancy-related restriction that renders them unable to fly during their pregnancies, and refusing to engage in an interactive process with or to provide reasonable accommodations to pregnant flight attendants that would enable them to continue working during the period when they are grounded.

**ANSWER:    The allegations set forth in Paragraph 166 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

167.    Frontier has provided modified duty, temporary alternative job assignments, and other forms of reasonable accommodation to flight attendants with temporary and permanent disabilities and medical conditions, flight attendants injured on the job, and flight attendants who are unable to fly for reasons other than pregnancy or related conditions, but who are otherwise similar in their ability or inability to work.

**ANSWER:    The allegations set forth in Paragraph 167 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

168.    Defendant's refusal to engage in an interactive process with or to provide reasonable accommodations to Plaintiffs and members of the Pregnancy Class, while doing so for other flight attendants whose conditions were unrelated to pregnancy but who were similar in their ability or inability to work, constitutes disparate treatment because of Plaintiffs' and Class Members' sex, and because of their pregnancy and related medical conditions, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act.

**ANSWER:    The allegations set forth in Paragraph 168 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

169.    Defendant has retained its discriminatory policies and practices of forcing pregnant flight attendants onto unpaid leave and of refusing to engage in an interactive process with or to provide accommodations to pregnant flight attendants, despite knowledge of its harmful and discriminatory effects.

**ANSWER:**    **The allegations set forth in Paragraph 169 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

170.    Defendant engaged in this unlawful sex discrimination with either malice or reckless indifference to the federally protected rights of Plaintiffs and Class Members.

**ANSWER:**    **The allegations set forth in Paragraph 170 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

171.    As a result of Defendant's discriminatory policy or practice, Plaintiffs and Class Members have suffered significant monetary losses, including losses of earnings and other benefits, emotional pain and suffering, physical harm, and other pecuniary and nonpecuniary losses.

**ANSWER:**    **The allegations set forth in Paragraph 171 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

### SECOND CAUSE OF ACTION

**Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e**
**Disparate Impact Because of Sex (Pregnancy)**

*Forced Unpaid Leave &*
*Refusal to Accommodate Pregnancy*

**All Plaintiffs on Behalf of Themselves and the Pregnancy Class**

172.    Plaintiffs reallege and incorporate by reference, as if fully set forth herein, each and every allegation of this Complaint.

**ANSWER:**    **Defendant incorporates by reference, as though specifically set forth herein,**

its responses to Paragraphs 1-171 of Plaintiffs' Complaint.

173.    Frontier has maintained a policy, pattern, or practice of requiring flight attendants to cease flying and go on unpaid leave when they develop a pregnancy-related restriction that renders them unable to fly during their pregnancies, and refusing to engage in an interactive process with or provide reasonable accommodations to pregnant flight attendants that would enable them to continue working during the period when they are grounded.

**ANSWER:    The allegations set forth in Paragraph 173 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

174.    Defendant's policy or practice of requiring flight attendants to cease flying and go on unpaid leave when they develop a pregnancy-related restriction that renders them unable to fly during their pregnancies, and of refusing to engage in an interactive process with or to provide reasonable accommodations to pregnant flight attendants that would enable them to continue working during the period when they are grounded, has a disparate impact on pregnant flight attendants, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act.

**ANSWER:    The allegations set forth in Paragraph 174 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

175.    As a result of Defendant's policy or practice of requiring flight attendants to cease flying and go on unpaid leave when they develop a pregnancy-related restriction that renders them unable to fly during their pregnancies, and of refusing to engage in an interactive process with or provide reasonable accommodations to pregnant flight attendants that would enable them to continue working during the period when they are grounded, Plaintiffs and members of the Pregnancy Class have been and will be forced to go on unpaid leave at some point during or at the

end of their pregnancy when they are no longer medically fit to fly. This results in detrimental effects including monetary losses, losses of earnings and other benefits, and emotional harms.

**ANSWER:    The allegations set forth in Paragraph 175 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

176.    Upon information and belief, Defendant's policy, pattern, or practice of refusing to accommodate pregnant flight attendants and forcing them onto unpaid leave has not resulted in any non-pregnant flight attendant suffering these detrimental effects.

**ANSWER:    The allegations set forth in Paragraph 176 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

177.    Plaintiffs have presented Frontier with numerous less discriminatory alternative employment practices that would not have the same discriminatory effects.

**ANSWER:    The allegations set forth in Paragraph 177 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

### THIRD CAUSE OF ACTION

**Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e
Disparate Treatment Because of Sex (Pregnancy/Lactation)**

*Refusal to Accommodate Breastfeeding/Lactation;
Ban on Pumping While on Duty*

**All Plaintiffs on Behalf of Themselves and the Breastfeeding Class**

178.    Plaintiffs reallege and incorporate by reference, as if fully set forth herein, each and every allegation of this Complaint.

**ANSWER:    Defendant incorporates by reference, as though specifically set forth herein, its responses to Paragraphs 1-177 of Plaintiffs' Complaint.**

179.    Frontier has maintained a policy, pattern, or practice of refusing to engage in an interactive process with or provide reasonable accommodations to flight attendants who are

breastfeeding. Instead Frontier has insisted on flight attendants being free of all restrictions before returning to work, and has ignored or categorically denied all requests for accommodation that would enable them to continue breastfeeding and still return to work without risking their health.

**ANSWER:** **The allegations set forth in Paragraph 179 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

180. Plaintiffs and members of the Breastfeeding Class have requested various forms of accommodation related to breastfeeding.

**ANSWER:** **The allegations set forth in Paragraph 180 of Plaintiffs' Complaint states a legal conclusion to which no response is required.**

181. Frontier has refused to engage in any interactive process with or to provide reasonable accommodations to Plaintiffs and Class Members that would have enabled them to continue breastfeeding while still returning to work.

**ANSWER:** **The allegations set forth in Paragraph 181 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

182. Frontier engages in an interactive process for employees with disabilities and conditions unrelated to pregnancy, childbirth, or lactation, and has provided modified duty, temporary alternative job assignments, and other forms of reasonable accommodation to flight attendants with temporary and permanent disabilities and medical conditions, to flight attendants injured on the job and to flight attendants who are unable to fly for reasons other than pregnancy or related conditions, but who are otherwise similar in their ability or inability to work.

**ANSWER:** **The allegations set forth in Paragraph 182 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

183. Defendant's refusal to engage in an interactive process with or to provide reasonable accommodations to Plaintiffs and members of the Breastfeeding Class, while doing so

for other flight attendants whose conditions were unrelated to pregnancy but who were similar in their ability or inability to work, constitutes disparate treatment of Plaintiffs and Class Members because of their sex, and because of pregnancy-related medical conditions, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act.

**ANSWER:     The allegations set forth in Paragraph 183 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

184.   Defendant has also maintained a policy, pattern, or practice of prohibiting flight attendants who disclose that they are breastfeeding from pumping breast milk while on duty.

**ANSWER:     The allegations set forth in Paragraph 184 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

185.   Defendant has maintained a policy or practice of permitting flight attendants to take breaks while on duty for other purposes, including for eating and attending to other physical needs such as using the lavatory, applying makeup, or otherwise attending to personal appearance.

**ANSWER:     The allegations set forth in Paragraph 185 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

186.   Defendant's policy or practice of prohibiting flight attendants who disclose that they are breastfeeding from pumping breast milk while on duty, while allowing flight attendants to take breaks for reasons unrelated to pregnancy or lactation, constitutes disparate treatment on the basis of sex (pregnancy and lactation) in violation of Title VII.

**ANSWER:     The allegations set forth in Paragraph 186 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

187.   Defendant has retained its discriminatory policies and practices of refusing to accommodate breastfeeding flight attendants and of prohibiting pumping breast milk while on duty, despite knowledge of their harmful and discriminatory effects.

**ANSWER:**    The allegations set forth in Paragraph 187 of Plaintiffs' Complaint state legal conclusions to which no response is required.

188.    Defendant engaged in this unlawful sex discrimination with either malice or reckless indifference to the federally protected rights of Plaintiffs and Class Members.

**ANSWER:**    The allegations set forth in Paragraph 188 of Plaintiffs' Complaint state legal conclusions to which no response is required.

189.    As a result of Defendant's discriminatory policies or practices, Plaintiffs and Class Members have suffered significant monetary losses, including losses of earnings and other benefits, emotional pain and suffering, physical harm, and other pecuniary and nonpecuniary losses.

**ANSWER:**    The allegations set forth in Paragraph 189 of Plaintiffs' Complaint state legal conclusions     to     which     no     response     is     required.

### FOURTH CAUSE OF ACTION

**Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e**
**Disparate Impact Because of Sex (Pregnancy/Lactation)**

*Refusal to Accommodate Breastfeeding/Lactation;*
*Ban on Pumping While on Duty*

**All Plaintiffs on Behalf of Themselves and the Breastfeeding Class**

190.    Plaintiffs reallege and incorporate by reference, as if fully set forth herein, each and every allegation of this Complaint.

**ANSWER:**    Defendant incorporates by reference, as though specifically set forth herein, its responses to Paragraphs 1-189 of Plaintiffs' Complaint.

191.    Frontier has maintained a policy, pattern, or practice of refusing to engage in an interactive process with or to provide reasonable accommodations to breastfeeding flight attendants. Instead Frontier has insisted on flight attendants being free of all restrictions before

returning to work, and has ignored or categorically denied all requests for accommodation that would enable them to continue breastfeeding and still return to work without risking their health.

**ANSWER:** **The allegations set forth in Paragraph 191 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

192.   Defendant's policies or practices of refusing to engage in an interactive process with or provide accommodations to breastfeeding flight attendants and of prohibiting pumping while on duty have a disparate impact on breastfeeding flight attendants, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act.

**ANSWER:** **The allegations set forth in Paragraph 192 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

193.   As a result of Defendant's policy or practice of refusing to engage in an interactive process with or provide accommodations to flight attendants who are breastfeeding and of prohibiting pumping while on duty, Plaintiffs and members of the Breastfeeding Class have suffered detrimental effects due to the absence of necessary accommodations, including being forced to go on unpaid leave, being forced to give up breastfeeding, or, should they attempt to continue breastfeeding once they return to work, experiencing physical pain, emotional distress, and possible health risks.

**ANSWER:** **The allegations set forth in Paragraph 192 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

194.   Upon information and belief, neither Defendant's policy, pattern, or practice of refusing to accommodate flight attendants who are breastfeeding nor its prohibition on pumping while on duty has resulted in any non-breastfeeding flight attendant suffering these detrimental effects.

**ANSWER:** **The allegations set forth in Paragraph 194 of Plaintiffs' Complaint state legal**

**conclusions to which no response is required.**

195. Plaintiffs have presented Frontier with numerous less discriminatory alternative employment practices that would not have the same discriminatory effects.

**ANSWER:** **The allegations set forth in Paragraph 195 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

## FIFTH CAUSE OF ACTION

**Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-2(a), 2000e(k)**
**Disparate Treatment Because of Sex (Pregnancy)**

*Dependability Policy – Penalization of Pregnancy-Related Absences*

**All Plaintiffs on Behalf of Themselves and the Pregnancy Class**

196. Plaintiffs reallege and incorporate by reference, as if fully set forth herein, each and every allegation of this Complaint.

**ANSWER:** **Defendant incorporates by reference, as though specifically set forth herein, its responses to Paragraphs 1-195 of Plaintiffs' Complaint.**

197. Defendant has maintained a Dependability Policy, under which flight attendants are assigned points for each occurrence of missed work, and face loss of benefits, discipline, or termination upon reaching a certain number of points.

**ANSWER:** **Defendant denies the allegations set forth in Paragraph 197 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with Defendant's Dependability Policy, which speaks for itself and is the best evidence of its contents.**

198. On its face, Defendant's policy provides that certain types of absences are exempt from accruing points, including those used for FMLA-qualifying reasons and those due to "recognized disability."

**ANSWER:**  **Defendant denies the allegations set forth in Paragraph 198 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with Defendant's Dependability Policy, which speaks for itself and is the best evidence of its contents.**

199.    In practice, Frontier has routinely assigned points under the Dependability Policy for absences related to pregnancy instead of treating those absences as exempt from accrual of points.

**ANSWER:**  **Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 199 of Plaintiffs' Complaint and therefore, denies them.**

200.    Plaintiffs and members of the Pregnancy Class have accrued points under the Dependability Policy for absences related to pregnancy, including for pregnancy-related illnesses and prenatal appointments, even though those absences were protected under the FMLA and therefore should have been treated as approved absences exempt from receiving points.

**ANSWER:**  **The allegations set forth in Paragraph 200 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

201.    Defendant's application of its Dependability Policy to Plaintiffs and Class Members constitutes unlawful disparate treatment on the basis of sex and pregnancy in violation of Title VII of the 1964 Civil Rights Act as amended by the Pregnancy Discrimination Act. By assigning Plaintiffs and Class Members points for pregnancy-related absences, while excusing absences unrelated to pregnancy, such as those approved as FMLA leave for reasons unrelated to pregnancy and those due to a "recognized disability," Frontier has treated Plaintiffs and Class Members less favorably than other employees similar in their ability or inability to work.

**ANSWER:**  **The allegations set forth in Paragraph 201 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

202.    Defendant has retained its discriminatory policies and practices of penalizing pregnancy-related absences, despite knowledge of their harmful and discriminatory effects.

**ANSWER:**   **The allegations set forth in Paragraph 202 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

203.   Defendant engaged in this unlawful sex discrimination with either malice or reckless indifference to the federally protected rights of Plaintiffs and Class Members.

**ANSWER:**   **The allegations set forth in Paragraph 203 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

204.   As a result of Defendant's discriminatory implementation of its Dependability Policy, Plaintiffs and Class Members have suffered and continue to suffer harms, including accrual of dependability points for absences during pregnancy that should have been treated as excused, being deterred from seeking necessary medical care or taking medically necessary absences during pregnancy, denial of bonuses or other employment benefits related to achieving a "perfect attendance" record, and risk of job loss.

**ANSWER:**   **The allegations set forth in Paragraph 204 of Plaintiffs' Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies them.**

## SIXTH CAUSE OF ACTION

**Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-2(a), 2000e(k)**
**Disparate Impact Because of Sex (Pregnancy)**

*Dependability Policy – Penalization of Pregnancy-Related Absences*

**All Plaintiffs on Behalf of Themselves and the Pregnancy Class**

205.   Plaintiffs reallege and incorporate by reference, as if fully set forth herein, each and every allegation of this Complaint.

**ANSWER:**   **Defendant incorporates by reference, as though specifically set forth herein, its responses to Paragraphs 1-204 of Plaintiffs' Complaint.**

206.   Defendant has maintained a policy or practice of assigning flight attendants points

for each occurrence of missed work, under its "Dependability Policy" as described above.

**ANSWER:** **Defendant denies the allegations set forth in Paragraph 206 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with Defendant's Dependability Policy, which speaks for itself and is the best evidence of its contents.**

207.  Plaintiffs and members of the Pregnancy Class have accrued points under the Dependability Policy for missing work for reasons related to pregnancy, including for pregnancy-related illnesses and prenatal appointments, even though those absences were protected under the FMLA and therefore should have been treated as approved absences exempt from receiving points.

**ANSWER:** **Defendant states that the allegations set forth in Paragraph 207 state a legal conclusion to which no response is required.**

208.  Defendant's application of its Dependability Policy to pregnant flight attendants has a disparate impact on flight attendants affected by pregnancy and related medical conditions in violation of Title VII of the 1964 Civil Rights Act, as amended by the Pregnancy Discrimination Act.

**ANSWER:** **Defendant states that the allegations set forth in Paragraph 208 state a legal conclusion to which no response is required.**

209.  As a result of Defendant's discriminatory policy or practice, and because common physiological changes during pregnancy commonly impact attendance, Plaintiffs and Class Members have suffered detrimental effects, including accrual of dependability points for absences during pregnancy that should have been treated as excused, being deterred from seeking necessary medical care or taking medically necessary absences during pregnancy, denial of bonuses or other employment benefits related to achieving a "perfect attendance" record, and risk of job loss.

**ANSWER:** **The allegations set forth in Paragraph 209 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

210.  Upon information and belief, Defendant's policy, pattern, or practice of penalizing

pregnant flight attendants for absences related to pregnancy has not resulted in any non-pregnant flight attendant suffering these detrimental effects.

**ANSWER:** **Defendant denies the allegations set forth in Paragraph 210 of Plaintiffs' Complaint.**

## SEVENTH CAUSE OF ACTION

### Family and Medical Leave Act, 5 U.S.C. § 6381 et seq.
### FMLA Interference

*Dependability Policy – Penalization of Pregnancy-Related Absences*

### All Plaintiffs on Behalf of Themselves and the Pregnancy Class

211.    Plaintiffs reallege and incorporate by reference, as if fully set forth herein, each and every allegation of this Complaint.

**ANSWER:** **Defendant incorporates by reference, as though specifically set forth herein, its responses to Paragraphs 1-210 of Plaintiffs' Complaint.**

212.    Frontier is a covered employer under the FMLA because it had 50 or more employees in 20 or more workweeks during all relevant time periods.

**ANSWER:** **The allegations set forth in Paragraph 212 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

213.    On its face, Defendant's Dependability Policy allows approved leaves for FMLA-qualifying reasons to be exempt from accruing points.

**ANSWER:** **Defendant denies the allegations set forth in Paragraph 213 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with Defendant's Dependability Policy, which speaks for itself and is the best evidence of its contents.**

214.    In practice, Frontier has routinely assigned points for absences related to pregnancy, instead of treating those absences as exempt from receiving points due to being protected under the FMLA.

**ANSWER:** **The allegations set forth in Paragraph 214 of Plaintiffs' Complaint state a legal**

**conclusion to which no response is required.**

215.    Plaintiffs and members of the Pregnancy Class have accrued points under the Dependability Policy for absences related to pregnancy, including for pregnancy-related illnesses and prenatal appointments.

**ANSWER:**    **The allegations set forth in Paragraph 215 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

216.    Defendant has failed to notify pregnant flight attendants, including Plaintiffs and Class Members, that their absences due to pregnancy were protected under the FMLA, and therefore should have been treated as approved absences exempt from receiving points under the Dependability Policy, despite its knowledge that Plaintiffs' and Class Members' absences during pregnancy were likely protected under the FMLA.

**ANSWER:**    **The allegations set forth in Paragraph 216 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

217.    Defendant has ignored or denied Plaintiffs' and Class Members' requests for medically necessary absences related to pregnancy to be treated as FMLA leave and therefore exempt from accruing points under the Dependability Policy.

**ANSWER:**    **The allegations set forth in Paragraph 217 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

218.    Defendant's application of its Dependability Policy to pregnant flight attendants has interfered with the ability of Plaintiffs and Class Members to exercise their rights under the FMLA by discouraging qualified employees including Plaintiffs and Class Members from taking medically necessary pregnancy-related absences for fear of accruing points that could place their jobs at risk.

**ANSWER:**    **The allegations set forth in Paragraph 218 of Plaintiffs' Complaint state legal**

**conclusions to which no response is required.**

219.    Defendant's unlawful implementation of its Dependability Policy was taken

willfully and with knowledge that it violated the federally protected rights of Plaintiffs and Class

Members.

**ANSWER:    The allegations set forth in Paragraph 219 of Plaintiffs' Complaint state a legal
conclusion to which no response is required.**

220.    Defendant's unlawful implementation of its Dependability Policy has caused and

continues to cause Plaintiffs and Class Members harms, including accrual of dependability points

for absences that should have been treated as excused, being deterred from seeking necessary

medical care or taking medically necessary absences during pregnancy, and denial of bonuses or

other employment benefits related to achieving a "perfect attendance" record.

**ANSWER:    The allegations set forth in Paragraph 220 of Plaintiffs' Complaint state legal
conclusions to which no response is required.**

## EIGHTH CAUSE OF ACTION

### WANMA, C.R.S. § 8-13.5-101, et seq.

*Failure to Provide Lactation Breaks and Location*

### All Plaintiffs on Behalf of Themselves and the Breastfeeding Class

221.    Plaintiffs reallege and incorporate by reference, as if fully set forth herein, each and

every allegation of this Complaint.

**ANSWER:    Defendant incorporates by reference, as though specifically set forth herein,
its responses to Paragraphs 1-220 of Plaintiffs' Complaint.**

222.    The Colorado general assembly made clear through promulgation of WANMA "the

medical importance of breastfeeding, within the scope of complete pediatric care," and aimed "to

encourage removal of boundaries placed on nursing mothers in the workplace." *See* C.R.S. § 8-

13.5-102(2).

**ANSWER:** **The allegations set forth in Paragraph 222 state a legal conclusion to which no response is required.**

223.    At all times relevant to this Complaint, Defendant Frontier was Plaintiffs' and Class Members' "employer" for purposes of WANMA.

**ANSWER:** **The allegations set forth in Paragraph 223 state a legal conclusion to which no response is required.**

224.    Defendant has failed to make reasonable efforts to provide a private room or location other than a toilet, close to Plaintiffs' and members of the Breastfeeding Class' work areas, for employees to express breast milk.

**ANSWER:** **Defendant denies the allegations set forth in Paragraph 224 of Plaintiffs' Complaint.**

225.    Defendant has failed to make reasonable efforts to provide reasonable unpaid break time or to permit Plaintiffs and Class Members to use paid break time, meal time, or both, each day to allow the employee to express breast milk for her nursing child for up to two years after the child's birth.

**ANSWER:** **Defendant denies the allegations set forth in Paragraph 225 of Plaintiffs' Complaint.**

226.    Defendant engaged in this unlawful practice with either malice or reckless indifference to the legally protected rights of Plaintiffs and Class Members.

**ANSWER:** **The allegations set forth in Paragraph 226 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

227.    As a result of Defendant's discriminatory policy or practice, Plaintiffs and Class Members have suffered significant monetary losses, including losses of earnings and other benefits, emotional pain and suffering, physical harm, and other pecuniary and nonpecuniary

losses.

**ANSWER:** **The allegations set forth in Paragraph 227 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

## NINTH CAUSE OF ACTION

### Colo. Rev. Stat. Ann. § 24-34-402.3

### Colorado Law on Reasonable Accommodations for Pregnancy, Childbirth, and Related Conditions

*Forced Unpaid Leave &*
*Refusal to Accommodate Pregnancy*

### All Plaintiffs on Behalf of Themselves and the Pregnancy Class

228.     Plaintiffs reallege and incorporate by reference, as if fully set forth herein, each and every allegation of this Complaint.

**ANSWER:** **Defendant incorporates by reference, as though specifically set forth herein, its responses to Paragraphs 1-227 of Plaintiffs' Complaint.**

229.     The State of Colorado amended CADA in 2016 to expressly provide for affirmative obligations on employers to provide accommodations related to pregnancy and breastfeeding. The new law went into effect on August 10, 2016.

**ANSWER:** **The allegations set forth in Paragraph 229 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

230.     Colorado's law specifically requires employers to provide reasonable accommodations to employees with health conditions related to pregnancy or recovery from childbirth, absent undue hardship.

**ANSWER:** **The allegations set forth in Paragraph 230 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

231.     Colorado's law requires employers to engage in an interactive process to identify

reasonable accommodations.

**ANSWER:    The allegations set forth in Paragraph 231 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

232.    Colorado's law specifies that reasonable accommodations may include "the provision of more frequent or longer break periods; more frequent restroom, food, and water breaks; acquisition or modification of equipment or seating; limitations on lifting; temporary transfer to a less strenuous or hazardous position if available, with return to the current position after pregnancy; job restructuring; light duty, if available; assistance with manual labor; or modified work schedules," unless the employer would be required to hire a new employee, fire any existing ones, or create a new position in order to provide the accommodation.

**ANSWER:    The allegations set forth in Paragraph 232 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

233.    The statute provides a rebuttable presumption that a particular accommodation does not impose an undue hardship if the employer has provided a similar accommodation to other classes of employees in the past.

**ANSWER:    The allegations set forth in Paragraph 233 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

234.    The statute specifies that employers may not "require an employee to take leave if the employer can provide another reasonable accommodation for the employee's pregnancy, physical recovery from childbirth, or related condition."

**ANSWER:    The allegations set forth in Paragraph 234 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

235.    Following the effective date of that statute, Defendant has maintained a policy, pattern, or practice of requiring flight attendants to cease flying and forcing them to go on unpaid

leave during their pregnancies and refusing to engage in an interactive process with or to provide reasonable accommodations, such as alternative job assignments, to pregnant flight attendants. Instead Frontier has ignored or categorically denied all requests for accommodation that would enable them to continue working during the period when they are grounded.

**ANSWER:** **The allegations set forth in Paragraph 235 of Plaintiffs' Complaint require legal conclusions to which no response is required.**

236.    Plaintiffs and members of the Pregnancy Class have been pregnant in the time period following the law's effective date, and have been subject to Frontier's policy, pattern, or practice of requiring flight attendants to cease flying and forcing them to go on unpaid leave when they develop a pregnancy-related restriction that renders them unable to fly during their pregnancies, and refusing to engage in an interactive process with or to provide reasonable accommodations to pregnant flight attendants that would enable them to continue working during the period when they are grounded.

**ANSWER:** **The allegations set forth in Paragraph 236 of Plaintiffs' Complaint require legal conclusions to which no response is required.**

237.    Frontier has provided modified duty, temporary alternative job assignments, and other forms of reasonable accommodation to flight attendants with temporary and permanent disabilities and medical conditions, flight attendants injured on the job, and flight attendants who are unable to fly for reasons other than pregnancy or related conditions, but who are otherwise similar in their ability or inability to work.

**ANSWER:** **The allegations set forth in Paragraph 237 of Plaintiffs' Complaint require legal conclusions to which no response is required.**

238.    Defendant engaged in this unlawful sex discrimination with either malice or with reckless indifference to the legally protected rights of Plaintiffs and of Class Members.

**ANSWER:**    **The allegations set forth in Paragraph 238 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

239.    Defendant has retained its discriminatory policies and practices despite knowledge of their harmful and discriminatory effects.

**ANSWER:**    **The allegations set forth in Paragraph 239 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

240.    As a result of Defendant's unlawful and discriminatory acts, Plaintiffs and Class Members have suffered significant monetary losses, including losses of earnings and other benefits, emotional pain and suffering, physical harm, and other pecuniary and nonpecuniary losses.

**ANSWER:**    **The allegations set forth in Paragraph 240 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

## TENTH CAUSE OF ACTION

### Colo. Rev. Stat. Ann. § 24-34-402
### Disparate Treatment Because of Sex (Pregnancy)

*Forced Unpaid Leave &*
*Refusal to Accommodate Pregnancy*

### All Plaintiffs on Behalf of Themselves and the Pregnancy Class

241.    Plaintiffs reallege and incorporate by reference, as if fully set forth herein, each and every allegation of this Complaint.

**ANSWER:**    **Defendant incorporates by reference, as though specifically set forth herein, its responses to Paragraphs 1-240 of Plaintiffs' Complaint.**

242.    Frontier has maintained a policy, pattern, or practice of grounding flight attendants when they develop a pregnancy-related restriction that renders them unfit to fly during their pregnancies and forcing them onto unpaid leave.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 242 of Plaintiffs' Complaint.**

243.    Frontier has maintained a policy, pattern, or practice of refusing to engage in an interactive process with or to provide reasonable accommodations to pregnant flight attendants that would enable them to continue working during the period when they are grounded.

**ANSWER:    The allegations set forth in Paragraph 243 of Plaintiffs' Complaint require legal conclusions to which no responses is required.**

244.    At all relevant times, Frontier maintained a policy governing provision of accommodations to flight attendants with disabilities, and policies providing for pilots who had been injured on the job or grounded for reasons unrelated to pregnancy to be placed in non-flying positions.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 244 of Plaintiffs' Complaint to the extent they mischaractertize or are inconsistent with the policies to which they refer, which speak for themselves and are the best evidence of their contents.**

245.    Frontier engages in an interactive process with and has provided reasonable accommodations to flight attendants with disabilities, injuries, and medical conditions unrelated to pregnancy, childbirth, or lactation, but who are otherwise similar in their ability or inability to work, including modified duty, temporary alternative job assignments in non-flying positions, and other forms of reasonable accommodation that have enabled them to continue working.

**ANSWER:    The allegations set forth in Paragraph 245 of Plaintiffs' Complaint require legal conclusions to which no response is required.**

246.    Plaintiffs and members of the Pregnancy Class sought accommodations during their pregnancies, including the option of working in a temporary ground position.

**ANSWER:    The allegations set forth in Paragraph 246 of Plaintiffs' Complaint require legal conclusions to which no response is required.**

247.    Frontier has refused to engage in any interactive process to identify reasonable effective accommodations for Plaintiffs and Class Members during their pregnancies. Frontier ignored and therefore effectively denied their accommodation requests.

**The allegations set forth in Paragraph 247 of Plaintiffs' Complaint require legal conclusions to which no response is required.**

248.    Plaintiffs and Class Members have been subjected to Frontier's policy, pattern, or practice of grounding flight attendants at a certain point during their pregnancies and forcing them onto unpaid leave and refusing to engage in an interactive process with or to provide reasonable accommodations to pregnant flight attendants during the period when they are grounded.

**ANSWER:    The allegations set forth in Paragraph 248 of Plaintiffs' Complaint states a legal conclusion to which no response is required.**

249.    Defendant's policy, pattern, or practice of grounding pregnant flight attendants and forcing them onto unpaid leave and refusing to engage in an interactive process with or to provide reasonable accommodations to pregnant flight attendants during the period when they are grounded, while doing so for other workers whose injuries or conditions are unrelated to pregnancy but who are similar in their ability or inability to work, constitutes disparate treatment because of sex, and because of pregnancy and related medical conditions, in violation of CADA.

**ANSWER:    The allegations set forth in Paragraph 249 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

250.    Defendant engaged in this unlawful sex discrimination with either malice or reckless indifference to the legally protected rights of Plaintiffs and Class Members.

**ANSWER:    The allegations set forth in Paragraph 250 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

251.    Defendant has retained its discriminatory policies and practices despite knowledge

of their harmful and discriminatory effects.

**ANSWER:** **The allegations set forth in Paragraph 251 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

252.    As a result of Defendant's discriminatory policy or practice, Plaintiffs and Class Members have suffered significant monetary losses, including losses of earnings and other benefits, emotional pain and suffering, physical harm, and other pecuniary and nonpecuniary losses.

**ANSWER:** **The allegations set forth in Paragraph 252 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

**ELEVENTH CAUSE OF ACTION**

**Colo. Rev. Stat. Ann. § 24-34-402**
**Disparate Impact Because of Sex (Pregnancy)**

*Forced Unpaid Leave &*
*Refusal to Accommodate Pregnancy*

**All Plaintiffs on Behalf of Themselves and the Pregnancy Class**

253.    Plaintiffs reallege and incorporate by reference, as if fully set forth herein, each and every allegation of this Complaint.

**ANSWER:** **Defendant incorporates by reference, as though specifically set forth herein, its responses to Paragraphs 1-252 of Plaintiffs' Complaint.**

254.    Frontier has maintained a policy, pattern, or practice of requiring flight attendants to cease flying and go on unpaid leave when they develop a pregnancy-related restriction that renders them unable to fly during their pregnancies, and refusing to engage in an interactive process with or provide reasonable accommodations to pregnant flight attendants that would enable them to continue working during the period when they are grounded.

**ANSWER:** **The allegations set forth in Paragraph 254 of Plaintiffs' Complaint require**

legal conclusions to which no response is required.

255.    Plaintiffs and members of the Pregnancy Class have been subject to this policy, pattern, or practice.

**ANSWER:    The allegations set forth in Paragraph 255 of Plaintiffs' Complaint require legal conclusions to which no response is required.**

256.    Defendant's policy or practice of requiring flight attendants to cease flying and go on unpaid leave when they develop a pregnancy-related restriction that renders them unable to fly during their pregnancies, and of refusing to engage in an interactive process with or to provide reasonable accommodations to pregnant flight attendants that would enable them to continue working during the period when they are grounded, has a disparate impact on flight attendants who are pregnant in violation of CADA.

**ANSWER:    The allegations set forth in Paragraph 256 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

257.    As a result of Defendant's policy or practice of requiring flight attendants to cease flying and go on unpaid leave when they develop a pregnancy-related restriction that renders them unable to fly during their pregnancies, and of refusing to engage in an interactive process with or provide reasonable accommodations to pregnant flight attendants that would enable them to continue working during the period when they are grounded, Plaintiffs and Class Members have been and will be forced to go on unpaid leave at some point during or at the end of their pregnancy when they are no longer medically fit to fly. This results in detrimental effects including monetary losses, losses of earnings and other benefits, and emotional harms.

**ANSWER:    The allegations set forth in Paragraph 257 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

258.    Upon information and belief, Defendant's policy, pattern, or practice of refusing to

accommodate pregnant flight attendants and forcing them onto unpaid leave has not resulted in

any non-pregnant flight attendant suffering these detrimental effects.

**ANSWER:    The allegations set forth in Paragraph 258 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

259.    Plaintiffs have presented Frontier with numerous less discriminatory alternative

employment practices that would not have the same discriminatory effects.

**ANSWER:    The allegations set forth in Paragraph 259 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

## TWELFTH CAUSE OF ACTION

### Colo. Rev. Stat. Ann. § 24-34-402.3
### Colorado Law on Reasonable Accommodations for Pregnancy, Childbirth, and Related Conditions

*Refusal to Accommodate Breastfeeding/Lactation;*
*Ban on Pumping While on Duty*

**All Plaintiffs on Behalf of Themselves and the Breastfeeding Class**

260.    Plaintiffs reallege and incorporate by reference, as if fully set forth herein, each and

every allegation of this Complaint.

**ANSWER:    Defendant incorporates by reference, as though specifically set forth herein, its responses to Paragraphs 1-259 of Plaintiffs' Complaint.**

261.    The State of Colorado amended CADA in 2016 to expressly provide for affirmative

obligations on employers to provide accommodations for conditions related to pregnancy, physical

recovery from childbirth, and related conditions. The new law went into effect on August 10, 2016.

**ANSWER:    The allegations set forth in Paragraph 261 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

262.    Colorado's law specifically requires employers to engage in an interactive process

to identify reasonable accommodations and to provide reasonable accommodations to employees

who are breastfeeding absent undue hardship.

**ANSWER:** **The allegations set forth in Paragraph 262 of Plaintiffs' Complaint states a legal conclusion to which no response is required.**

263.     Colorado's law specifies that reasonable accommodations may include "the provision of more frequent or longer break periods; more frequent restroom, food, and water breaks; acquisition or modification of equipment or seating; limitations on lifting; temporary transfer to a less strenuous or hazardous position if available, with return to the current position after pregnancy; job restructuring; light duty, if available; assistance with manual labor; or modified work schedules," unless the employer would be required to hire a new employee, fire any existing ones, or create a new position in order to provide the accommodation.

**ANSWER:** **Paragraph 263 of Plaintiffs' Complaint is a statement of the law to which no response is required.**

264.     The statute specifies the employer may not "require an employee to take leave if the employer can provide another reasonable accommodation for the employee's pregnancy, physical recovery from childbirth, or related condition."

**ANSWER:** **Paragraph 264 of Plaintiffs' Complaint is a statement of the law to which no response is required.**

265.     Plaintiffs and members of the Breastfeeding Class have been breastfeeding and have been denied accommodations in the period following the law's effective date.

**ANSWER:** **Defendant states that the allegations set forth in Paragraph 265 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

266.     Following the effective date of that statute, Defendant has continued to maintain a policy, pattern, or practice of refusing to provide reasonable accommodations to flight attendants related to breastfeeding/lactation that would enable them to continue breastfeeding while still

returning to work without risking their health. Instead Frontier has ignored or categorically denied all accommodation requests related to breastfeeding/lactation.

**ANSWER:    Defendant states that the allegations set forth in Paragraph 266 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

267.    Defendant engaged in this unlawful sex discrimination with either malice or reckless indifference to the legally protected rights of Plaintiffs and Class Members.

**ANSWER:    The allegations set forth in Paragraph 267 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

268.    Defendant has retained its discriminatory policies and practices despite knowledge of their harmful and discriminatory effects.

**ANSWER:    Defendant states that the allegations set forth in Paragraph 268 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

269.    As a result of Defendant's unlawful and discriminatory policy, pattern, or practice, Plaintiffs and Class Members have suffered significant monetary loss, including loss of earnings and other benefits; emotional pain and suffering; physical harm; and other pecuniary and nonpecuniary losses.

**ANSWER:    Defendant states that the allegations set forth in Paragraph 269 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

### THIRTEENTH CAUSE OF ACTION

**Colo. Rev. Stat. Ann. § 24-34-402**
**Disparate Treatment Because of Sex (Pregnancy/Lactation)**

*Refusal to Accommodate Breastfeeding/Lactation;*
*Ban on Pumping While on Duty*

**All Plaintiffs on Behalf of Themselves and the Breastfeeding Class**

270.    Plaintiffs reallege and incorporate by reference, as if fully set forth herein, each and

every allegation of this Complaint.

**ANSWER:**   **Defendant incorporates by reference, as though specifically set forth herein, its responses to Paragraphs 1-269 of Plaintiffs' Complaint.**

271.   Frontier has maintained a policy, pattern, or practice of refusing to engage in an interactive process with or provide reasonable accommodations to flight attendants who were breastfeeding. Instead Frontier has insisted on flight attendants being free of all restrictions before returning to work, and has ignored or categorically denied all requests for accommodation that would enable them to continue breastfeeding and still return to work without risking their health.

**ANSWER:**   **The allegations set forth in Paragraph 271 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

272.   Frontier has refused to engage in any interactive process with or to provide reasonable accommodations to Plaintiffs and members of the Breastfeeding Class that would have enabled them to continue breastfeeding while still returning to work.

**ANSWER:**   **The allegations set forth in Paragraph 272 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

273.   Frontier engages in an interactive process for employees with disabilities and conditions unrelated to pregnancy, childbirth, or lactation, and has provided modified duty, temporary alternative job assignments, and other forms of reasonable accommodation to flight attendants with temporary and permanent disabilities and medical conditions, to flight attendants injured on the job and to flight attendants who are unable to fly for reasons other than pregnancy or related conditions, but who are otherwise similar in their ability or inability to work.

**ANSWER:**   **The allegations set forth in Paragraph 273 of Plaintiffs' Complaint state legal conclusions to which no response is required.**

274.   Defendant's refusal to engage in an interactive process with or to provide

reasonable accommodations to Plaintiffs and Class Members, while doing so for other flight attendants whose conditions were unrelated to pregnancy but who were similar in their ability or inability to work, constitutes disparate treatment of Plaintiffs and of Class Members because of their sex, and because of pregnancy-related medical conditions, in violation of CADA.

**ANSWER:**   **The allegations set forth in Paragraph 274 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

275.   Defendant has also maintained a policy, pattern, or practice of prohibiting flight attendants who disclose that they are breastfeeding from pumping breast milk while on duty.

**ANSWER:**   **Defendant denies the allegations set forth in Paragraph 275 of Plaintiffs' Complaint.**

276.   Defendant has maintained a policy or practice of permitting flight attendants to take breaks while on duty for other purposes, including for eating and attending to other physical needs such as using the lavatory, applying makeup, or otherwise attending to personal appearance.

**ANSWER:**   **Defendant denies the allegations set forth in Paragraph 276 of Plaintiffs' Complaint.**

277.   Defendant's policy or practice of prohibiting flight attendants who disclose that they are breastfeeding from pumping breast milk while on duty, while allowing flight attendants to take breaks for reasons unrelated to pregnancy or lactation, constitutes disparate treatment on the basis of sex (pregnancy and lactation) in violation of CADA.

**ANSWER:**   **The allegations set forth in Paragraph 277 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

278.   Defendant has retained its discriminatory policies and practices of refusing to accommodate breastfeeding flight attendants and of prohibiting pumping breast milk while on duty, despite knowledge of their harmful and discriminatory effects.

**ANSWER:    The allegations set forth in Paragraph 278 of Plaintiffs' Complaint state a legal
conclusion to which no response is required.**

279.    Defendant engaged in this unlawful sex discrimination with either malice or
reckless indifference to the legally protected rights of Plaintiffs and of Class Members.

**ANSWER:    The allegations set forth in Paragraph 279 of Plaintiffs' Complaint state a legal
conclusion to which no response is required.**

280.    As a result of Defendant's discriminatory policies or practices, Plaintiffs and Class
Members have suffered significant monetary losses, including losses of earnings and other
benefits, emotional pain and suffering, physical harm, and other pecuniary and nonpecuniary
losses.

**ANSWER:    The allegations set forth in Paragraph 280 of Plaintiffs' Complaint state a legal
conclusion to which no response is required.**

**FOURTEENTH CAUSE OF ACTION**

**Colo. Rev. Stat. Ann. § 24-34-402
Disparate Impact Because of Sex (Pregnancy/Lactation)**

*Refusal to Accommodate Breastfeeding/Lactation;
Ban on Pumping While on Duty*

**All Plaintiffs on Behalf of Themselves and the Breastfeeding Class**

281.    Plaintiffs reallege and incorporate by reference, as if fully set forth herein, each and
every allegation of this Complaint.

**ANSWER:    Defendant incorporates by reference, as though specifically set forth herein,
its responses to Paragraphs 1-280 of Plaintiffs' Complaint.**

282.    Frontier has maintained a policy, pattern, or practice of refusing to engage in an
interactive process with or to provide reasonable accommodations to breastfeeding flight
attendants. Instead Frontier has insisted on flight attendants being free of all restrictions before

returning to work, and has ignored or categorically denied all requests for accommodation that would enable them to continue breastfeeding and still return to work without risking their health.

**ANSWER:**   **The allegations set forth in Paragraph 282 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

283.   Defendant's policies or practices of refusing to engage in an interactive process with or provide accommodations to breastfeeding flight attendants and of prohibiting pumping while on duty have a disparate impact on breastfeeding flight attendants, in violation of CADA.

**ANSWER:**   **The allegations set forth in Paragraph 282 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

284.   As a result of Defendant's policy or practice of refusing to engage in an interactive process with or provide accommodations to flight attendants who are breastfeeding and of prohibiting pumping while on duty, Plaintiffs and members of the Breastfeeding Class have suffered detrimental effects due to the absence of necessary accommodations, including being forced to go on unpaid leave, being forced to give up breastfeeding, or, should they attempt to continue breastfeeding once they return to work, experiencing physical pain, emotional distress, and possible health risks.

**ANSWER:**   **The allegations set forth in Paragraph 284 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

285.   Upon information and belief, neither Defendant's policy, pattern, or practice of refusing to accommodate flight attendants who are breastfeeding nor its prohibition on pumping while on duty has resulted in any non-breastfeeding flight attendant suffering these detrimental effects.

**ANSWER:**   **The allegations set forth in Paragraph 285 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

286.    Plaintiffs have presented Frontier with numerous less discriminatory alternative employment practices that would not have the same discriminatory effects.

**ANSWER:    The allegations set forth in Paragraph 286 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

**FIFTEENTH CAUSE OF ACTION**

**CADA, Colo. Rev. Stat. Ann. § 24-34-402**
**Disparate Treatment Because of Sex (Pregnancy)**

*Dependability Policy – Penalization of Pregnancy-Related Absences*

**All Plaintiffs on Behalf of Themselves and the Pregnancy Class**

287.    Plaintiffs reallege and incorporate by reference, as if fully set forth herein, each and every allegation of this Complaint.

**ANSWER:    Defendant incorporates by reference, as though specifically set forth herein, its responses to Paragraphs 1-186 of Plaintiffs' Complaint.**

288.    Defendant has maintained a Dependability Policy, under which flight attendants are assigned points for each occurrence of missed work, and face loss of benefits, discipline, or termination upon reaching a certain number of points.

**ANSWER:    Defendant admits it maintains a Dependability Policy as amended from time to time, which document speaks for itself.**

289.    On its face, Defendant's policy provides that certain types of absences are exempt from accruing points, including those used for FMLA-qualifying reasons and those due to "recognized disability."

**ANSWER:    Defendant denies the allegations set forth in Paragraph 290 of Plaintiffs' Complaint to the extent they mischaracterize or are inconsistent with Defendant's Dependability Policy, which speaks for itself and is the best evidence of its contents.**

290.    In practice, Frontier has routinely assigned points under the Dependability Policy

for absences related to pregnancy instead of treating those absences as exempt from accrual of points.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 290 of Plaintiffs' Complaint.**

291.    Plaintiffs and members of the Pregnancy Class have accrued points under the Dependability Policy for absences related to pregnancy, including for pregnancy-related illnesses and prenatal appointments, even though those absences were protected under the FMLA and therefore eligible to be treated as approved absences exempt from receiving points.

**ANSWER:    The allegations set forth in Paragraph 291 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

292.    Defendant's application of its Dependability Policy to Plaintiffs and Class Members constitutes unlawful disparate treatment on the basis of sex and pregnancy in violation of CADA. By assigning Plaintiffs and Class Members points for pregnancy-related absences, while excusing absences unrelated to pregnancy, such as those approved as FMLA leave for reasons unrelated to pregnancy and those due to a "recognized disability," Frontier has treated Plaintiffs and Class Members less favorably than other employees similar in their ability or inability to work.

**ANSWER:    The allegations set forth in Paragraph 292 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

293.    Defendant has retained its discriminatory policies and practices of penalizing pregnancy-related absences, despite knowledge of their harmful and discriminatory effects.

**ANSWER:    The allegations set forth in Paragraph 293 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

294.    Defendant engaged in this unlawful sex discrimination with either malice or

reckless indifference to the legally protected rights of Plaintiffs and of Class Members.

**ANSWER:    The allegations set forth in Paragraph 294 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

295.    As a result of Defendant's discriminatory implementation of its Dependability Policy, Plaintiffs and Class Members have suffered and continue to suffer harms, including accrual of dependability points for absences during pregnancy that should have been treated as excused, being deterred from seeking necessary medical care or taking medically necessary absences during pregnancy, denial of bonuses or other employment benefits related to achieving a "perfect attendance" record, and risk of job loss.

**ANSWER:    The allegations set forth in Paragraph 295 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

### SIXTEENTH CAUSE OF ACTION

**CADA, Colo. Rev. Stat. Ann. § 24-34-402,
Disparate Impact Because of Sex (Pregnancy)**

*Dependability Policy – Penalization of Pregnancy-Related Absences*

**All Plaintiffs on Behalf of Themselves and the Pregnancy Class**

296.    Plaintiffs reallege and incorporate by reference, as if fully set forth herein, each and every allegation of this Complaint.

**ANSWER:    Defendant incorporates by reference, as though specifically set forth herein, its responses to Paragraphs 1-295 of Plaintiffs' Complaint.**

297.    Defendant has maintained a policy or practice of assigning flight attendants points for each occurrence of missed work, under its "Dependability Policy" as described above.

**ANSWER:    Defendant admits it has maintained a Dependability Policy as amended from time to time, which document speaks for itself.**

298.    Plaintiffs and members of the Pregnancy Class have accrued points under the

Dependability Policy for missing work for reasons related to pregnancy, including for pregnancy-related illnesses and prenatal appointments, even though those absences were protected under the FMLA and therefore should have been treated as approved absences exempt from receiving points.

**ANSWER:** **The allegations set forth in Paragraph 298 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

299.    Defendant's application of its Dependability Policy to pregnant flight attendants has a disparate impact on flight attendants affected by pregnancy and related medical conditions in violation of CADA.

**ANSWER:** **The allegations set forth in Paragraph 291 of Plaintiffs' Complaint state a legal conclusion to which no response is required.**

300.    As a result of Defendant's discriminatory policy or practice, and because common physiological changes during pregnancy commonly impact attendance, Plaintiffs and Class Members have suffered detrimental effects, including accrual of dependability points for absences during pregnancy that should have been treated as excused, being deterred from seeking necessary medical care or taking medically necessary absences during pregnancy, denial of bonuses or other employment benefits related to achieving a "perfect attendance" record, and risk of job loss.

**ANSWER:** **The allegations set forth in Paragraph 300 of Plaintiffs' Complaint state legal conclusion to which no response is required.**

301.    Upon information and belief, Defendant's policy, pattern, or practice of penalizing pregnant flight attendants for absences related to pregnancy has not resulted in any non-pregnant flight attendant suffering these detrimental effects.

**ANSWER:** **The allegations set forth in Paragraph 301 of Plaintiffs' Complaint state legal conclusion to which no response is required.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant, and grant them all relief as allowed by law and equity, including, but not limited to, the following:

A.     A declaration that Defendant's employment policies, practices, and/or procedures challenged herein are illegal and in violation of the rights of Plaintiffs and Plaintiff Class Members;

B.     A permanent injunction against Defendant and its partners, officers, owners, agents, successors, employees, and/or representatives, and any and all persons acting in concert with them:

i.     Enjoining the continued operation of the policies and practices challenged herein, including the policy and practice of refusing to engage in an interactive process with or to provide accommodations to pregnant and breastfeeding flight attendants, the policy and practice of prohibiting breast pumping while on duty, and the policy and practice of penalizing pregnancy-related absences under the Dependability Policy;

ii.     Ordering Defendant to adopt and implement policies that will provide for reasonable and effective accommodations for pregnant and breastfeeding flight attendants;

iii.     Ordering Defendant to provide notification to eligible employees of these policies related to accommodations for pregnant and breastfeeding flight attendants;

iv.     Ordering Defendant to implement training to managers and human resources personnel regarding these new pregnancy and breastfeeding accommodations policies;

C.     An Order certifying Plaintiff Classes under Rule 23(a), (b)(3), and (b)(2), or in the alternative under Rule 23(a), (b)(2), and (c)(4) of the Federal Rules of Civil Procedure, appoint Plaintiffs' counsel as Class Counsel, appoint the Named Plaintiffs as Representatives for the

Plaintiff Classes;

       D.     A monetary award of back pay and other economic damages Plaintiffs and Plaintiff Class Members have suffered due to the discriminatory practices challenged herein, as well as any compensatory damages, restitution, penalties, liquidated damages, exemplary damages, punitive damages, and pre-judgment and post-judgment interest as provided by law, that may be owed;

       E.     An Order providing that this Court shall retain jurisdiction of this action until such time as the Court is satisfied that Defendant has remedied the practices complained of herein and are determined to be in full compliance with the law;

       F.     An award of litigation costs and expenses, including, but not limited to, reasonable attorneys' fees and costs, to Plaintiffs; and

       G.     Any additional relief this Court deems just and proper.

**Responding to the "WHEREFORE" paragraph in Plaintiffs' Complaint, Defendant denies Plaintiffs are entitled to any of the relief sought in Plaintiffs' Complaint.**

## JURY DEMAND

Plaintiffs request a jury trial on all matters so triable alleged herein.

**ANSWER:**  **Responding to the "JURY DEMAND" paragraph in Plaintiffs' Complaint, Defendant states that the paragraph states a legal conclusion to which no response is required.**

**Defendant denies all allegations not specifically admitted herein.**

## AFFIRMATIVE AND OTHER DEFENSES

Defendant reserves the right to rely upon the foregoing and following denials, defenses, and defenses to the claims asserted in the Complaint to the extent supported by evidence later developed or facts later learned, without now assuming the burden of proof on any such defense that would otherwise rest on Plaintiffs and with the reservation of its right to amend or supplement

its responses to the Complaint, as well as its defenses, as information is gathered through discovery.

1.      The Complaint fails to allege facts sufficient to state a claim that would support an award of any damages, including compensatory and punitive damages, against Defendant.

2.      Plaintiffs' claims are limited or barred to the extent they fall outside the scope of their Charges of Discrimination.

3.      Plaintiffs' claims are limited or barred to the extent they failed to exhaust their administrative remedies.

4.      Plaintiffs' claims, or certain of them, are subject to statutory caps on damages and any damages awarded must be reduced to the level of the caps.

5.      Plaintiffs were not treated  differently from similarly-situated employees outside of their protected class.

6.      Each and every action taken by Defendant with regard to Plaintiffs' employment was based on legitimate, non-discriminatory factors unrelated to gender, pregnancy, or pregnancy related conditions, including but not limited to bona fide occupational qualifications and bona fide seniority systems.

7.      Plaintiffs' claims are barred because they failed to report any complaints or concerns regarding any alleged gender or pregnancy discrimination to Defendant's management.

8.      Defendant acted at all times in good faith, and Defendant consistently maintained, implemented, and enforced its policies in the workplace against discrimination and otherwise exercised reasonable care to prevent and promptly correct any claims of discrimination to which Plaintiffs claim they were subjected.   Plaintiffs unreasonably failed to take advantage of

preventative and corrective opportunities or to otherwise avoid harm.

9.      Plaintiffs are not entitled to punitive damages because the Complaint and the claims set forth therein fail to plead sufficient facts to support recovery of punitive damages.

10.     Plaintiffs are not entitled to special damages, double damages, liquidated damages, injunctive relief, and/or punitive damages because all actions regarding Plaintiffs were taken in good faith and for legitimate reasons, and without malice, willfulness, reckless indifference to Plaintiffs' protected rights, evil intent, discriminatory intent, or intent to violate any law.

11.     Plaintiffs' claims are barred, in whole or in part, because Defendant would have taken the same actions, irrespective of any alleged impermissible motivating factor(s), for legitimate, non-discriminatory and non-retaliatory reasons.

12.     Plaintiffs lack standing because they do not remain pregnant or breastfeeding and because they have not and cannot demonstrate that they have suffered a redressable injury.

13.     This Court lacks jurisdiction over Plaintiffs' claims, in whole or in part.

14.     Plaintiffs' state law claims are preempted by federal law.

15.     Plaintiffs's claims are time-barred in whole or in part by the applicable statutes of limitations.

16.     Plaintiffs' proposed classes are facially overbroad pursuant to Federal Rule of Civil Procedure 23(d)(1)(D).

17.     Plaintiffs' claims are barred, in whole or in part, to the extent they failed to provide timely notice of the need to take leave or be provided with an accommodation and/or failed to provide Defendant sufficient information that any such leave or accommodation was for a qualifying reason.

18.     Plaintiffs' claims are barred, in whole or in part, because Defendant did not take any adverse action against Plaintiffs.

19.     To the extent any third party, agent, or employee of Defendant engaged in any unlawful conduct, such conduct was committed outside the course and scope of such individual's scope of authority, and was not authorized, adopted, or ratified by Defendant, and/or Defendant did not know nor should it have known of such conduct.

20.     Plaintiffs' claims are barred, in whole or in part, because Defendant neutrally applied the policies at issue.

21.     Plaintiffs claims are barred, in whole or in part, to the extent Plaintiffs failed to seek or request mediation before filing their WANMA claim.

22.     Plaintiffs' claims are barred, in whole or in part, in that the policies and practices at issue in this case were reasonably necessary to the normal operation of Defendant's business.

23.     Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs' pregnancies and/or lactation and/or the accommodations requested related to their pregnancies and/or lactation interfered with their ability to perform their jobs as flight attendants.

24.     Plaintiffs' claims are barred, in whole or in part, to the extent that providing Plaintiffs with the accommodations they requested would have caused Defendant undue hardship.

25.     Plaintiffs' claims are barred, in whole or in part, to the extent that the policies and practices challenged by Plaintiffs were job related and consistent with business necessity.

26.     Plaintiffs' claims are barred, in whole or in part, to the extent that a safety bona fide occupational qualification applies.

27.     Plaintiffs' claims are barred, in whole or in part, to the extent that accommodations

requested by Plaintiffs would have violated a collective bargaining agreement.

28.     Plaintiffs' claims are barred, in whole or in part, to the extent that the accommodations they requested from Defendant were unreasonable.

29.     Plaintiffs' claims are barred, in whole or in part, to the extent that the accommodations they requested from Defendant would have encroached upon or violated a bona fide seniority system and/or merit system.

30.     Plaintiffs' claims are barred, in whole or in part, to the extent that Defendant based the challenged policies and practices on a bona fide seniority system and/or merit system.

31.     Plaintiffs' claims are barred, in whole or in part, in that having bargained for the benefits in their collective bargaining agreement, Plaintiffs cannot now complain that the very same policies they voluntarily agreed to discriminate against them.

32.     Plaintiffs' claims for damages or other relief may be barred or limited by the after-acquired evidence doctrine.

33.     Any acts or omissions by Defendant were not the proximate cause of any injuries allegedly suffered by Plaintiffs.

34.     Plaintiffs' damages, if any, are limited or barred because they are speculative.

35.     If the actions of any third party, agent, or former or current employees of Defendant are found to be wrongful in any way, then those actions cannot be attributed to Defendant, and Defendant is not vicariously liable.

36.     Plaintiffs' state-law claims are barred, in whole or in part, to the extent that Plaintiffs attempt to apply them extra-territorially outside of Colorado.

37.     Plaintiffs' claims fail to the extent they are barred, in whole or in part, by the

doctrines of waiver, equitable estoppel, laches, and/or unclean hands.

38.     To the extent that Plaintiffs have failed to comply with their duties to mitigate their alleged damages, Plaintiffs' damages are barred or limited.

**WHEREFORE**, Defendant Frontier Airlines, Inc. requests that the Court: (1) dismiss Plaintiffs' Complaint and Jury Demand [ECF #1] with prejudice; (2) deny Plaintiffs' demands and prayer for relief; (3) award Defendant its costs and reasonable attorneys' fees incurred in defense of this action; and (4) grant Defendant such other and further relief as the Court deems just and proper.

Respectfully submitted this 18th day of August, 2021.

*s/ Danielle L. Kitson*
Danielle L. Kitson
Carolyn B. Theis
Littler Mendelson P.C.
1900 Sixteenth Street, Suite 800
Denver, CO  80202
Telephone: 303.629.6200
Facsimile:  303.629.0200
Email:  DKitson@littler.com
        catheis@littler.com

*Attorney for Defendant Frontier Airlines, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 18th day of August, 2021, I electronically filed and served

**DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT AND**

**JURY DEMAND** via the CM/ECF system which will serve the following:

Galen L. Sherwin, Esq.
ACLU Women's Rights Project
125 Broad Street, 18th Floor
New York, NY  10004
gsherwin@aclu.org

Mark Silverstein, Esq.
Sara R. Neel, Esq.
American Civil Liberties Union-Denver
303 East 17th Street, Suite 350
Denver, CO  80203
msilverstein@aclu-co.org
sneel@aclu-co.org

Jayme Jonat, Esq.
Karen Sebaski Esq.
Vincent G. Levy, Esq.
Holwell, Shuster & Goldberg, LLP
425 Lexington Avenue, 14th Floor
New York, NY  10017
jjonat@hsgllp.com
ksebaski@hsgllp.com
Vlevy@hsgllp.com

*Attorneys for Plaintiffs*

*s/Arlene Aguilar*
Arlene Aguilar