IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:19-cv-03469-RM-MEH

MELISSA HODGKINS, et al.,

    Plaintiffs,

v.

FRONTIER AIRLINES, INC.,

    Defendant.

**[PROPOSED] AMENDED SCHEDULING ORDER**

**1. APPEARANCES OF COUNSEL**

| For the Plaintiffs: | For the Defendant: |
|---|---|
| Sara R. Neel<br>Mark Silverstein<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF COLORADO<br>303 East 17th Avenue, Suite 350<br>Denver, CO 80203<br>Phone: 720-402-3107<br>Fax: 303-777-1773<br>Email: sneel@aclu-co.org<br>Email: msilverstein@aclu-co.org<br><br>Galen Sherwin<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>WOMEN'S RIGHTS PROJECT<br>125 Broad Street, 18th Floor<br>New York, New York 10004<br>Phone: 212-519-7819<br>Email: gsherwin@aclu.org | Danielle L. Kitson<br>Stephen E. Baumann II<br>Littler Mendelson, P.C.<br>1900 16th Street, Suite 800<br>Denver, CO 80202<br>Telephone: 303.629.6200 |

Vincent Levy
Jayme Jonat
Karen Sebaski
HOLWELL SHUSTER & GOLDBERG LLP
IN COOPERATION WITH THE AMERICAN CIVIL LIBERTIES UNION
425 Lexington Avenue, 14th Floor
New York, NY 10019
Phone: 646-837-5151
Fax: 646-837-5150
Email: vlevy@hsgllp.com
Email: jjonat@hsgllp.com

Juno Turner
TOWARDS JUSTICE
P.O. Box 371680
PMB 44465
Denver, Colorado 80237
Phone: 720-441-2236
Email: juno@towardsjustice.org

## 2. STATEMENT OF JURISDICTION

a. **Plaintiffs:**

The Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case raises claims under Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). The Court also has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has supplemental jurisdiction over Plaintiffs' Colorado state law claims under 28 U.S.C. § 1367, as those claims arise from the same nucleus of operative facts as Plaintiffs' federal statutory claims.

b. **Defendant:**

The Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 for Plaintiffs' Title VII claims, and under 28 U.S.C. § 1367 for all state law claims, that are not preempted under applicable law. Frontier states that the Court does not have jurisdiction pursuant

2

to the Declaratory Judgment Act, 28 U.S.C. § 2201, because the Declaratory Judgment Act "does not create its own substantive cause of action; rather, it is 'remedial only, and is not itself a basis for federal subject matter jurisdiction.'" *Doe v. Coastal Carolina Univ.*, 359 F. Supp. 3d 367, 381 (D.S.C. 2019) (collecting cases and quoting *Volvo GM Heavy Truck Corp. v. United States DOL*, 118 F.3d 205, 210 (4th Cir. 1997)).  Frontier further states that the Court's subject matter jurisdiction with respect to any putative class member or plaintiff joined in this action must be assessed to determine, among other things, such individual's standing to proceed and other justiciability challenges.

### 3.  STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiffs**:

Named Plaintiffs in this case—Melissa Hodgkins, Stacy Rewitzer, Renee Schwartzkopf, and Heather Crowe—are four female flight attendants at Frontier Airlines, with several decades of flying experience between them, who had children and breastfed their babies during their employment with Frontier.  Named Plaintiffs filed this putative class action on behalf of themselves and a class of similarly situated flight attendants. Named Plaintiffs allege that Frontier Airlines unlawfully discriminated against them, and the classes they seek to represent, by penalizing pregnancy-related absences under its "Dependability Policy," by forcing them onto unpaid leave during their pregnancies, failing to provide them with any alternatives that would have enabled them to continue earning an income, and refusing to accommodate their medical needs related to lactation and breastfeeding upon their return to work.  Each of the Plaintiffs has been subject to and harmed by these unlawful policies and practices.

Plaintiffs allege that Frontier's policies and practices related to the treatment of flight attendants who are pregnant or breastfeeding has violated and continues to violate state and federal law, including: Title VII; the Colorado Law on Reasonable Accommodations for Pregnancy, Childbirth, and Related Conditions, Colo. Rev. Stat. Ann. § 24-34-402.3; the Colorado Workplace Accommodations for Nursing Mothers Act, Colo. Rev. Stat. § 13-1-124(1) ("WANMA"); and the Colorado Anti-discrimination Act, Colo. Rev. Stat. § 24-34-401, *et seq*. ("CADA"). They also challenge the Dependability Policy to which they are subject, bringing claims under Title VII and CADA, as well as under the Family and Medical Leave Act, 5 U.S.C. § 6381, *et seq*. ("the FMLA"). They seek declaratory and injunctive relief and monetary damages to redress the effects of Frontier's systemic, pervasive and discriminatory employment policies and practices.

      b.    **Defendant**:

Plaintiffs in this Title VII action are four flight attendants who assert, on behalf of themselves an all others similarly situated under Rule 23, that Frontier discriminated against them and failed to accommodate their medical needs related to pregnancy and lactation. Among other things, they claim that Frontier should have provided them with paid medical leave – even though no applicable law requires it. They further assert that the job-protected unpaid leave provided by Frontier was insufficient – even though the amount of leave granted was well in excess of what any applicable law requires.

Plaintiffs' 67-page Complaint, laced with inflammatory rhetoric and legal conclusion, is largely devoid of substance. The vast majority of the actions that Plaintiffs challenge are long time-barred, some extending as far back as 2013. Plaintiffs' Colorado statutory claims are preempted by federal law occupying the fields of aviation safety and air transportation services.

4

Further, most of Plaintiffs' remaining causes of action fail to state a claim upon which relief can be granted.

For its defenses, Frontier asserts that Plaintiffs' Complaint fails to state a claim upon which relief may be granted as will be argued in its forthcoming motion to dismiss. Plaintiffs' claims further fail because Plaintiffs did not timely exhaust their administrative remedies. Plaintiffs' claims are additionally barred, in whole or in part, by the applicable statutes of limitations. Moreover, Plaintiffs' state law claims are preempted by federal law. Plaintiffs' WANMA claim fails to the extent it is based on extraterritorial application.

As additional defenses, without limitation, Frontier will assert that Plaintiffs had a duty to mitigate any damages, and that any failure on their part to do so limits or eliminates any right to recovery. Plaintiffs' claims are subject to statutory caps or other limitations on remedies, and any damages awarded must be reduced to the level of the caps or pursuant to other limitations.

Further, the challenged policies applied by Frontier, largely contained within a collectively bargained agreement with Plaintiffs' union, do not result in a disparate impact on protected classes. In any event, there is no alternative policy that exists that would serve Frontier's legitimate goals with less discriminatory effect than the challenged policies. Some or all of the challenged policies are based on bona fide occupational qualifications. The challenged policies and practices are job related and consistent with business necessity.

Frontier will establish that its actions were at all times taken without malice, and without reckless indifference to Plaintiffs' federally protected rights. All actions taken by Frontier were taken in good faith, and were based on legitimate, non-discriminatory reasons. Frontier at all times

has made good faith attempts to comply with the law, including but not limited to, by adopting policies and procedures designed to prevent unlawful discrimination.

Additionally, Plaintiffs' request for declaratory relief fails because no administratively exhausted substantial controversy of sufficient immediacy exists between the parties now, on a going forward basis. A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply proclaim liability from a past act. Plaintiffs here seek a declaration based entirely on past acts.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Defendant Frontier Airlines, Inc. is a Colorado corporation with a principal place of business located in Denver, Colorado.

2. Named Plaintiffs are all currently employed as flight attendants for Frontier.

3. The terms and conditions of Plaintiffs' employment with Frontier were governed by the applicable collective bargaining agreement with the Association of Flight Attendants as that agreement changed from time to time during Plaintiffs' employment.

4. Further undisputed facts may be determined upon Frontier's filing of an Answer, or in the course of discovery and filing of any dispositive motions.

### 5. COMPUTATION OF DAMAGES

**Plaintiff:**

Plaintiffs seek economic and non-economic damages, including compensatory damages, restitution, penalties, liquidated damages, exemplary damages, punitive damages, and pre-judgment and post-judgment interest, as provided by law, on behalf of both themselves

individually and on behalf of the class they seek to represent. A more precise computation of Plaintiffs' damages, to the extent Plaintiffs' damages are subject to such computation, will be provided during the normal course of discovery and will be determined by a jury in its sound discretion following a presentation of the evidence at trial in this matter. Damages for emotional distress are not susceptible to the type of calculation contemplated by Rule 26(a)(1). "[C]ompensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury." *Williams v. Trader Pub. Co.*, 218 F.3d 481, 487 n.3 (5th Cir. 2000). Plaintiffs also seek attorney's fees and costs under federal and Colorado law.

**Defendant:** Frontier does not seek any affirmative damages, but reserves the right to seek its attorneys' fees and costs.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. **Date of Rule 26(f) meeting.**

October 22, 2020.

b. **Names of each participant and party he/she represented.**

Galen Sherwin and Jayme Jonat for Plaintiffs.

Danielle L. Kitson and Stephen E. Baumann II for Defendant.

c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

November 19, 2020

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

The parties will exchange initial disclosures on or before November 19, 2020.

e. **Statement concerning any agreements to conduct informal discovery.**

7

None.

    **f.**    **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

Counsel for the parties have agreed to work together to resolve discovery disputes as they may arise. Counsel for the parties will agree on a unified exhibit numbering system. The parties have agreed to make all productions electronically wherever possible. The parties will confer and enter an ESI protocol at least four weeks prior to the first deadline for production of documents.

    **g.**    **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties do not anticipate that this case will involve extensive electronically stored information. The parties will discuss the most efficient means for exchanging electronically stored information.

    **h.**    **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have participated in four settlement conferences conducted by Judge Hegarty, on May 14, 2020, June 4, 2020, July 21, 2020, and September 24, 2020, in an attempt to reach a mutually acceptable resolution with respect to this action. The parties continue to discuss the possibility of resolution.

### 7. CONSENT

All parties **have not** consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

As directed by the Court at the parties' Scheduling Conference, discovery will proceed in two phases.  In the first phase, the parties will conduct discovery only regarding Plaintiffs' individual claims and discovery necessary to support or oppose class certification pursuant to Fed. R. Civ. P. 23 ("**Phase One Discovery**"). Any remaining discovery, such as expert and fact discovery about the individual facts and circumstances of any absent class members (beyond the facts and circumstances relevant to class certification, such as those necessary to address commonality, typicality, or predominance pursuant to Fed. R. Civ. P. 23) ("**Phase Two Discovery**"), will be deferred until after the Court's ruling on class certification.

   a.   **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

Phase One Discovery:  Limit of 10 depositions and 25 interrogatories per side.

Phase Two Discovery:  Limit of 25 interrogatories per side.  Deposition limits to be determined by the parties and the Court after the size of the class has been determined, if a class is certified.

   b.   **Limitations which any party proposes on the length of depositions.**

None beyond the presumptive limits contained in the Federal Rules.

   c.   **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

Phase One Discovery:  25 requests for production, and 25 requests for admission per side.

Phase Two Discovery:  25 requests for production, and 25 requests for admission per side.

   d.   **Other Planning or Discovery Orders**

The parties proposed and the Court has entered a Protective Order in this case.

## 9. CASE PLAN AND SCHEDULE

a. **Deadline for Joinder of Parties and Amendment of Pleadings:**

December 21, 2020.

b. **Discovery Cut-off:**

<u>Defendant:</u>

<u>Opening of Phase One Discovery</u>: November 19, 2020

<u>Substantially Complete Production</u>: September 27, 2021, or 60 days after Court's decision on Motion to Compel, whichever is later

<u>Phase One Fact Discovery Cutoff</u>: November 24, 2021, or 60 days after substantial completion, whichever is later

<u>Phase One Expert Discovery Cutoff</u>: January 24, 2022, or 60 days after Phase One Fact Discovery Cut-off, whichever is later

<u>Opening of Phase Two Discovery</u>: Upon the Court's ruling on Plaintiffs' motion for class certification.

<u>Phase Two Discovery Cutoff</u>: Six months after the Court's ruling on Plaintiffs' motion for class certification, including final resolution of any appeals.

c. **Motion Deadlines:**

Motions for class certification to be filed on or before February 23, 2022, or 30 days after Phase One Expert Discovery Cut-off, whichever is later.

Dispositive motions as to the named Plaintiffs to be filed on or before February 23, 2022, or 30 days after Phase One Expert Discovery Cut-off, whichever is later.

Dispositive motions as to absent class members to be filed within 30 days following the close of Phase Two Discovery.

**d.     Expert Witness Disclosure**

    **1.     The parties shall identify anticipated fields of expert testimony, if any.**

At this time, both sides anticipate possibly using expert witnesses in connection with Plaintiffs' motion for class certification, and/or in the fields of lactation, airline safety, company policies and practices, labor negotiations, and statistical analyses and damages.

    **2.     Limitations which the parties propose on the use or number of expert witnesses.**

The parties do not anticipate any more than three experts per side for the class certification phase, and no more than three experts per side for the merits phase, but each party reserves its right to identify additional experts should the need arise.

    **3.     The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

        30 days after Phase One Fact Discovery Cutoff, for all experts designated to testify with respect to class certification issues, and sixty (60) days prior to the Phase Two Discovery Cutoff for all other experts.

    **4.     The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

        30 days after expert witness disclosures, for all experts designated to testify with respect to class certification issues, and sixty (60) days prior to the Phase Two Discovery Cutoff for all other experts.

    e.    **Identification of Persons to Be Deposed:**

The parties have not yet exchanged discovery and therefore are not able to identify the particular persons to be deposed.

    f.    **Deadline for Interrogatories:**

Forty-five (45) days before the applicable Phase One and Phase Two Discovery cutoffs.

    g.    **Deadline for Requests for Production of Documents and/or Admissions:**

Forty-five (45) days before the applicable Phase One and Phase Two Discovery cutoffs.

### 10. DATES FOR FURTHER CONFERENCES

    a.    Status conferences will be held in this case at the following dates and times:

        _____.

    b.    A final pretrial conference will be held in this case on _____ at o'clock _____ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven days before the final pretrial conference.

### 11. OTHER SCHEDULING MATTERS

    a.    **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

12

That parties have agreed that Frontier will file its answer or other response to Plaintiffs' Complaint on or before **November 19, 2020**. The parties will also discuss an appropriate protective order.

      **b.**    **Anticipated length of trial and whether trial is to the court or jury.**

Plaintiff has demanded a trial by jury on all issues so triable. Frontier anticipates trial will last one week if no class is certified, and two weeks if tried as a class action.

      **c.**    **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. District Court, LaPlata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

This Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of September, 2021.

BY THE COURT:

_____
United States Magistrate Judge Michael E. Hegarty