# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| MELISSA HODGKINS, STACY REWITZER, RENEE SCHWARTZKOPF, and HEATHER CROWE, on behalf of themselves, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>FRONTIER AIRLINES, INC.,<br><br>Defendant. | No. 19 Civ. 03469-RM-MEH |

**PLAINTIFFS' SECOND SET OF DOCUMENT REQUESTS TO FRONTIER**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs, by and through their undersigned counsel, hereby request that Defendant Frontier Airlines, Inc. ("Frontier") produce the documents in its possession, custody, or control that are responsive to the requests set forth below (the "Requests") within thirty days of service at the offices of Holwell Shuster & Goldberg LLP, 425 Lexington Avenue, New York, New York, 10017.

**DEFINITIONS AND INSTRUCTIONS**

1.      "Accommodation" means to take account of a medical condition, illness, on- or off-the-job injury or impairment, disability (temporary or permanent), loss of medical clearance, or other circumstance that renders a flight attendant unable to fly without such accommodation, including but not limited to by modifying work duties or schedules, temporarily reassigning to a less strenuous or hazardous position or to a non-flying position, permitting more frequent or longer breaks, providing assistance with job duties, and/or granting leave.

2.    "<u>Action</u>" means the above-captioned civil action pending in the United States District Court for the District of Colorado.

3.    "<u>And</u>" and "<u>or</u>" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all information that might otherwise be construed to be outside of their scope.

4.    "<u>Any</u>," "<u>all</u>," and "<u>each</u>" shall be construed broadly, and each shall mean each, any, and all as necessary to bring within the scope of the Requests all information that otherwise could be construed to be outside of their scope.

5.    "<u>Concerning</u>" means comprising, consisting of, concerning, referring to, reflecting, regarding, supporting, evidencing, relating to, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually concerned with the matter described, referred to, or discussed.

6.    "<u>Document</u>" is used in its broadest sense and means any written, typed, printed, electronic, recorded, or graphic matter of any kind, however produced or reproduced, and all non-identical copies thereof, whether different because of notes made thereon or otherwise, including, but not limited to, and by way of example only: letters or other correspondence, messages, emails, facsimiles, memoranda, notations, reports, analyses, summaries, charts, graphs, studies, tabulations, statements, notes, notebooks, work papers, telephone records, invoices, books, pamphlets, brochures, press releases, diaries, minutes of meetings or conferences, transcripts of telephone conversations, transcripts of testimony, cost sheets, financial reports, accountants' work papers, opinions or reports of consultants, checks (front and back), check stubs, receipts, ledgers, purchase orders, pictures, photographs, contracts, agreements, advertisements, motion picture films, tapes, tape recordings, videotapes, indices,

microfilm, voice-mails, instant messages, or other memory units containing such data from which information can be obtained or translated into usable form, drafts of any of the foregoing, and all similar documents. A draft or non-identical copy is a separate Document within the meaning of this term.

7.      "Named Plaintiffs" means, collectively, Melissa Hodgkins, Stacy Rewitzer, Renee Schwartzkopf, and Heather Crowe; individually, each a "Named Plaintiff."

8.      "Person" means any natural person or any legal entity, regardless of form (e.g., corporation, partnership, LLC), including, without limitation, any business or governmental entity or association.  Each reference to a natural person shall be deemed to include that person's agents, attorneys, and any other Person(s) who acted or purported to act on that person's behalf.

9.      "Promotion" means the advancement of an employee to a position that commands a higher rate of pay, higher level of responsibility, and/or higher level of authority.

10.     The singular form of a word shall be construed as the plural and the plural as the singular, as necessary, to bring within the scope of these Requests all information which may otherwise be considered to be beyond their scope.

11.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses, as necessary, to bring within the scope of these Requests all information which might otherwise be considered to be beyond their scope.

12.     When Documents, data, knowledge or information in Frontier's possession, custody or control are requested, such Requests include the Documents, data, knowledge and information in the possession, custody or control of Frontier's attorneys,

accountants, agents, representatives and experts, and any professional or Person retained by Frontier.

13.     The Documents responsive to these Requests shall be produced as they have been kept in the usual course of business or shall be organized and labeled to correspond with the enumerated categories in these Requests, but in either event shall be produced in a manner so as to indicate the file from which they were produced.

14.     Electronic Documents should be produced in their native format.

15.     <u>Continuing Request</u>. These Requests are continuing. If, after producing the requested Documents, Frontier obtains or becomes aware of further Documents responsive to these Requests, Frontier is required to produce such additional Documents.

16.     <u>Privileged Matter</u>. In the event any Document is withheld, whether in whole or in part, on the basis of any privilege, Frontier shall produce as much of the Document concerned as to which no claim of privilege is made. With respect to Documents or portions of Documents for which a claim of privilege is made, state the following:

> a) The date of the Document;
>
> b) The general character type of Document (*i.e.*, letter, memorandum, notes of meeting, etc.);
>
> c) The identity of the Person in possession of the Document;
>
> d) The identity of the author of the Document;
>
> e) The identity of the original recipient(s), including any copied recipient(s) (indicated or blind) or holder(s) of the Document;
>
> f) The relationship of the author, addressee, and any other recipient;
>
> g) The general subject matter of the Document; and
>
> h) The legal basis, including each basis upon which the Document, or any part, has been withheld.

17.   <u>Lost or Destroyed Documents</u>. If any Document responsive to these Requests was at one time in existence, but was subsequently lost, discarded, or destroyed, identify such Document as completely as possible, including the following information: (a) contents; (b) author(s); (c) recipient(s); (d) sender(s); (e) copied recipient(s) (indicated or blind); (f) date prepared or received; (g) date of destruction or disposal; (h) manner of disposition; (i) Person(s) currently in possession of the Document; (j) Person(s) who participated in, or were involved in, the decision to destroy or dispose of such Document; (k) any Document retention or destruction policy under which such Document was destroyed or disposed of and any and all Persons who participated in, or were involved in, the formulation of any such policy; and (l) the reason for the destruction or disposition of such Document.

18.   <u>Partial Production</u>. If any Document responsive to these Requests cannot be produced in full, produce such Document to the extent possible, stating the reasons for Frontier's inability to produce the remainder, and stating whatever information, knowledge, or belief that Frontier has concerning the unproduced portion.

19.   <u>Time Period.</u> The time period covered by these Requests, unless indicated otherwise in a specific request, is from and including January 1, 2013 through Dec. 31, 2020.

20.   These Requests should be interpreted broadly, so as to include all documents that could be responsive to these Requests.

21.   If Frontier should learn that any response to these Requests was inaccurate or misleading, Frontier shall amend its response promptly after learning such information so as to cure any such inaccuracy or misleading nature.

## DOCUMENT REQUESTS

22.     For each request by a flight attendant to have points removed that were assigned under the Dependability Policy as described by the Employee Handbook, identified in response to Interrogatory No. 20, all Documents Concerning each such request.

23.     For each flight attendant identified in response to Interrogatory No. 21, all Documents Concerning each such absence, tardiness, or missed trip and the reason(s) that no points were assigned pursuant to the Dependability Policy as contained in the Employee Handbook and/or the Collective Bargaining Agreement in effect at the time, including documents sufficient to show any internal data or codes associated with such reason(s) maintained by Frontier in the ordinary course of business.

24.     For each flight attendant identified in response to Interrogatory No. 23, Documents sufficient to show the date of hire of each flight attendant who applied for or was selected for a supervisory, management, or training position during the Time Period, whether the flight attendant was offered the position applied for, and any internal data or codes maintained by Frontier in the ordinary course of business associated with the reason(s) that the flight attendant either was offered or not offered the position applied for.

25.     Documents sufficient to show organizational or management structure, including but not limited to organizational charts.


Dated: New York, New York

     August 2, 2021


                    By: _____/s/ Sara Neel_____

                    Sara R. Neel
                    Mark Silverstein

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF COLORADO
303 East 17th Avenue, Suite 350
Denver, CO 80203
Phone: 720-402-3107
Fax: 303-777-1773
Email: sneel@aclu-co.org
Email: msilverstein@aclu-co.org


Galen Sherwin
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
WOMEN'S RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, New York 10004
Phone: 212-519-7819
Email: gsherwin@alcu.org


Vincent Levy
Jayme Jonat
Karen Sebaski
HOLWELL SHUSTER & GOLDBERG LLP
IN COOPERATION WITH THE
AMERICAN CIVIL LIBERTIES UNION
425 Lexington Avenue, 14th Floor
New York, New York 10017
Phone: 646-837-5151
Fax: 646-837-5150
Email: vlevy@hsgllp.com
Email: jjonat@hsgllp.com
Email: ksebaski@hsgllp.com


Juno Turner
TOWARDS JUSTICE
1410 High Street, Suite 300
Denver, CO 80219
Email: juno@towardsjustice.org


*Attorneys for Plaintiffs*