# EXHIBIT F

## RE: Frontier Meet and Confer

Kitson, Danielle L. <DKitson@littler.com>
Mon 8/30/2021 5:12 PM

To: Jayme Jonat <jjonat@hsgllp.com>

Cc: Theis, Carolyn <CaTheis@littler.com>; Galen Sherwin <gsherwin@aclu.org>; Juno Turner <juno@towardsjustice.org>; Sara Neel <sneel@aclu-co.org>; Karen A. Sebaski <ksebaski@hsgllp.com>

Hi Jayme, I've included our responses below, thanks.

Danielle

**Danielle L. Kitson**
Shareholder
303.362.2872 direct, 303.910.1384 mobile, 303.362.5608 fax
DKitson@littler.com

Pronouns: She/Her



Labor & Employment Law Solutions | Local Everywhere
1900 Sixteenth Street, Suite 800, Denver, CO 80202-5835

**From:** Jayme Jonat <jjonat@hsgllp.com>
**Sent:** Tuesday, August 17, 2021 4:31 PM
**To:** Kitson, Danielle L. <DKitson@littler.com>
**Cc:** Theis, Carolyn <CaTheis@littler.com>; Galen Sherwin (gsherwin@aclu.org) <gsherwin@aclu.org>; Juno Turner <juno@towardsjustice.org>; Sara Neel <sneel@aclu-co.org>; Karen A. Sebaski <ksebaski@hsgllp.com>
**Subject:** Frontier Meet and Confer

Danielle,

I'm writing to memorialize our meet and confer last week. As to the comparator data, here is our understanding:

- For purposes of Plaintiffs' requests, with the exception of requests number 9 for pilots and flight attendants (see "Requests for Accommodations" bullet below), Frontier is defining the "relevant comparator universe" as those who sought accommodations for reasons related to their own medical or physical limitations. Please confirm. Plaintiffs continue to dispute this definition and reserve all rights, but for ease of reference for purposes of this negotiation, will refer to that group as the "relevant comparator universe" below.

*Frontier is defining the relevant comparator universe as pilots/flight attendants similar to the plaintiffs in their ability or inability to work; here, for purposes of discovery only, Frontier would agree to define the comparator universe as those pilots/flight attendants who had their own*

*physical restrictions or limitations, of any kind, that prevented them from working without accommodation (including, but not limited to, leaves of absence).*

- Payroll records, W2 forms, pay grades, credit hours, dates of hire, and separation/termination (dates and reasons)
    - For both the pilots and the flight attendants, this data is stored in Ultipro/UltiproUKG.

*This is not quite correct.  The W-2 Forms are not "stored" in Ultipro/UlitproUKG, but on separate CD.  Certain payroll <u>data</u>, however, is stored in Ultipro/UlitproUKG.  Information regarding pay grades, credit hours, dates of hire, and dates and reasons for separation/termination are stored in Ultipro/UlitproUKG as well.*

- - Following the status conference with Judge Hegarty, in meet and confer discussions, Frontier expressed willingness to discuss provision of the requested data for a percentage of flight attendants and pilots outside of the "comparator universe" as defined by Frontier.

*As you may recall from the conference with Judge Hegarty, I expressed that Frontier disputes (and has always disputed) the <u>relevance</u> of information outside of the comparator universe as defined above, and we will want to brief that issue as we have in Freyer.  Our discussions regarding random sampling were about proportionality, which is separate.  We are still assessing proportionality in light of the massive number of documents that were recently transferred from Frontier's leave of absence database vendors, and I am working toward having total document counts for the relevant comparator universe as defined above.*

- - On our conferral call, you clarified Frontier is now only willing to provide this data in both the <u>Freyer</u> and <u>Hodgkins</u> cases for what it has defined as the "relevant comparator universe."

*See above.*

- - For <u>Hodgkins</u>, please confirm whether Frontier is still willing to negotiate a percentage for purposes of obtaining a random sample.  Frontier had previously offered 5% (see July 12, 2021 Statement to Judge Hegarty at 3, identifying the 5% discussed on our July 1st conferral call).  We would agree to 10%.  Please confirm your position.

*If the document count for the relevant comparator universe as defined above is unduly burdensome, then we are happy to discuss alternative approaches, including random sampling.*

- Disciplinary actions/dependability points
    - For the pilots, you will assess the burden of producing the formal files of all pilots in what Frontier defines as the "relevant comparator universe" that have been disciplined for the last 12 months (36 month months for serious offenses).  You are then willing to negotiate search terms that can be run on certain employees' email for additional responsive documents.

*Correct.*

- - For the flight attendants, you will assess the burden of producing the p-tracker data/underlying documentation for what Frontier defines as the "relevant comparator

universe."

*Correct.*

- Please articulate your reasons for limiting the data in this way given that plaintiffs have asserted claims related to discipline that are not based on failure to accommodate.

*I'm unclear as to what you mean here.  Can you elaborate?*

- For the flight attendants, please also confirm whether Frontier is still willing to negotiate a percentage for purposes of obtaining a random sample of those awarded points under the dependability policy.  Frontier had previously offered 5% (see July 12, 2021 Statement to Judge Hegarty at 3, identifying the 5% discussed on our July 1st conferral call).  We would agree to 10%.

*See above.*

- Promotions
  - For the pilots, you are <u>not</u> willing to produce data relating to first officers who have applied to captain positions.

*As we've discussed, pilots do not "apply" for "promotions."  In any event, you are correct that Frontier is objecting to the request as irrelevant and not proportional to the needs of the case.*

  - For the flight attendants, we are waiting on your responses and objections to our request.

*We served those today – like the pilots, I believe that we are at an impasse.*

- Requests for Accommodations
  - For both the pilots and the flight attendants, in response to requests number 9, you agree to produce all personnel records for <u>any</u> pilot or flight attendant who requested any type of accommodation for any reason, including for reasons other than their own physical or medical limitations (e.g. religious reasons).

*Correct.*

- Leaves of Absence
  - For both the pilots and the flight attendants, you agree to produce the extracted data from MicroNiche/AbsenceSoft for the "relevant comparator universe."  You will consider assessing the feasibility and burden of producing the underlying documentation associated with that data.

*Correct as the comparator universe is defined above.*

  - For Hodgkins, please confirm whether Frontier is still willing to negotiate a percentage for purposes of obtaining a random sample of those outside of what Frontier defines as "the relevant comparator universe."  Frontier had previously offered 5% (see July 12, 2021 Statement to Judge Hegarty at 3, identifying the 5% discussed on our July 1st conferral call).  We would agree to 10%.

*See above.*

- For <u>Freyer,</u> please confirm your current position with regard to the proposal to use a random sample.

*See above.*

Please note that for a number of these requests relating to the possibility of obtaining a random sample outside of what Frontier defines as the "relevant comparator universe," Plaintiffs had previously agreed to adjourn the scheduled discovery conference with Judge Hegarty based on Frontier's previous offer to negotiate over the appropriate percentage for such a sample. If Frontier is no longer amenable to such a proposal, we would seek to get the previously-adjourned discovery conference back on the judge's calendar.

Thanks,
Jayme

Jayme Jonat
Holwell Shuster & Goldberg LLP
425 Lexington Avenue
New York, New York 10017
(646) 837-8455 (office)
(516) 567-6562 (mobile)
(646) 837-8602 (fax)
www.hsgllp.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.