IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-03468-CMA-SKC

RANDI FREYER,
BRANDY BECK,
ERIN ZIELINSKI, and
SHANNON KIEDROWSKI,

 Plaintiffs,

v.

FRONTIER AIRLINES, INC.,

 Defendant.

---

**ORDER GRANTING MOTION TO CONSOLIDATE CASES**

---

 This matter is before the Court on Plaintiff's Motion to Consolidate Cases. (Doc. # 75). In these twin actions, pilots and flight attendants (in *Freyer* and *Hodgkins*, respectively) challenge Frontier Airlines' alleged discrimination against and refusal to accommodate pregnancy and lactation. The determination whether to consolidate cases is governed by Rule 42(a) of the Federal Rules of Civil Procedure, which provides, in pertinent part:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

Rule 42(a) allows the Court "to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 Charles Alan Wright, et al., *Fed. Prac. & Proc.* § 2381 at 427 (2d ed. 1995)). The decision whether to consolidate cases is committed to this Court's sound discretion. *Adams v. Veolia Transp.*, No. 11-cv-02491-PAB-KMT, 2012 WL 171470, at *1 (D. Colo. Jan. 20, 2012) (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)).

Although Defendant objects to consolidation on the basis that one case involves pilots and the other case involves flight attendants and different policies apply to each set of plaintiffs, the Court finds that consolidation is appropriate because common questions of law and fact predominate in these two cases such that consolidation is appropriate and efficacious.

THEREFORE, IT IS ORDERED as follows:

1. Plaintiff's Motion to Consolidate (Case No. 19-cv-03468-CMA-SKC, Doc. # 75) is GRANTED but the cases will not be merged.

2. Case No. 19-cv-03469-RM-MEH, currently pending before Judge Raymond P. Moore, is hereby consolidated into the instant case for pretrial proceedings pursuant to Federal Rule of Civil Procedure 42(a) and D.C.COLO.LCivR 42.1.

3. Civil Action No. 19-cv-03468-CMA-SKC is REASSIGNED to Magistrate Judge Michael E. Hegarty.

4. The Court will determine, at a later date, whether the cases should be tried together;

5. The Court is aware that Magistrate Judge Hegarty has conducted extensive settlement conferences in Civil Action No. 19-cv-03469-RM-MEH and is very familiar with the facts and issues in the case. The parties also apparently agreed to attempt to mediate both cases together. (Doc. # 82, p. 5; Doc. # 90, p. 3, n.1). Thus, the Court finds that it is appropriate and efficacious for any future settlement conferences in the consolidated cases to be handled by Judge Hegarty;

6. All future documents in these consolidated actions shall be filed in the lowest numbered case only and shall be captioned as follows:

Civil Action No. 19-cv-3468-CMA-MEH
(Consolidated with Civil Action No. 19-cv-03469-CMA-MEH)

In re FRONTIER AIRLINES LITIGATION

DATED: September 30, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge